B1 (Official Form 1) (4/13)

| United States Bankruptcy Court<br>District of Delaware | **Voluntary Petition** |
|---|---|

| Name of Debtor:<br>**SIGNAL INTERNATIONAL, INC.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):  **26-1564248** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City and State):<br>**RSA Battle House Tower**<br>**11 North Water Street**<br>**Mobile, Alabama  36602** | Street Address of Debtor (No. and Street, City and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:  **Mobile County** | County of Residence or of the Principal Place of Business: |
| Mailing address of Debtor (if different from street address): | Mailing address of Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ☐ Chapter 7          ☐ Chapter 15 Petition for<br>☐ Chapter 9              Recognition of a Foreign<br>■ Chapter 11            Main Proceeding<br>☐ Chapter 12<br>☐ Chapter 13          ☐ Chapter 15 Petition for<br>                             Recognition of a Foreign<br>                             Nonmain Proceeding |
| **Chapter 15 Debtors**<br>Country of Debtor's main interests:<br><br>Each country in which a foreign proceeding by,<br>regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br><br>☐ Debts are primarily consumer      ■ Debts are<br>debts, defined in 11 U.S.C.              primarily<br>§ 101(8) as "incurred by an             business debts.<br>individual primarily for a<br>personal, family, or household<br>purpose." |

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors**<br>**Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment<br>on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|
| ■ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | |

| **Statistical/Administrative Information** | THIS SPACE IS<br>FOR COURT USE<br>ONLY |
|---|---|
| ■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B 1 (Official Form 1) (4/13)                                                                                                                                                                                **Page 2**

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **SIGNAL INTERNATIONAL, INC.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: **NONE.** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: **SEE ATTACHED SCHEDULE 1** | Case Number: | Date Filed: |
| District: **DELAWARE** | Relationship: **AFFILIATES** | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s) (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding in a federal or state court in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B 1 (Official Form 1) (4/13) | Page 3 |
|---|---|
| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** SIGNAL INTERNATIONAL, INC. |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

_____
Signature of Debtor

_____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

*/s/ signed/*
Signature of Attorney for Debtor(s)

M. Blake Cleary (No. 3614)
Printed Name of Attorney for Debtor(s)

Young Conaway Stargatt & Taylor, LLP
Firm Name

Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Address

(302) 571-6600
Telephone Number

July 12, 2015
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

*/s/ signed/*
Signature of Authorized Individual

Christopher S. Cunningham
Printed Name of Authorized Individual

Chief Financial Officer
Title of Authorized Individual

July 12, 2015
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Schedule 1 to Chapter 11 Petition**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. A motion will be filed contemporaneously herewith requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of Signal International, Inc.

1. Signal International, Inc.
2. Signal Ship Repair, LLC
3. Signal International, LLC
4. Signal International Texas GP, LLC
5. Signal International Texas, L.P.

# RESOLUTIONS OF THE
# BOARD OF DIRECTORS OF
# SIGNAL INTERNATIONAL, INC.

### June 24, 2015

The undersigned hereby certifies (i) that he is a duly elected and serving officer of Signal International, Inc., a Delaware corporation (the "**Corporation**"), (ii) that the following resolutions were adopted by the Board of Directors of the Corporation (the "**Board**") at a meeting duly called and held at 10:30 CST on Wednesday, June 24, 2015 at the offices of the Corporation at RSA Battle House Tower, 11 North Water Street, Suite 16250, Mobile, AL 36602, at which all members of the Board were present in person or by conference telephone and participated in person and (iii) that such resolutions have not been modified, amended or rescinded and remain in full force and effect on the date hereof:

WHEREAS, Signal Ship Repair, LLC, Signal International, LLC, Signal International Texas GP, LLC, and Signal International Texas, L.P. are wholly owned subsidiaries of the Corporation (the "**Subsidiaries**"); and

WHEREAS, the Board has reviewed and considered the financial and operational condition of the Corporation and its Subsidiaries, including the existing assets of the Corporation and its Subsidiaries, and the current and long-term liabilities of the Corporation and its Subsidiaries, as well as the current liquidity situation of the Corporation and its Subsidiaries; and

WHEREAS, the Board has had the opportunity to consult with management and the advisors of the Corporation and has fully considered each of the strategic alternatives available to it; and

WHEREAS, the Board has received, reviewed and considered the recommendations of the senior management of the Corporation and the Corporation's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**").

