## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL INTERNATIONAL, INC., et al.**[1] | Case No. 15-11498 (_____) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE PREPETITION INSURANCE POLICIES, (B) PAY ALL PREPETITION OBLIGATIONS IN RESPECT THEREOF, AND (C) CONTINUE OF INSURANCE PREMIUM FINANCING PROGRAM, AND (II) AUTHORIZING BANKS TO HONOR RELATED CHECKS AND TRANSFERS

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**")
hereby submit this motion (the "**Motion**") for entry of interim and final orders, substantially in
the forms attached hereto as Exhibits A and B, pursuant to sections 105(a) and 363(b) of title 11
of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and Rules 6003
and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),
(i) authorizing, but not directing, the Debtors to (a) continue to maintain and administer
prepetition insurance policies and revise, extend, renew, supplement, or change such policies, as
needed, (b) pay or honor obligations outstanding on account of prepetition insurance policies, if
any, and (c) continue their insurance premium financing program, and (ii) authorizing the
Debtors' banks and other financial institutions (collectively, the "**Banks**") to honor and process
related checks and electronic transfers.  In support of this Motion, the Debtors rely upon and
incorporate by reference the *Declaration of Christopher S. Cunningham in Support of Chapter
11 Petitions and First Day Motions* (the "**First Day Declaration**"), which was filed with the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066).  The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

Court concurrently herewith.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Venue of the Debtors' chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.  The legal authority for the relief requested herein is sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## BACKGROUND

2.      On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3.      The Debtors continues to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or an examiner and no official committee has been established in these chapter 11 cases.

4.      Additional information about the Debtors' business, their capital and debt structure, and the events leading up to the Petition Date can be found in the First Day Declaration.

### Overview of Insurance Policies

5.      In the ordinary course of business, the Debtors maintain a carefully designed and vitally important insurance program, which includes the use of insurance premium finance agreements (the "**Insurance Program**").  This program includes more than thirty (30) policies

that were in effect as of the Petition Date, providing tens of millions of dollars of coverage, including, but not limited to, policies covering general liability, the Debtors' property, vessel pollution liability, marine general liability, workers' compensation, hull and machinery, inland marine, boiler and machinery, international/foreign liability, automobile liability, and D&O liability (collectively, the "**Policies**").  The Policies are provided by numerous different insurance carriers (the "**Insurance Carriers**").  Attached hereto as <u>Exhibit C</u> and incorporated herein by reference is a comprehensive list of the Policies, type of coverage, Policy numbers, identity of Insurance Carriers, and other salient information describing the Insurance Program.

6.     The Policies are essential to the preservation of the value of the Debtors' business, property, and assets.  Not only are some of the Policies required by the various regulations, laws, and contracts that govern the Debtors' commercial activities, but section 1112(b)(4)(C) of the Bankruptcy Code provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal of a chapter 11 case. 11 U.S.C. § 1112(b)(4)(C).  Moreover, the *Operating Guidelines for Chapter 11 Cases* of the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") require debtors to maintain insurance coverage throughout the pendency of their chapter 11 cases.

7.     The aggregate annual premiums under the Policies are approximately $4,412,000. Such premiums are paid to the Insurance Carriers either as annual prepayments or as installment payments.

8.     To assist them in their efforts to obtain the insurance coverage necessary to operate their business in a reasonable, prudent and cost-effective manner, the Debtors utilize the expertise, experience, and services of Willis of Alabama ("**Willis**") and Alliant Insurance Services, Inc. ("**Alliant**" and, together with Willis, the "**Brokers**").  Among other things, the

01:16811437.7

3

Brokers represent the Debtors in negotiations with their various insurance underwriters.   The Debtors remit the premium payments on certain of the Policies to the Brokers for payment by the Brokers to the Insurance Carriers.   The Debtors believe it is in the best interests of their creditors and estates to continue these business relationships with the Brokers.   Accordingly, as a part of this Motion, the Debtors also seek authority to continue their prepetition practice of paying brokerage fees and premiums to the Brokers (or any other agent or broker engaged by the Debtors) in connection with their respective representations of the Debtors in negotiations with the Insurance Carriers and other activities related to the maintenance of the Insurance Program. As of the Petition Date, the Debtors estimate approximately $360,000 is owed to Willis, of which approximately $150,000 is for brokerage fees, and no amounts are owing to Alliant.   The Debtors believe that authorizing them to make the payments required to maintain the full effectiveness of the Policies and to continue the Insurance Program is essential to the preservation of their business, estates, and assets.

