# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SIGNAL INTERNATIONAL, INC., et al.[1] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |
| | RE: Docket No. 4 |

### INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM AND PROCEDURES, (II) AUTHORIZING CONTINUATION OF INTERCOMPANY TRANSACTIONS AND GRANTING POSTPETITION INTERCOMPANY CLAIMS ADMINISTRATIVE EXPENSE STATUS, (III) AUTHORIZING MAINTENANCE AND USE OF EXISTING BANK ACCOUNTS, AND (IV) WAIVING THE REQUIREMENTS OF SECTION 345 OF THE BANKRUPTCY CODE ON AN INTERIM BASIS

Upon the motion (the "**Motion**")[2] of the Debtors for entry of interim and final orders, pursuant to sections 105(a), 345, 363, 364, and 503 of title 11 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 2015-2, (i) authorizing the continued use of the Cash Management System, (ii) authorizing continuation of Intercompany Transactions and granting postpetition Intercompany Claims administrative expense status, (iii) authorizing the maintenance and continued use of the Bank Accounts, and (iv) waiving the requirements of section 345 of the Bankruptcy Code on an interim basis; and upon the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court may enter a final order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the First Day Declaration, as applicable.

consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized and empowered to continue to manage their cash pursuant to the Cash Management System (including, but not limited to, the Debtors' prepetition pattern and practice of funding Intercompany Transactions) maintained by the Debtors prior to the commencement of these chapter 11 cases and to collect, concentrate, and disburse cash in accordance with the Cash Management System.

3. Intercompany Claims shall be accorded administrative expense status of the kind specified in section 503(b) of the Bankruptcy Code to the extent such obligations arise after the Petition Date.

4. The Debtors shall maintain accurate and detailed records of all transfers, including intercompany transfers, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and postpetition transactions, and such records shall be available to the U.S. Trustee upon request.

5. The requirements of the U.S. Trustee Guidelines that the Debtors close all existing bank accounts and open new debtor in possession accounts are hereby waived. In

addition, the requirements of the U.S. Trustee Guidelines that the Debtors establish specific bank accounts are hereby waived.

6. The Banks shall be authorized to (i) continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession in the manner maintained prior to the Petition Date, without interruption, in the usual and ordinary course, and (ii) receive, process, honor, and pay any and all checks, drafts, wires, or ACH transfers issued or initiated by the Debtors, and drawn on the Bank Accounts by the holders or makers thereof, as the case may be, *provided, however*, any such checks, drafts, wires, or ACH transfers issued or initiated by the Debtors prior to the Petition Date may only be honored if specifically authorized by order of the Court.

7. Notwithstanding anything to the contrary in any other order of this Court, the Banks are authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires, or ACH transfers should be honored or dishonored consistent with any order of this Court and governing law, whether such checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date. The Banks shall not be liable on account of (i) following the Debtors' instructions or representations as to any order of this Court, (ii) honoring of any prepetition check or item in a good faith belief that this Court has authorized such prepetition check or item to be honored, or (iii) making an innocent mistake despite implementation of reasonable item handling procedures.

8. The Debtors are authorized to use their checks, substantially in the forms existing immediately prior to the Petition Date, without reference to their status as debtors in possession; *provided*, in the event that the Debtors need to purchase new check stock during the pendency of these chapter 11 cases, such check stock will include a legend referring to the Debtors as

"Debtors in Possession" or "DIP" and *provided, further*, within ten (10) days of the date of entry of this Order, the Debtors will update any electronically produced checks to reflect their status as debtors in possession.

9. The Debtors are hereby granted an initial extension of forty-five (45) days from the Petition Date to comply with section 345(b) of the Bankruptcy Code.

10. For Banks at which the Debtors hold accounts that are party to a UDA with the U.S. Trustee, within 15 days from the date of entry of this Order, the Debtors shall (i) contact each Bank, (ii) provide the Bank with each of the Debtors' employer identification numbers, and (iii) identify each of their accounts held at such Banks as being held by a debtor in possession in a bankruptcy case, and provide the Bank with the bankruptcy case number. For Banks that are not party to a UDA with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Bank to execute a UDA in a form prescribed by the U.S. Trustee within 45 days of the date of entry of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully reserved.

11. Each Bank is authorized to charge back against the Bank Accounts (i) any returned items drawn or presented against the Bank Accounts, (ii) any overadvances, credit balances, or other customary fees and service charges incurred as a result of returned or dishonored postpetition checks, drafts, wires, and other transfers (regardless of whether such items originated prepetition or postpetition), and (iii) such other customary Bank Fees arising under any applicable agreement with the Bank and in the ordinary course of business, either prepetition or postpetition, in connection with the use and management of such Bank Accounts.

12. The Debtors and each Bank are hereby authorized to continue to perform pursuant to the terms of any unexpired prepetition cash management agreements that may exist between them, except and to the extent otherwise directed by the terms of this Order and except as amended, modified, or supplemented by agreement between the Debtors and such Bank. Notwithstanding the foregoing or anything in this Order to the contrary, the relief granted by this Order shall not be deemed an assumption or rejection of any contract, including, but not limited to, prepetition cash management agreements, pursuant to section 365 of the Bankruptcy Code.

13. Nothing contained herein shall prevent the Debtors from opening any additional bank accounts, or closing any existing Bank Accounts, as the Debtors may deem necessary and appropriate, and the Banks are authorized to honor the Debtors' request to open or close, as applicable, such bank accounts, provided that notice of same shall be given to the U.S. Trustee, the DIP Lenders, and any statutorily appointed committee in these cases. Any such additional bank accounts shall be subject to this Order and shall be opened only with banks that have executed, or are willing to execute, a UDA with the U.S. Trustee.

14. The Debtors are authorized to implement any changes to the Cash Management System that they deem appropriate; *provided* that any material changes to the Cash Management System shall be in consultation with the DIP Lenders, *provided, however*, any such changes must be consistent with this Order.

15. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

16. Notwithstanding anything to the contrary contained herein, any payment made or authorization contained herein shall be subject to the requirements imposed on the Debtors under any order approving the DIP Facility.

17. Objection to entry of an order granting the Motion on a final basis must be filed by August 5, 2015, at 4:00 p.m. (ET). Objections must be served on: (i) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: M. Blake Cleary, Esq. and Jaime Luton Chapman, Esq.; (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Tiiara N.A. Patton, Esq.; (iii) counsel to the DIP Lenders, (a) Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203, Attn: Derek F. Meek, Esq. and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Eric Schwartz, Esq.; and (iv) counsel to any statutory committee appointed in these chapter 11 cases. A final hearing, if required, on the Motion will be held on August 12, 2015, at 11:30am (ET). If no objections are filed to the Motion, this Court may enter a final order without further notice or hearing.

18. The Debtors shall serve this Order on the Banks within forty-eight (48) hours of entry of this Order.

19. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

20. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived, and pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

21. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: July 14, 2015
Wilmington, Delaware

*Mary F. Walrath*
Mary F. Walrath
United States Bankruptcy Judge