IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SIGNAL INTERNATIONAL, INC., et al.[1] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |
| | RE: Docket No. 120 |

**ORDER (A) APPROVING SALES AND BIDDING PROCEDURES IN CONNECTION WITH SALE OF ASSETS OF THE DEBTORS, (B) APPROVING BID PROTECTIONS, (C) APPROVING FORM AND MANNER OF NOTICE, (D) SCHEDULING THE AUCTION AND SALE HEARING, (E) AUTHORIZING PROCEDURES GOVERNING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (F) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (a) approving the Sales and Bidding Procedures, (b) approving bid protections, (c) approving form and manner of notices in connection with the Sales and Bidding Procedures, (d) scheduling the Auction and Sale Hearing, (e) authorizing procedures governing assumption and assignment of certain executory contracts and unexpired leases, and (f) granting related relief; and upon consideration of any timely objections filed in opposition to the relief requested in the Motion; and upon the record of the hearing, and having heard statements of counsel and the evidence presented in support of the relief requested in the Motion at the hearing; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N) and this Court may enter a final order consistent with Article III of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

01:17291525.16

United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice is necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby,

FOUND, CONCLUDED AND DECLARED THAT:[3]

A.  The relief granted herein is in the best interests of the Debtors, their estates, and other parties in interest.

B.  The Debtors have articulated good and sufficient business reasons for this Court to (i) approve the Sales and Bidding Procedures, (ii) approve the Teachers' Retirement System of Alabama, or its designee ("**TRS**") and the Employees' Retirement System of Alabama, or its designee ("**ERS**") as the Stalking Horse Bidder, (iii) approve the Break-Up Fee, (iv) approve the Assumption and Assignment Procedures, (v) approve the form and manner of notice of the Sale Motion, the Auction, and the Sale Hearing, and (vi) set the date of the Auction and the Sale Hearing.

C.  Due, sufficient, and adequate notice of the hearing on the Motion and the hearing thereon having been given in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required.

D.  The Sales and Bidding Procedures, substantially in the form attached hereto, and incorporated herein by reference as if fully set forth herein, are fair, reasonable, and appropriate;

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

01:17291525.16

2

were negotiated in good faith by the Debtors and the Stalking Horse Bidder; and represent the best way to maximize the value of the Debtors' estates.

E. The Debtors have demonstrated a compelling business justification for the payment of the Break-Up Fee under the circumstances. The Break-Up Fee, to the extent payable under the Stalking Horse APA, (i) shall be deemed an actual and necessary cost of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code, (ii) is of substantial benefit to the Debtors' estates, (iii) is reasonable and appropriate, including in light of the size and nature of the transaction and the efforts that have been and will be expended by the Stalking Horse Bidder, (iv) has been negotiated by the parties and their respective advisors at arm's-length and in good faith, and (v) is necessary to ensure that the Stalking Horse Bidder will continue to pursue the proposed transaction. The Break-Up Fee is a material inducement for, and condition of, the Stalking Horse Bidder's entry into the Stalking Horse APA. The Stalking Horse Bidder is unwilling to commit to perform under the terms of the Stalking Horse APA unless the Stalking Horse Bidder is assured payment of the Break-Up Fee in accordance with the Stalking Horse APA.

F. The Assumption and Assignment Procedures are reasonable and appropriate.

**ORDERED, ADJUDGED, AND DECREED that:**

1. The relief requested in the Motion is GRANTED as set forth herein.

2. All objections to the Motion or the relief provided herein, as they pertain to the entry of this Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Sales and Bidding Procedures, which are attached hereto as **Exhibit 1**, including without limitation, the Qualified Bid Requirements set forth therein, are hereby approved and are incorporated herein as if set out in full.

4. The Assumption and Assignment Procedures, which are attached hereto as **Exhibit 2**, are hereby approved and are incorporated herein as if set out in full.

5. The Cure Notice, substantially in the form attached as Exhibit A to the Assumption and Assignment Procedures, is approved and shall be served by first-class mail, postage prepaid (and email or fax if known), within five (5) business days of entry of this Order on all Contract Parties, and such notice is fair and adequate under the circumstances.

6. The Sale Notice, substantially in the form attached to the Sale Motion as Exhibit C, is approved.

7. No later than five (5) business days after the entry of this Order (the "**Mailing Date**"), the Debtors (or their agents) shall serve by first class mail, postage prepaid, a copy of this Order, which includes the Sales and Bidding Procedures, and the Sale Notice[4] on:

    i    the DIP Lender and its counsel;

    ii    the Stalking Horse Bidder and its counsel;

    iii    the Office of the United States Trustee for the District of Delaware;

    iv    counsel to the Committee (and any other statutorily-appointed committee in these chapter 11 cases);

    v    the United States Attorney for the District of Delaware;

    vi    the Internal Revenue Service;

    vii    the Environmental Protection Agency;

    viii    all known taxing authorities for the jurisdictions to which the Debtors are subject;

---

[4] Any document referenced herein will be in English, unless specifically identified as being translated into another language.