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of the Board, it is desirable and in the best interest of each of the Corporation and its Subsidiaries that the Corporation and its Subsidiaries file or cause to be filed voluntary petitions (the "**Chapter 11 Petitions**") seeking relief under the provisions of Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") and the filing of such petitions are hereby authorized; and it is further

RESOLVED, that the Board and any officers of the Corporation and its Subsidiaries, including, without limitation, the Chief Executive Officer and the Chief Financial Officer of the Corporation (collectively, the "**Authorized Officers**"), be, and each hereby is, authorized and empowered, on behalf of and in the name of the Corporation and its Subsidiaries, to execute and

verify petitions in the name of the Corporation and its Subsidiaries under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") in such form and at such time as the Authorized Officer(s) executing said petition on behalf of the Corporation and its Subsidiaries shall determine; and it is further

RESOLVED, that the Authorized Officers, or any of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Corporation and its Subsidiaries, to execute, verify and/or file, or cause to be executed, verified and/or filed (or direct others to do so on behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, plans of reorganization, disclosure statements, lists, applications, pleadings and other papers, and in that connection to utilize all assistance by legal counsel, accountants or other professionals, and to take any and all action which they deem necessary and proper in connection with the Chapter 11 Cases, with a view to the successful prosecution of such cases; and it is further

RESOLVED, that the Authorized Officers, or any one of them, be, and each hereby is, authorized and directed, to the extent necessary, to cause the Corporation and its Subsidiaries to obtain and/or guarantee post-petition financing and/or use of cash collateral according to the terms negotiated, or to be negotiated, by the management of the Corporation or otherwise approved by the Bankruptcy Court; and the Corporation and its Subsidiaries are hereby authorized and directed to take all actions necessary in connection therewith, including, without limitation (i) the use of cash collateral and the incurrence of debtor in possession financing in such amounts and on such terms as the Authorized Officers deem necessary or advisable (collectively, the "**DIP Financing**"), (ii) the execution and delivery of any documents to evidence the DIP Financing, including, without limitation, all term sheets, credit agreements and notes, (iii) the incurrence and payment of fees, (iv) the execution and delivery of real property and personal property (including intellectual property) security agreements (and amendments, supplements and/or modifications thereto, as appropriate), (v) the granting of liens on and/or security interests in any and all assets of the Corporation, (vi) the authorization of filing and/or recording, as applicable, of financing statements, agreements, mortgages or any other documents evidencing and/or perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages or other documents, and (vii) the execution and delivery of deposit, securities and/or other account control agreements (and amendments, supplements and/or other modifications thereto, as appropriate), and the Authorized Officers are hereby authorized and directed to execute any appropriate agreements and related ancillary documents on behalf of the Corporation and its Subsidiaries in connection with the foregoing; and it is further

RESOLVED, that the Authorized Officers be, and each hereby is, authorized to execute and file (or direct others to do so on behalf of the Corporation and its Subsidiaries as provided herein) all necessary documents relating to the sale of all or substantially all of the assets of the Corporation and its Subsidiaries, including, but not limited to, filing a purchase and sale

2

agreement, conducting an auction with respect to all or substantially all of the assets of the Corporation and the Subsidiaries, and performing any other action necessary for such sale pursuant to a 363 sale or plan of reorganization; and it is further