**The Debtors' Prepetition Insurance Premium Finance Agreement**

9.      The Debtors maintain an insurance premium finance agreement (the "**Finance Agreement**") with AFCO Credit Corporation (the "**PFA Lender**") for their primary and excess property policies (the "**Financed Policies**").   Pursuant to the Finance Agreement with the PFA Lender, the PFA Lender has agreed to pay the insurance premiums due under the Financed Policies in exchange for an upfront payment of $173,454 and ten (10) monthly payments from the Debtors.   The Debtors have made the upfront payment and four (4) monthly payments of $159,072.52.   The next monthly payment is due on July 18, 2015.   The Debtors' obligations under the Finance Agreement are secured by all sums due under the Finance Agreement and any unearned premiums or other sums that may become payable under the Financed Policies.   The Financed Policies are essential to the preservation of the Debtors' business.

01:16811437.7

10.     In the Debtors' business judgment, the terms of the Finance Agreement represent the best possible terms for financing the premiums of the Financed Policies.  The Debtors' estates will benefit by maintaining this low-cost financing from the PFA Lender.  Moreover, any interruption of payments might adversely affect the Debtors' ability to obtain financing for future policies on favorable terms.  In some cases, the coverage is required by regulations, laws, or contracts that govern the Debtors' business obligations.  Thus, the Debtors request the authority to continue honoring their obligations pursuant to the Finance Agreement and to continue the grant of security interests to the PFA Lender.

## RELIEF REQUESTED

11.     By this Motion, the Debtors seek entry of interim and final orders (i) authorizing, but not directing, the Debtors to (a) continue to maintain and administer the Policies and revise, extend, renew, supplement, or change the Policies, as needed, (b) pay or honor obligations outstanding obligations on account of the Policies in the ordinary course of business, and (c) continue their insurance premium financing program, and (ii) authorizing the Banks to honor and process related checks and electronic transfers.

## BASIS FOR RELIEF

I.     **CONTINUATION OF THE INSURANCE PROGRAM AND PAYMENT OF PREPETITION OBLIGATIONS IN RESPECT THEREOF ARE NECESSARY AND APPROPRIATE**

12.     The Court may grant the relief requested herein pursuant to section 363 of the Bankruptcy Code.  Section 363(b)(1) provides that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Under this section, a court may authorize a debtor to pay certain prepetition claims.  *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (finding that a sound business justification existed to justify payment of prepetition

wages); *see also Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 397 (S.D.N.Y. 1983) (relying on section 363 of the Bankruptcy Code to allow a contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors).  To do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors."  98 B.R. at 175.

13.    In addition, sections 1107(a) and 1108 of the Bankruptcy Code authorize a debtor in possession to continue to operate its business.  11 U.S.C. §§ 1107(a), 1108.  Indeed, a debtor in possession operating a business under section 1108 of the Bankruptcy Code has a duty to protect and preserve the value of its business, and prepetition claims may be paid if necessary to perform the debtor's duty.  *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("There are occasions when this duty can only be fulfilled by the preplan satisfaction of a prepetition claim.").  The *CoServ* court specifically noted that the pre-plan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate."  *Id.*

14.    To supplement these explicit powers, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Numerous courts have recognized that payments to prepetition creditors are appropriate pursuant to section 105(a) of the Bankruptcy Code under the "doctrine of necessity" or the "necessity of payment" rule where such payments are necessary to the continued operation of the debtor's business.  *See, e.g.*, *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court could authorize the payment of prepetition claims if such payment was essential to the continued operation of the

debtor); *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (holding that the necessity of payment doctrine permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims have been paid"); *In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) (finding that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization"). The rationale for the doctrine of necessity is consistent with the paramount goal of chapter 11—"facilitating the continued operation and rehabilitation of the debtor." *In re Ionosphere Clubs*, 98 B.R. at 176.