01:17291525.16

ix    all entities known or reasonably believed to have asserted a Lien on any of the Debtors' Assets;

x    all creditors who are known to have or have asserted secured claims;

xi    the Equal Opportunity Employment Commission;

xii    all entities reasonably known to have expressed a bona fide interest in acquiring the Debtors' Assets during the six (6) months preceding the date of this Motion;

xiii    the non-Debtor counterparties to the Contracts and Leases; and

xiv    those parties who have formally filed requests for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

8. The Debtors shall cause the Sale Notice to be translated into Tamil, Hindi, and Malayalam by an interpreter who has been certified in the applicable language by a reputable certification organization (or who possesses a comparable level of skill as to one who has been so certified) (the "**Translated Sale Notices**"). On the Mailing Date or as soon thereafter as practicable, the Debtors (or their agents) shall serve by first-class mail, postage prepaid, a copy of the Sale Notice and the Translated Sale Notices upon any H-2B Worker[5] who has not formally filed a request for notice in these chapter 11 cases at the last address known to the Debtors. The Translated Sale Notices shall also be provided to any other party upon request.

9. On the Mailing Date or as soon thereafter as practicable, the Debtors (or their agents) shall serve by first-class mail, postage prepaid, a copy of the Sale Notice upon all other known creditors of the Debtors. The Debtors shall also post the Motion, this Order, the Sales and Bidding Procedures, the Sale Notice, and the Translated Sale Notices on the website maintained by the Debtors' claims and noticing agent.

---

[5] For purposes of this Order, "H-2B Workers" means any and all former employees and recruits of any Debtor hired and/or recruited through the United States H-2B immigration program who, independently or through the Equal Employment Opportunity Commission, have asserted or may assert certain legal and equitable claims against any Debtor.

01:17291525.16

10. Within five (5) business days after the entry of this Order (or as soon thereafter as reasonably practicable, but no later than twenty-five (25) days prior to the Sale Objection Deadline), the Debtors (or their agents) will cause: (i) the Sale Notice, as modified for publication (the "**Publication Notice**"), to be published once in *The New York Times* (national edition), the Mississippi *SunHerald*, the *Houston Chronicle*, and an English language newspaper of general circulation in India and (ii) the Publication Notice translated in Malayalam to be published once in *Malayala Manorama*.

11. The form and manner of notice described in this Order are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules and shall be sufficient and proper notice of the Motion, the relief requested in the Motion, the Auction, and the proposed Sale to any interested parties, whether or not such parties are known to the Debtors and whether or not such parties have domestic or foreign addresses.

12. Any bid submitted by a Potential Bidder, other than the bid of the Stalking Horse Bidder, must (i) be delivered in writing to the Bid Notice Parties **by no later than 5:00 p.m. (Prevailing Eastern Time) on October 13, 2015** (the "**Bid Deadline**") and (ii) satisfy the Qualified Bid Requirements.

13. If a Qualified Bid, other than that submitted by the Stalking Horse Bidder, has been received by the Debtors prior to the Bid Deadline from a Qualified Bidder, the Debtors shall conduct an Auction at the offices of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 **at 10:00 a.m. (Prevailing Eastern Time) on October 14, 2015**, or such other place and time as the Debtors timely communicate to all entities entitled to attend the Auction. If the place, date, or time of the

01:17291525.16

6

Auction changes, or if the Auction is cancelled, then the Debtors will file a notice with this Court of any such change or cancellation.

14. Within 48 hours of the conclusion of the Auction, the Debtors will file the Supplement (as defined in the Sales and Bidding Procedures) with this Court and post the same on the website maintained by the Debtors' claims and noticing agent and no further notice of the Supplement to any parties-in interest in the Debtors' chapter 11 cases is required.

15. The Sale Hearing is hereby scheduled for **November 24, 2015 at 2:00 p.m. (Prevailing Eastern Time)**. Objections, if any, to the Sale to the Stalking Horse Bidder and entry of the Sale Order must be filed and served on the Bid Notice Parties **by October 13, 2015 at 4:00 p.m. (Prevailing Eastern Time)** (the "<u>Sale Objection Deadline</u>").

16. Objections to the Cure Amount, the adequate assurance of future performance by the Stalking Horse Bidder, and any other objections to the assumption and assignment of the Contract or Lease, other than to adequate assurance of future performance by Qualified Bidders other than the Stalking Horse Bidder, (collectively, the "<u>Contract Objections</u>") **must be filed and served on the Bid Notice Parties by no later than the Sale Objection Deadline**. Any objections to the adequate assurance of future performance obligations by Qualified Bidders other than the Stalking Horse Bidder ("<u>Adequate Assurance Objections</u>") **must be filed and served no later than 4:00 p.m. (Prevailing Eastern Time) on November 3, 2015** (the "<u>Adequate Assurance Objection Deadline</u>").