RESOLVED, that the law firm of Young Conaway Stargatt & Taylor, LLP be, and hereby is, employed under general retainer as bankruptcy counsel for the Corporation and its Subsidiaries in the Chapter 11 Cases, and the Authorized Officers of the Corporation and its Subsidiaries are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor, LLP; and it is further

RESOLVED, that the law firm of Hogan Lovells US LLP be, and hereby is, employed under general retainer as general corporate counsel for the Corporation and its Subsidiaries in the Chapter 11 Cases, and the Authorized Officers of the Corporation and Subsidiaries are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of Hogan Lovells US LLP; and it is further

RESOLVED, that GGG Partners, LLC be, and hereby is, employed under general retainer as financial and restructuring advisors to the Corporation and its Subsidiaries in the Chapter 11 Cases, and the Authorized Officers of the Corporation and its Subsidiaries are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of GGG Partners, LLC; and it is further

RESOLVED, that SSG Capital Advisors, LLC be, and hereby is, employed under general retainer for the purpose of providing services to the Corporation and its Subsidiaries in connection with the sale of the assets of the Corporation and its Subsidiaries, in one or more transactions to be implemented in the Chapter 11 Cases, and the Authorized Officers of the Corporation and its Subsidiaries are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of SSG Capital Advisors, LLC; and it is further

RESOLVED, that Kurtzman Carson Consultants LLC be, and hereby is, employed under general retainer for the purpose of providing consulting services to the Corporation and its Subsidiaries regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements and any other services agreed upon by the parties, and the Authorized Officers of the Corporation and its Subsidiaries are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the

filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants LLC; and it is further

RESOLVED, that the Authorized Officers, or any one of them, be, and each hereby is, authorized and directed, on behalf of and in the name of the Corporation and its Subsidiaries, to employ any additional individual and/or firm as professionals or consultants or financial advisors to the Corporation and its Subsidiaries as are deemed necessary to represent and assist the Corporation and its Subsidiaries in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

RESOLVED, that the Authorized Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Corporation and its Subsidiaries, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Corporation and its Subsidiaries, to pay and direct the payment of all fees and expenses as in their judgment shall be necessary, appropriate, or advisable in the good faith judgment of such Authorized Officers to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by the Authorized Officers to seek relief on behalf of the Corporation under chapter 11 of the Bankruptcy Code, or in connection with the Chapter 11 Cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

RESOLVED, that all authorized acts, transactions, or agreements undertaken prior to the adoption of these resolutions by any officer of the Corporation on behalf of the Corporation in connection with the foregoing matters are hereby authorized, approved, ratified, confirmed and adopted as the acts of the Corporation; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed to certify and attest any documents or materials which they deem necessary, desirable or appropriate to consummate the transactions contemplated by the foregoing resolutions, without the necessity of the signature or attestation of any other officer or the affixing of any seal of the Corporation.

[remainder of page intentionally left blank; signature pages follow]

IN WITNESS WHEREOF, the undersigned officer of the Corporation has executed this Certificate the 24th day of June, 2015.

*[signature: Richard L. Marler]*

Richard L. Marler
Title:  Chairman and CEO
Date:  June 24, 2015

5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL INTERNATIONAL, INC., et al.**[1] | Case No. 15-_____ (____) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' LIST OF CREDITORS HOLDING THIRTY (30)
LARGEST UNSECURED CLAIMS ON A CONSOLIDATED BASIS**

    The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition in the Court for relief under chapter 11 of title 11 of the United States Code.  This list of creditors holding the thirty (30) largest unsecured claims (the "**Top 30 List**") against the Debtors, on a consolidated basis, has been prepared from the Debtors' books and records as of June 30, 2015.

    The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases.  The Top 30 List does not include (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims, on a consolidated basis.