15.    The relief sought by this Motion is appropriate under each of the foregoing standards. In light of the importance of maintaining insurance coverage with respect to their business activities, the Debtors believe it is in the best interest of their estates to maintain the Policies and to pay any prepetition premiums necessary to do so, as well as to revise, extend, supplement, or change insurance coverage, as necessary, pursuant to section 363(b)(1) of the Bankruptcy Code. If the Policies lapse, or if certain of the Insurance Carriers cancel the Policies or otherwise refuse to continue doing business with the Debtors, on account of unpaid premiums, before the Debtors are able to find replacement coverage, the Debtors' estates could be exposed to significant liabilities. The loss of any insurance coverage would impose considerable administrative and financial burden on the Debtors, requiring the Debtors' management to expend significant attention and resources to secure replacement coverage at a critical juncture in these chapter 11 cases and, possibly, rendering the Debtors non-compliant with the U.S. Trustee's requirement that debtors maintain insurance coverage during their cases.

16.    In addition, the security interests created by premium finance arrangements generally are recognized as secured claims in bankruptcy to the extent of the amount of unearned

premiums financed pursuant to such agreements. *See TIFCO, Inc. v. U.S. Repeating Arms Co. (In re U.S. Repeating Arms Co.)*, 67 B.R. 990, 994–95 (Bankr. D. Conn. 1986); *Drabkin v. A.I. Credit Corp. (In re Auto-Train Corp.)*, 9 B.R. 159, 164–66 (Bankr. D.D.C. 1981). Moreover, section 361 of the Bankruptcy Code specifically contemplates providing adequate protection to the extent of the diminution in value of a secured creditor's collateral, and security interests such as those under the Finance Agreement warrant adequate protection in the form of periodic payments pursuant to the Finance Agreement's terms. *See, e.g.*, *In re Waverly Textile Processing, Inc.*, 214 B.R. 476, 480 (Bankr. E.D. Va. 1997); *TIFCO, Inc. v. U.S. Repeating Arms Co.*, 67 B.R. 990, 1000 (Bankr. D. Conn. 1986).

17.     Therefore, if the Debtors are unable to continue making payments under the Finance Agreement, the PFA Lender could seek relief from the automatic stay to cancel the respective Financed Policies in accordance with the terms of the Finance Agreement or to seek adequate protection of its respective investment. *See Universal Motor Express*, 72 B.R. 208, 211 (Bankr. W.D.N.C. 1987) (recognizing that a default under the financing arrangement and the resulting decline in value of the unearned premiums justified relief from the automatic stay). The Debtors then would be required to obtain replacement insurance on an expedited basis and at significant cost to the estates. If the Debtors are required to obtain replacement insurance and to pay a lump-sum premium for such insurance in advance, this payment may be the same or greater than what the Debtors currently pay to the PFA Lender under the Finance Agreement. Even if the PFA Lender is not permitted to terminate the Financed Policies, any interruption of payments would severely and adversely affect the Debtors' ability to finance premiums for future policies. Accordingly, the Debtors submit that the practical solution is to continue making the premium financing payments.

01:16811437.7

18.     In view of the importance of maintaining the insurance coverage with respect to their business activities and the preservation of the Debtors' cash flow by financing their insurance premiums, the Debtors believe it is in the best interest of their creditors for the Court to authorize the Debtors to honor their obligations under the Finance Agreement.   Any other alternative likely would require considerable cash expenditures and be detrimental to the Debtors' chapter 11 efforts.