17. Objections to the conduct of the Auction and the terms of a Sale to a Prevailing Purchaser other than the Stalking Horse Bidder must be filed and served on the Bid Notice Parties **by November 3, 2015 at 4:00 p.m. (Prevailing Eastern Time)** (the "<u>Auction Objection Deadline</u>").

01:17291525.16

7

18. For a Contract Party listed on a Supplemental Cure Notice, (i) the deadline to file Contract Objections shall be the later of (a) seventeen (17) days after the date the Supplemental Cure Notice is served and (b) the Sale Objection Deadline and (ii) the deadline to file Adequate Assurance Objections shall be the later of (a) the Contract Party's deadline to file Contract Objections and (b) the Adequate Assurance Objection Deadline.

19. If the Supplemental Cure Notice provides for a deadline to file Contract Objections that is after the date of the Sale Hearing, unless the Contract Party timely files and serves a Contract Objection to the Supplemental Cure Notice, the Debtors shall be authorized to assume and assign the applicable Contract or Lease, subject to the expiration of the applicable deadline to file a Contract Objection and occurrence of the Closing, without further order or notice of hearing.

20. Unless a Contract Party files an objection to the Cure Amount by the applicable objection deadline, then, absent further order of this Court, such counterparty shall be (i) forever barred from objecting to the Cure Amount and (ii) forever barred and estopped from asserting or claiming any Cure Amount, other than the Cure Amount listed on the schedule to the Cure Notice, against the Debtors, the Prevailing Purchaser, or any other assignee of the Assigned Contract.

21. Unless a Contract Party to an Assigned Contract files a timely objection to the assumption and assignment of such Contract or Lease to the Prevailing Purchaser, then, absent further order of this Court, such counterparty shall be deemed to have consented to the assumption and assignment to the Prevailing Purchaser and will be forever barred from objecting to such assumption and assignment on account of Cure Amount, lack of adequate assurance, or any other grounds.

22. TRS and ERS are hereby approved as the Stalking Horse Bidder pursuant to the terms of the Stalking Horse APA.

23. Upon entry of this Order, the Break-Up Fee (if payable pursuant to the terms of the Stalking Horse APA) shall, until paid in full as set forth in the Stalking Horse APA, be entitled to administrative expense status pursuant to sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code. Notwithstanding anything to the contrary in the Stalking Horse APA, the amount of the Break-Up Fee is revised to be $1,000,000.

24. The obligations of the Debtors related to the Break-Up Fee shall survive any termination of the Stalking Horse APA.

25. This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors. Certain provisions of this Order that relate to bid protections shall inure to the benefit of the Stalking Horse Bidder and its affiliates, successors, and assigns.

26. In the event the Stalking Horse Bidder is not the Prevailing Purchaser, the Stalking Horse Bidder shall have standing to object to the Sale of the Acquired Assets or any portion thereof (including the conduct of the Auction and interpretation of the Sales and Bidding Procedures) at the Sale Hearing.

27. The Debtors are authorized to amend the forms and notices approved hereby to conform to this Order and to make other non-substantive changes thereto.

28. Notwithstanding anything to the contrary in the Motion or the Stalking Horse APA, or any other Bidder APA, this Court will not be bound by the Prevailing Purchaser's allocation under the Prevailing Purchaser's asset purchase agreement with respect to the

01:17291525.16

9

determination of the value of any secured claims asserted by Max Specialty Insurance Company ("**Max Specialty**") and the value of the assets upon which Max Specialty asserts a lien.

29. As to the Debtors' lease with Pinto Island Land Company, Inc. ("**Pinto**"), "information reasonably related to adequate assurance" shall include, without limitation, to the extent available, financial statements and tax returns, cash flow projections, bank account statements, information regarding the proposed assignee's operating experience, the identity and qualification of the assignee's management and a statement of the intended use of the premises subject to such lease; if any such information is deemed confidential, it shall be produced subject to a confidentiality agreement executed by the Debtors and Pinto.

30. The Debtors are authorized to take such actions as are necessary or appropriate to implement the Sales and Bidding Procedures and the Assumption and Assignment Procedures.

31. Notwithstanding Bankruptcy Rules 6004(h), 6006(d), or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

32. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including any matter, claim or dispute arising from or related to the Break-Up Fee, the Stalking Horse APA, and the Sales and Bidding Procedures.

01:17291525.16

10

33. In accordance with this Court's *Order Authorizing the Debtors to Assume the Plan Support Agreement* entered on September 1, 2015 (the "**PSA Order**"), to be deemed a Qualified Bidder and participate in the Auction, each such Bidder must agree to be bound by the terms of the Westport Participation Agreement, as defined in the PSA Order and the plan support agreement by and among the Debtors and certain of their creditors (as such may be amended, the "**Plan Support Agreement**").

Dated: September \_\_\_, 2015
Wilmington, Delaware

Mary F. Walrath
United States Bankruptcy Judge

01:17291525.16