    The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors.  The information presented herein, including, without limitation, the Debtors' failure to list any claim as contingent, unliquidated, disputed, or subject to a setoff, does not constitute an admission by the Debtors nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.[2]

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066).  The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

[2]  Certain claims listed herein may be subject to offset, discount, trade credit, or other deductions, which may not be included in the amounts set forth herein.  Failure to include such amount in this list shall not constitute a waiver of such right.

| Rank | NAME OF CREDITOR | Telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[3] | Amount of claim |
|---|---|---|---|---|---|
| 1 | MAX SPECIALTY INSURANCE COMPANY | c/o Stephen D. Straus<br>Traub LibermanStraus & Shrewsberry LLP<br>Mid-Westchester Exectuive Park<br>Seven Skyline Drive<br>Hawthorne, NY<br>Fax: 914-347-8898 | Judgment | Contingent, disputed, unliquidated | $3,976,362.45 |
| 2 | JACOB JOSEPH KADAKKARAPPALLY | c/o Alan Bruce Howard (lead attorney)<br>Crowell & Moring, LLP<br>590 Madison Ave.<br>New York, NY 10022<br>Fax: 212-223-4134 | Judgment | Contingent, disputed, unliquidated | $3,716,400.00 |
| 3 | PADAVETTIYIL ISAAC ANDRES | c/o Alan Bruce Howard (lead attorney)<br>Crowell & Moring, LLP<br>590 Madison Ave.<br>New York, NY 10022<br>Fax: 212-223-4134 | Judgment | Contingent, disputed, unliquidated | $2,211,000.00 |
| 4 | PALANYANDI THANGAMANI | c/o Alan Bruce Howard (lead attorney)<br>Crowell & Moring, LLP<br>590 Madison Ave.<br>New York, NY 10022<br>Fax: 212-223-4134 | Judgment | Contingent, disputed, unliquidated | $2,210,200.00 |
| 5 | HEMANT KHUTTAN | c/o Alan Bruce Howard (lead attorney)<br>Crowell & Moring, LLP<br>590 Madison Ave.<br>New York, NY 10022<br>Fax: 212-223-4134 | Judgment | Contingent, disputed, unliquidated | $2,197,800.00 |
| 6 | SONY VASUDEVAN SULEKHA | c/o Alan Bruce Howard (lead attorney)<br>Crowell & Moring, LLP<br>590 Madison Ave.<br>New York, NY 10022<br>Fax: 212-223-4134 | Judgment | Contingent, disputed, unliquidated | $1,923,200.00 |
| 7 | PORT OF PASCAGOULA | Jackson County Port Authority<br>Post Office Box 70<br>Pascagoula, MS 39568<br>Fax: 228-762-7476 | Landlord | | $595,645.96 |
| 8 | MEITEC, INC. | 1314 Underwood Rd.<br>Laporte, TX 77571<br>Fax: 504-888-1428 | Trade Debt | | $468,111.47 |
| 9 | WILLIS OF ALABAMA, INC. | PO Box 730416<br>Dallas, TX 75373-0416<br>Fax: 251-432-7241 | Insurance Broker | | $362,230.00 |

---

[3] The Debtors reserve their rights to dispute the claims on this schedule on any basis.