## II.     BANKS SHOULD BE AUTHORIZED TO HONOR AND PROCESS PAYMENTS ON ACCOUNT OF PREPETITION OBLIGATIONS IN RESPECT OF THE INSURANCE PROGRAM

19.     The Debtors represent that they have sufficient funds to pay the amounts described herein in the ordinary course of business by virtue of expected cash flows from ongoing business operations, debtor-in-possession financing, and anticipated access to cash collateral.  As a result of the commencement of these chapter 11 cases and in the absence of an order of the Court providing otherwise, the Debtors' checks and electronic fund transfers on account of prepetition obligations related to the Insurance Program may be dishonored or rejected by financial institutions.  Under the Debtors' cash management system, the Debtors can readily identify checks or transfers as relating directly to payment of prepetition obligations related to the Insurance Program.  Accordingly, the Debtors believe that prepetition checks and transfers other than those related to the Insurance Program will not be honored inadvertently. The Debtors submit that the Banks should be authorized to rely on the Debtors' representations with respect to whether any check drawn or transfer request issued by the Debtors prior to the Petition Date should be honored pursuant to this Motion.

## SATISFACTION OF BANKRUPTCY RULE 6003

20.     Pursuant to Rule 6003(b) of the Bankruptcy Rules, any motion seeking to use property of the estate pursuant to section 363 of the Bankruptcy Code or to satisfy prepetition

claims within twenty-one (21) days of the petition date must demonstrate that such relief would prevent "immediate and irreparable harm." *See* Fed. R. Bankr. P. 6003(b).

21.     As described above, any disruption of the Insurance Program, including the Finance Agreement, would substantially diminish or impair the Debtors' efforts in these chapter 11 cases to preserve and maximize the value of their estates.  For this reason and those set forth above, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

22.     Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  As set forth above, it is imperative that the Debtors' be allowed to make the next installment payment on the Financed Policies immediately to prevent potentially irreparable damage to the Debtors' operations, value, and ability to implement their chapter 11 strategy.  If the Debtors were to lose the coverages provided by the Financed Policies, it is very likely that they would unnecessarily be exposed to increased operational and financial risk.  Accordingly, for this reason and those set forth above, the Debtors submit that ample cause exists to justify a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay under Bankruptcy Rule 6004(h).

## NOTICE

23.     Notice of this Motion will be provided to:  (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Office of the United States Attorney General for the District of Delaware; (iv) the Internal Revenue Service; (v) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors, as filed with the Debtors' chapter 11

petitions; (vi) counsel to the Debtors' prepetition and proposed postpetition secured lenders; (vii) the Banks; (viii) the Insurance Carriers; (ix) the Brokers; and (x) the PFA Lender.  Notice of this Motion and any order entered hereon will be served in accordance with Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter interim and final orders, substantially in the forms annexed hereto as <u>Exhibits A</u> and <u>B</u>, granting the relief requested by this Motion and such further relief as may be just and proper under the circumstances.

Dated:   July 12, 2015
         Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Jaime Luton Chapman*
M. Blake Cleary (No. 3614)
Jaime Luton Chapman (No. 4936)
Travis G. Buchanan (No. 5595)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Proposed Counsel to the Debtors and
Debtors in Possession*

01:16811437.7

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**SIGNAL INTERNATIONAL, INC., et al.**[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11498 (_____)<br><br>Jointly Administered<br><br>**RE: Docket No. ___** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE PREPETITION INSURANCE POLICIES, (B) PAY ALL PREPETITION OBLIGATIONS IN RESPECT THEREOF, AND (C) CONTINUE INSURANCE PREMIUM FINANCING PROGRAM, AND (II) AUTHORIZING BANKS TO HONOR RELATED CHECKS AND TRANSFERS

Upon the motion (the "**Motion**")[2] of the Debtors for entry of interim and final orders, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtors to (a) continue to maintain and administer prepetition insurance policies and revise, extend, renew, supplement, or change such policies, as needed, (b) pay or honor obligations outstanding on account of prepetition insurance policies, if any, and (c) continue their insurance premium financing program, and (ii) authorizing the Banks to honor related checks and transfers; and upon the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066).  The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the First Day Declaration, as applicable.

having been given; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED on an INTERIM BASIS as set forth herein.