01:16865927.3

2

| Rank | NAME OF CREDITOR | Telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[3] | Amount of claim |
|---|---|---|---|---|---|
| 10 | JAMESTOWN METAL MARINE SALES INC | c/o Allen Powell<br>4710 NW Boca Raton Blvd., Suite 400<br>Boca Raton, FL 33431<br>Fax: 561-994-3969 | Trade Debt | | $256,872.83 |
| 11 | JACKSON COUNTY TAX COLLECTOR | PO Box 998<br>Pascagoula, MS 39568<br>Fax: 228-769-3270 | Taxes | | $218,105.33 |
| 12 | MMIF, LLC | PO Box 5539<br>Moss Point, MS 39563<br>Fax: 228-474-4418 | Trade Debt | | $186,493.75 |
| 13 | MCDONOUGH MARINE SERVICE | c/o Eric Anderson<br>P.O. Box 62600, Dept 1300<br>Metaire, LA 70162-2600<br>Fax: 504-780-8200 | Trade Debt | | $176,012.60 |
| 14 | SIGNET MARITIME CORPORATION | 3802 Port River Road<br>Pascagoula, MS 39567<br>Fax: 228-762-5701 | Trade Debt | | $145,258.50 |
| 15 | WORLDWIDE DIESEL POWER, INC. | c/o Wolfgang H. Tautz<br>732 Parker Street<br>Jacksonville, FL 32202<br>Fax: 904-358-7862 | Trade Debt | | $142,301.50 |
| 16 | SOUTHERN GAS AND SUPPLY | c/o Josh Ridgdell<br>5500 East Rite Road<br>Theodore, AL 36582<br>Fax: 251-654-0091 | Trade Debt | | $133,008.44 |
| 17 | AARON OIL COMPANY INC | P.O. Box 2304<br>Mobile, AL 36652<br>Fax: 251-434-8499 | Trade Debt | | $132,021.45 |
| 18 | GULF SOUTH SERVICES, INC | c/o Gordon Newell<br>P.O. Box 1229<br>Amerlia, LA 70340<br>Fax: 985-354-4044 | Trade Debt | | $130,640.00 |
| 19 | SURFACEJET, INC. | PO Box 9747<br>New Iberia, LA 70562<br>Fax: 337-560-9257 | Trade Debt | | $128,109.75 |
| 20 | CONSOLIDATED PIPE & SUPPLY CO | c/o Bart Etheridge<br>Dept. 3147<br>P.O. Box 2153<br>Birmingham, AL 35287-3147<br>Fax: 228-769-1926 | Trade Debt | | $118,611.84 |
| 21 | CANAL BARGE CO INC | PO Box 62666<br>New Orleans, LA 70162<br>Fax: 504-584-1505 | Trade Debt | | $107,876.20 |
| 22 | JOTUN PAINTS, INC. | c/o Greff Falberg<br>P.O. Box 930864<br>Atlanta, GA 31193-0864<br>Fax: 504-394-3726 | Trade Debt | | $106,026.59 |

| Rank | NAME OF CREDITOR | Telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[3] | Amount of claim |
|---|---|---|---|---|---|
| 23 | JORDAN PILE DRIVING INC | 301 North Water Street<br>Mobile, AL 36652<br>Fax: 251-438-4666 | Trade Debt | | $98,931.00 |
| 24 | WALASHEK INDUSTRIES / SEATTLE OPERATION | c/o Marty Manley<br>6410 S. 143rd Street<br>Tukwila, WA 98168<br>Fax: 206-624-3324 | Trade Debt | | $83,921.00 |
| 25 | OIL RECOVERY CO., INC. OF ALABAMA | c/o Kathy Darden<br>P.O. Box 1803<br>Mobile, AL 36633<br>Fax: 251-433-7681 | Trade Debt | | $85,681.73 |
| 26 | WESCO GAS & WELDING SUPPLY INC. | 940 N Dr Martin L King Jr Dr<br>Prichard, AL 36610-4866<br>Fax: 251-457-9353 | Trade Debt | | $84,446.43 |
| 27 | EMPIRE SCAFFOLD LLC | c/o Jay Kemp<br>9680 South Choctaw Drive<br>Baton Rouge, LA 70815<br>Fax: 225-924-3171 | Trade Debt | | $72,474.98 |
| 28 | MARINE CONTRACTING GROUP, LLC | c/o Andy Rodriguez<br>P.O. Box 895<br>Mobile, AL 36601-0895<br>Fax: 251-433-1008 | Trade Debt | | $68,588.02 |
| 29 | MARITECH MARINE & INDUSTRIAL SERVICES | c/o Ahmad Zahra<br>Marquette Commercial Finance<br>P.O. Box 1450<br>NW6333<br>Minneapolis, MN 55485-6333<br>Fax: 251-405-0061 | Trade Debt | | $68,190.14 |
| 30 | D4, LLC | 222 Andrews Street<br>Rochester, NY 14604<br>Fax: 585-672-9026 | Trade Debt | | $67,559.37 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL INTERNATIONAL, INC., et al.**[1] | Case No. 15-_____ (____) |
| Debtors. | (Joint Administration Requested) |