2.      The Debtors are authorized, but not directed, to (i) continue to maintain and perform under their Insurance Program, (ii) pay prepetition amounts due and owing related the Insurance Program to the extent that the Debtors determine that such payment is necessary or appropriate, in an aggregate amount not to exceed $560,000, and (iii) revise, extend, renew, supplement, or change the Policies (including the Financed Policies) or enter into new policies, if necessary, in the ordinary course of business consistent with the Debtors' past practice.

3.      The Debtors are authorized, but not directed, (i) to continue honoring, in the ordinary course of business, the Finance Agreement and to renew or enter into new financing agreements as the terms of the existing arrangement expires, without further order of the Court, and (ii) to pay their regular monthly installment payments under the Finance Agreement as the same become due in the ordinary course of business.

4.      The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to process and honor all checks and fund transfer requests for prepetition obligations related to the Insurance Program that the Debtors are authorized to pay pursuant to this Order, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date, *provided*, that funds are available in the Debtors' accounts to cover the

checks and fund transfers.  The Banks are authorized to rely on the Debtors' designation of any particular check or fund transfer request to be honored.

5.       The Debtors are authorized to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests in respect of any prepetition obligations authorized in this Order that were dishonored or rejected as a consequence of the commencement of the Debtors' chapter 11 cases.

6.       Notwithstanding anything to the contrary contained herein, any payment made or authorization contained herein shall be subject to the requirements imposed on the Debtors under any order approving the DIP Facility.

7.       Nothing herein shall alter any noticing or other obligations of the Debtors under the DIP Facility relating to any of the Policies or payment of any obligation relating to the Insurance Program.

8.       Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as (i) an admission as to the validity or priority of any claim or lien against the Debtors or an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or (ii) a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity or amount of any payment made pursuant to this Order.

9.       Objections to entry of an order granting the Motion on a final basis must be filed by _____ ___, 2015 at 4:00 p.m. (ET) and served on: (i) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: M. Blake Cleary, Esq. and Jaime Luton Chapman, Esq.; (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Tiiara N.A.

Patton, Esq.; (iii) counsel to the DIP Lenders, (a) Burr & Forman LLP, 420 North 20th Street,

Suite 3400,

Birmingham, Alabama 35203, Attn: Derek F. Meek, Esq. and (b) Morris, Nichols, Arsht &

Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Eric

Schwartz, Esq.; and (iv) counsel to any statutory committee appointed in these chapter 11 cases.

A final hearing, if required, on the Motion will be held on _____, 2015 at

_____ __.m. (ET).  If no objections are filed to the Motion, this Court may enter a final

order without further notice or hearing.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

11.     The Debtors shall serve this Order on the Insurance Carriers within forty-eight

(48) hours of entry of this Order.

12.     Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the

Motion is necessary to avoid immediate and irreparable harm to the Debtors.

13.     The requirements of Bankruptcy Rule 6004(a) are hereby waived to avoid

immediate and irreparable harm to the Debtors.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

shall be immediately effective and enforceable upon its entry.

15.     This Court shall retain jurisdiction over any and all matters arising from or related

to the interpretation or implementation of this Order.

Dated: _____, 2015
          Wilmington, Delaware


                                         _____

                                         United States Bankruptcy Judge

**<u>EXHIBIT B</u>**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>**SIGNAL INTERNATIONAL, INC., et al.**[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11498 (____)<br><br>Jointly Administered<br><br>**RE: Docket Nos. ___** |

### FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE PREPETITION INSURANCE POLICIES, (B) PAY ALL PREPETITION OBLIGATIONS IN RESPECT THEREOF, AND (C) CONTINUE INSURANCE PREMIUM FINANCING PROGRAM, AND (II) AUTHORIZING BANKS TO HONOR RELATED CHECKS AND TRANSFERS

Upon the motion (the "**Motion**")[2] of the Debtors for entry of interim and final orders, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtors to (a) continue to maintain and administer prepetition insurance policies and revise, extend, renew, supplement, or change such policies, as needed, (b) pay or honor obligations outstanding on account of prepetition insurance policies, if any, and (c) continue their insurance premium financing program, and (ii) authorizing the Banks to honor related checks and transfers; and upon the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066).  The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

[2]        Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the First Day Declaration, as applicable.

having been given; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED on a FINAL BASIS as set forth herein.