## DECLARATION CONCERNING DEBTORS' LIST OF CREDITORS HOLDING THIRTY (30) LARGEST UNSECURED CLAIMS ON A CONSOLIDATED BASIS

I, Christopher S. Cunningham, Chief Financial Officer of Signal International, Inc., a debtor in the above-captioned chapter 11 cases, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing *Debtors' List of Creditors Holding Thirty (30) Largest Unsecured Claims on a Consolidated Basis* submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: July 12, 2015

_____
Christopher S. Cunningham
Chief Financial Officer

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL INTERNATIONAL, INC., et al.**[1] | Case No. 15-_____ (____) |
| Debtors. | (Joint Administration Requested) |

**LIST OF EQUITY SECURITY HOLDERS FOR SIGNAL
INTERNATIONAL, INC., PURSUANT TO RULES 1007(a)(1), 1007 (a)(3),
AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, a list of equity security holders of Signal International, Inc., as of approximately July 10, 2015, is attached hereto as <u>Exhibit 1</u>.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

01:16865806.1

# **EXHIBIT 1**

| Holder | Shares of Common Stock | % of Shares |
|---|---|---|
| RSA-Signal Holdings, LLC | 460,532.40 | 47.44% |
| Touradji Private Equity Master Fund, Ltd. | 211,844.90 | 21.82% |
| GoldenTree Partners, LP | 55,485.40 | 5.72% |
| ACON Offshore Partners, L.P. | 52,470.01 | 5.40% |
| Gerald J. St. Pe | 48,690.96 | 5.02% |
| ACON Offshore, LLC | 20,963.86 | 2.16% |
| Richard Marler | 20,000.00 | 2.06% |
| Johnette Colingo | 19,345.37 | 1.99% |
| Mr. & Mrs. Jerry Lee | 18,691.24 | 1.93% |
| Ronald Schnoor | 10,000.00 | 1.03% |
| Davidoff Investments, LP | 9,345.62 | 0.96% |
| Carl Marks & Co. Inc. | 9,345.62 | 0.96% |
| GoldenTree Partners II, L.P. | 9059.10 | 0.93% |
| Dr. Austin Taylor | 4,672.89 | 0.48% |
| Chris S. Cunningham | 4,650.00 | 0.48% |
| GoldenTree Partners (100), L.P. | 4535.30 | 0.47% |
| Dajalis Ltd | 3,271.08 | 0.34% |
| A.R. Blatt Holdings Ltd. | 2,336.45 | 0.24% |
| Mark S. Lyell | 1,868.98 | 0.19% |
| Brooksam, Inc. | 1,868.97 | 0.19% |
| Judson Traphagen | 1,401.80 | 0.14% |
| Michael Brodsky | 467.16 | 0.05% |
| **Total:** | **970,847.11** | **100%** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SIGNAL INTERNATIONAL, INC., et al.[1] | Case No. 15-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**DECLARATION CONCERNING THE LIST OF EQUITY SECURITY HOLDERS OF SIGNAL INTERNATIONAL, INC., PURSUANT TO RULES 1007(a)(1), 1007(a)(3), AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

I, Christopher S. Cunningham, Chief Financial Officer of Signal International, Inc., declare under penalty of perjury that I have read the foregoing *List of Equity Security Holders of Signal International, Inc., Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure* and that it is true and correct to the best of my information and belief.

Dated: July 12, 2015

_____
Christopher S. Cunningham
Chief Financial Officer

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.