2.      The Debtors are authorized, but not directed, to (i) continue to maintain and perform under their Insurance Program, (ii) pay prepetition amounts due and owing related the Insurance Program to the extent that the Debtors determine that such payment is necessary or appropriate, and (iii) revise, extend, renew, supplement, or change the Policies (including the Financed Policies) or enter into new policies, if necessary, in the ordinary course of business consistent with the Debtors' past practice.

3.      The Debtors are authorized, but not directed, (i) to continue honoring, in the ordinary course of business, the Finance Agreement and to renew or enter into new financing agreements as the terms of the existing arrangement expires, without further order of the Court, and (ii) to pay their regular monthly installment payments under the Finance Agreement as the same become due in the ordinary course of business.

4.      The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to process and honor all checks and fund transfer requests for prepetition obligations related to the Insurance Program that the Debtors are authorized to pay pursuant to this Order, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date, *provided*, that funds are available in the Debtors' accounts to cover the

01:16811437.7

2

checks and fund transfers.  The Banks are authorized to rely on the Debtors' designation of any particular check or fund transfer request to be honored.

5.      The Debtors are authorized to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests in respect of any prepetition obligations authorized in this Order that were dishonored or rejected as a consequence of the commencement of the Debtors' chapter 11 cases.

6.      Notwithstanding anything to the contrary contained herein, any payment made or authorization contained herein shall be subject to the requirements imposed on the Debtors under any order approving the DIP Facility.

7.      Nothing herein shall alter any noticing or other obligations of the Debtors under the DIP Facility relating to any of the Policies or payment of any obligation relating to the Insurance Program.

8.      Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as (i) an admission as to the validity or priority of any claim or lien against the Debtors or an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or (ii) a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity or amount of any payment made pursuant to this Order.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.     The Debtors shall serve this Order on the Insurance Carriers.

11.     The requirements of Bankruptcy Rule 6004(a) are hereby waived to avoid immediate and irreparable harm to the Debtors.

12.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.    This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2015
         Wilmington, Delaware

_____

United States Bankruptcy Judge

**<u>EXHIBIT C</u>**

**Insurance Policies**

| LINE OF BUSINESS | POLICY NUMBER | EFF DATE | EXP DATE | CARRIER |
|---|---|---|---|---|
| PRIMARY PROPERTY | CPP 5492048-02 | 1/30/2015 | 1/30/2016 | STEADFAST INS CO |
| | EAF 750409/01/2015 | 1/30/2015 | 1/30/2016 | AXIS SURPLUS INS CO |
| | CUL60133.015 | 1/30/2015 | 1/30/2016 | HOUSTON CASUALTY CO |
| | 3CPO-150025 / NA-150001 | 1/30/2015 | 1/30/2016 | LLOYD'S |
| | PRA823Y15 | 1/30/2015 | 1/30/2016 | ASPEN SPECIALTY INS CO |
| EXCESS PROPERTY | 0306-3337-1A | 1/30/2015 | 1/30/2016 | ALLIED WORLD ASSURANCE CO |
| | PXA6GRM15 | 1/30/2015 | 1/30/2016 | ASPEN SPECIALTY INS CO |
| | CPN10006371300 | 1/30/2015 | 1/30/2016 | ENDURANCE AMERICAN SPECIALTY INS CO |
| | 1000079083-02 | 1/30/2015 | 1/30/2016 | LIBERTY SURPLUS INS CORP |
| | MSP 6014560-05 | 1/30/2015 | 1/30/2016 | MAXUM INDEMNITY CO |
| PRIMARY VESSEL POLLUTION | 06908-02 | 1/30/2015 | 1/30/2016 | VARIOUS LLOYD'S SYNDICATES |
| EXCESS VESSEL POLLUTION | 06909-02XS | 1/30/2015 | 1/30/2016 | VARIOUS LLOYD'S SYNDICATES |
| MARINE GL | OML 92008902 | 1/30/2015 | 1/30/2016 | AGCS MARINE INS CO |
| | B5JH9035815 | 1/30/2015 | 1/30/2016 | ATLANTIC SPECIALTY INS CO |
| PRIMARY $25M BUMBERSHOOT | OXL92008903 | 1/30/2015 | 1/30/2016 | AGCS MARINE INS. CO. |
| | ATAAR5OU003 | 1/30/2015 | 1/30/2016 | LIBERTY MUTUAL INS CO |
| | CA7201B14MZA-1 | 1/30/2015 | 1/30/2016 | MARKEL INT'L INS CO, LTD ON BEHALF OF LLOYD'S SYNDICATES |
| | ZOB 71M23562 | 1/30/2015 | 1/30/2016 | TRAVELERS PROPERTY CASUALTY CO OF AMERICA |
| $75M x/s $25M EXCESS BUMBERSHOOT | OXL 92008904 | 1/30/2015 | 1/30/2016 | AGCS MARINE INS. CO. |
| | UM00012534EL15A | 1/30/2015 | 1/30/2016 | XL SPECIALTY INS CO |

| | CA7201B14M2A-2 | 1/30/2015 | 1/30/2016 | MARKEL INT'L INS CO, LTD ON BEHALF OF LLOYD'S SYNDICATES |
|---|---|---|---|---|
| | HO15LIA00213801 | 1/30/2015 | 1/30/2016 | NAVIGATORS INS. CO. |
| | 3AAACZZS005 | 1/30/2015 | 1/30/2016 | LIBERTY MUTUAL INS CO |
| $15M x/s $100M EXCESS BUMBERSHOOT | OXL 92008905 | 1/30/2015 | 1/30/2016 | AGCS MARINE INS. CO. |
| USL&H **DEPOSIT CONTRIBUTION** | ALMA00311-08 | 1/30/2015 | 1/30/2016 | AMERICAN LONGSHORE MUTUAL ASSOCIATION (ALMA) |
| USL&H - **MEL PREMIUM** | ALMA00311-08 | 1/30/2015 | 1/30/2016 | AMERICAN LONGSHORE MUTUAL ASSOCIATION (ALMA) |
| USL&H **2ND INJURY FUND EST. CONTRIBUTION** | ALMA00311-08 | 1/30/2015 | 1/30/2016 | AMERICAN LONGSHORE MUTUAL ASSOCIATION (ALMA) |
| WORK COMP (STATE ACT) | WC409581100 | 1/30/2015 | 1/30/2016 | GREAT AMERICAN INS CO OF NY |
| HULL & MACHINERY | HLO-4550-0115 | 1/30/2015 | 1/30/2016 | CATLIN INS CO INC |
| INLAND MARINE | 9CC8825-5 | 1/30/2015 | 1/30/2016 | ESSEX INSURANCE COMPANY |
| BOILER & MACHINERY | M5J-BME1-0273L707-TIL-15 | 1/30/2015 | 1/30/2016 | TRAVELERS PROPERTY & CASUALTY CO OF AMERICA |
| INTERNATIONAL / FOREIGN PACKAGE | PHFD37575756 003 | 1/30/2015 | 1/30/2016 | ACE AMERICAN INS CO |
| AUTO | P-810-5427P633-TIA-15 | 1/30/2015 | 1/30/2016 | TRAVELERS INDEMNITY CO OF AMERICA |
| D&O/EPL | TBD | 6/30/2015 | 6/30/2017 | ZURICH AMERICAN INS CO |

01:16811437.7