## EXHIBIT 2
## ASSUMPTION AND ASSIGNMENT PROCEDURES

The Assumption and Assignment Procedures are as follows:

1. **Cure Notice.** The Debtors will file and serve the Cure Notice attached hereto as Exhibit A (the "**Cure Notice**") on all the non-Debtor counterparties to each of the Debtors' Contracts and Leases (the "**Contract Parties**") within five (5) business days after entry of the Sales and Bidding Procedures Order.

2. **Content of the Cure Notice.** The Cure Notice will include the following information: (i) the title of the Contract or Lease that may be assumed and assigned; (ii) the name of the applicable Contract Party thereto; (iii) the amount, if any, determined by the Debtors to be necessary to be paid to cure and compensate for any existing default, whether arising prepetition or postpetition, in accordance with sections 365(b) and 365(f)(2) of the Bankruptcy Code (as such amounts may be amended from time to time through the filing and service to each affected Contract Party of an amended Cure Notice prior to the Sale Hearing, the "**Cure Amount**"); (iv) the deadline by which any such Contract Party must object to the assumption or assignment of such Contract or Lease, including the proposed Cure Amount to be paid to such Contract Party; and (v) the other objection-related requirements set forth in Section 3 below.

3. **Objections.** Objections to the proposed Cure Amount, adequate assurance of future performance of obligations to be provided to the Contract Parties, and any other objections to the assumption and assignment of the Contracts or Leases must: (i) be in writing; (ii) set forth the nature of the objector's claims against or interests in the Debtors' estates (if different than reflected in the Cure Notice); (iii) the basis for the objection; (iv) comply with all applicable Bankruptcy Rules and orders of the Court; and (v) be filed with the Court and served upon the Bid Notice Parties. Objections to the proposed Cure Amount, the adequate assurance of future performance by the Stalking Horse Bidder, and any other objections to the assumption and assignment of the Contract or Lease, other than to adequate assurance of future performance by Qualified Bidders other than the Stalking Horse Bidder (collectively, the "**Contract Objections**") must be filed and served by no later than the Sale Objection Deadline of **October 13, 2015 at 4:00 p.m. (Prevailing Eastern Time)**. Any objections to the adequate assurance of future performance obligations by Qualified Bidders other than the Stalking Horse Bidder ("**Adequate Assurance Objections**") must be filed and served no later than **4:00 p.m. (Prevailing Eastern Time) on November 3, 2015** (the "**Adequate Assurance Objection Deadline**").

4. **Supplemental Cure Notice Procedures.** If, at any time after the entry of the Sales and Bidding Procedures Order, the Debtors or any Qualified Bidder identify additional Contracts or Leases that may be assumed and assigned to the Stalking Horse Bidder or other Prevailing Purchaser as Assigned Contracts (whether before or after closing of the Sale), as applicable, the Debtors shall file with the Court and serve a supplemental Cure Notice on the applicable Contract Party (and its attorney, if known) by mail (and email or fax if known) (the "**Supplemental Cure Notice**"). For a Contract Party listed on a Supplemental Cure Notice, (i) the deadline to file Contract Objections shall be the later of (a) seventeen (17) days after the

date the Supplemental Cure Notice is served and (b) the Sale Objection Deadline and (ii) the deadline to file Adequate Assurance Objections shall be the later of (a) the Contract Party's deadline to file Contract Objections and (b) the Adequate Assurance Objection Deadline.

If the Supplemental Cure Notice provides for a deadline to file Contract Objections that is after the date of the Sale Hearing, unless the Contract Party timely files and serves an objection as set forth herein to the Supplemental Cure Notice, the Debtors shall be authorized to assume and assign the applicable Contract or Lease, subject to the expiration of the applicable deadline to file a Contract Objection occurrence of the Closing, without further order or notice of hearing. If a validly filed objection is not consensually resolved, then the Debtors will schedule a hearing to consider the objection on the next scheduled omnibus hearing date.

5. **Request for Adequate Assurance.** Any Contract Party's request for adequate assurance information regarding the Stalking Horse Bidder or other Prevailing Purchaser (a "**Request for Adequate Assurance**") must include an email address, postal address, and/or facsimile number to which a response to such request will be sent. Upon receiving a Request for Adequate Assurance, the Debtors shall promptly, but no later than within two (2) business days, provide the Contract Party with any non-confidential information reasonably related to adequate assurance by email, facsimile or overnight delivery.

6. **Effects of Objecting to a Cure Notice.** If a Contract Party does not object to the Cure Amount, such Contract Party shall be deemed to have agreed to the Cure Amount. A properly filed and served objection to a Cure Notice will reserve such objecting party's rights against the Debtors with respect to the specific objections stated therein, but will not constitute an objection to any of the remaining relief requested in the Sale Motion. If any validly-filed objection is not consensually resolved, the Court shall adjudicate such objection at the Sale Hearing or on such other date and time as agreed to by the Debtors and the Prevailing Purchaser or as may be fixed by the Court.

7. **Reservation of Rights.** The determination whether a Contract or Lease is to be assumed and assigned is subject to a subsequent decision by the Prevailing Purchaser(s) to be made prior to the Executory Contract Designation Deadline and to approval by the Court at the Sale Hearing. Consequently, the listing of a Contract or Lease in the Cure Notice is not an indication of whether the Contract or Lease will be assumed and assigned or rejected. Until the Executory Contract Designation Deadline, the Purchaser in its sole and absolute discretion may amend the Contract & Cure Schedule to (i) add or remove any Contract or Lease or (ii) modify the treatment of any Contract or Lease. The listing of any Contract or Lease on any Cure Notice does not constitute an admission by the Debtors that such Contract or Lease is an executory contract or unexpired lease or that the Debtors have any liability thereunder.

## EXHIBIT A

**Cure Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SIGNAL INTERNATIONAL, INC., et al.[1] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |

**NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**PARTIES LISTED ON EXHIBIT I ATTACHED HERETO ARE RECEIVING THIS NOTICE BECAUSE THEY MAY BE A COUNTERPARTY TO A CONTRACT OR LEASE WITH SIGNAL INTERNATIONAL, INC. OR ONE OR MORE OF ITS AFFILIATED DEBTORS**

**PLEASE TAKE NOTICE THAT**, on July 12, 2015, Signal International, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE THAT**, on July 13, 2015, the Debtors entered into that certain Asset Purchase Agreement (as may be amended, the "**Stalking Horse APA**") by and among the Debtors and the Teachers' Retirement System of Alabama and the Employees Retirement System of Alabama (or their respective designees, if any) (collectively, the "**Stalking Horse Bidder**").

**PLEASE TAKE FURTHER NOTICE THAT**, on July 22, 2015, the Debtors filed the *Debtors' Motion for Entry of: (I) an Order (A) Approving Sales and Bidding Procedures in Connection with Sale of Assets of the Debtors, (B) Approving Bid Protections, (C) Approving Form and Manner of Notice, (D) Scheduling the Auction and Sale Hearing, (E) Authorizing Procedures Governing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (F) Granting Related Relief; and (II) an Order (A) Approving Purchase Agreement, (B) Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (C) Granting Related Relief Motion of the Debtors* [D.I. 120] (the "**Motion**") with the Clerk of the Bankruptcy Court seeking, among other things, entry of an order (the "**Sale Order**") authorizing and approving: (i) the sale of substantially all of the Debtors' assets (the "**Acquired Assets**") free and clear of liens, claims, encumbrances and other interests, with all such liens, claims, encumbrances and other interests attaching with the same validity and priority to the sale proceeds, to the Stalking Horse Bidder or other Prevailing Purchaser (the "**Sale**"); and (ii) the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "**Assigned Contracts**"). Please note that all capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

**PLEASE TAKE FURTHER NOTICE THAT**, on [●], 2015, the Bankruptcy Court entered an order [D.I. ●] (the "**Sales and Bidding Procedures Order**") granting certain of the relief sought in the Motion, including, among other things, approving: (i) the sales and bidding procedures for the Sale of the Acquired Assets (the "**Sales and Bidding Procedures**"); and (ii) procedures for the assumption and assignment of Contracts and Leases (the "**Assumption and Assignment Procedures**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

PLEASE TAKE FURTHER NOTICE THAT a hearing to consider approval of the Sale (the "**Sale Hearing**") is presently scheduled to take place on **November 24, 2015 at 2:00 p.m. (Prevailing Eastern Time) (or such later date as determined in accordance with the Sales and Bidding Procedures)** before the Honorable Mary F. Walrath, United States Bankruptcy Court, 824 Market Street N, 5th Floor, Courtroom No. 4, Wilmington, DE 19801. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

## Assumption and Assignment Procedures

PLEASE TAKE FURTHER NOTICE THAT, in connection with the Sale, the Debtors may seek to assume and assign some or all of the Contracts and Leases set forth on **Exhibit I** attached hereto. In addition, the amounts, if any, necessary to be paid to cure and compensate for any existing defaults, whether arising prepetition or postpetition, in accordance with sections 365(b) and 365(f)(2) of the Bankruptcy Code, under each of the Contracts and Leases (the "**Cure Amounts**") are likewise set forth on **Exhibit I** attached hereto.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Sales and Bidding Procedures Order, in the event that the Debtors timely receive one or more Qualified Bids, other than the bid of the Stalking Horse Bidder, the Debtors will conduct an auction (the "**Auction**") for the Acquired Assets. The Auction will be held at the offices of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 **at 10:00 a.m. (Prevailing Eastern Time) on October 14, 2015**, or such other place and time as the Debtors timely communicate to all entities entitled to attend the Auction. Following the Auction, the Debtors will file with the Bankruptcy Court a supplement (the "**Supplement**"), which will, among other things, identify (i) the Prevailing Purchaser as the proposed purchaser of the Acquired Assets, (ii) the amount and form of consideration to be paid by the Prevailing Purchaser for the Acquired Assets, (iii) the Assumed Liabilities to be assumed by the Prevailing Purchaser, and (iv) the Contracts and Leases to be assumed by the Debtors and assigned to the Prevailing Purchaser in connection with the Sale, subject only to the Prevailing Purchaser's right prior to the Executory Contract Designation Deadline to amend such list to (a) add or remove any Contract or Lease or (b) modify the treatment of any Contract or Lease. The Supplement will also include similar information relating to the Back-Up Bidder and the Back-Up Bid. In addition, the Debtors will attach to the Supplement (i) any revised proposed order approving the Sale to the Prevailing Purchaser, (ii) copies of the Bidder APA of the Prevailing Purchaser and Back-Up Bidder submitted to the Debtors, and (iii) any additional information or documentation relevant to the Prevailing Bid and/or Back-Up Bid. Within 48 hours of the conclusion of Auction, the Debtors will file the Supplement with the Bankruptcy Court and post the same on the website maintained by the Debtors' claims and noticing agent.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Assumption and Assignment Procedures, objections to the proposed Cure Amount, adequate assurance of future performance of obligations to be provided to the Contract Parties, and any other objections to the assumption and assignment of the Contract or Lease must: (i) be in writing; (ii) set forth the nature of the objector's claims against or interests in the Debtors' estates (if different than reflected in the Cure Notice); (iii) the basis for the objection; (iv) comply with all applicable Bankruptcy Rules and orders of the Bankruptcy Court; and (v) be filed with the Bankruptcy Court and served upon the following: (a) counsel to the Debtors: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: M. Blake Cleary, Esq.) and Hogan Lovells US LLP, 875 Third Avenue, New York, NY 10022 (Attn: Christopher R. Donoho III, Esq.); (b) Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Tiiara N.A. Patton, Esq.); (c) counsel to the Stalking Horse Bidder and DIP Lender: Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, AL 35203 (Attn: Derek F. Meek, Esq.) and Morris Nichols Arsht & Tunnell, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899 (Attn: Eric D. Schwartz, Esq. and Gregory W. Werkheiser, Esq.); and (d) counsel for the Committee: Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Bradford J. Sandler, Esq.). Objections to the proposed Cure Amount, the adequate assurance of future performance by the Stalking Horse Bidder, and any other objections to the

assumption and assignment of the Contract or Lease, other than to adequate assurance of future performance by Qualified Bidders other than the Stalking Horse Bidder (collectively, the "**Contract Objections**") must be filed and served by no later than the **Sale Objection Deadline of** <u>**October 13, 2015 at 4:00 p.m.**</u> **(Prevailing Eastern Time)**. Any objections to the adequate assurance of future performance obligations by Qualified Bidders other than the Stalking Horse Bidder ("**Adequate Assurance Objections**") must be filed and served no later than <u>**4:00 p.m. (prevailing Eastern Time) on November 3, 2015**</u> (the "**Adequate Assurance Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE THAT**, under the terms of the Assumption and Assignment Procedures, if at any time after the entry of the Sales and Bidding Procedures Order, the Debtors or any Qualified Bidder identify additional Contracts or Leases that may be assumed and assigned to the Stalking Horse Bidder or other Prevailing Purchaser as Assigned Contracts (whether before or after closing of the Sale), as applicable, the Debtors shall file with the Bankruptcy Court and serve a supplemental Cure Notice on the applicable Contract Party (and its attorney, if known) by mail (and email or fax if known) (the "**Supplemental Cure Notice**"). For a Contract Party listed on a Supplemental Cure Notice, (i) the deadline to file Contract Objections shall be the later of (a) seventeen (17) days after the date the Supplemental Cure Notice is served and (b) the Sale Objection Deadline and (ii) the deadline to file Adequate Assurance Objections shall be the later of (a) the Contract Party's deadline to file Contract Objections and (b) the Adequate Assurance Objection Deadline. If the Supplemental Cure Notice provides for a deadline to file Contract Objections that is after the date of the Sale Hearing, unless the Contract Party timely files and serves an objection as set forth herein to the Supplemental Cure Notice, the Debtors shall be authorized to assume and assign the applicable Contract or Lease, subject to the expiration of the applicable deadline to file a Contract Objection and the occurrence of the Closing, without further order or notice of hearing.

**PLEASE TAKE FURTHER NOTICE THAT**, if a timely objection is received as set forth herein and such objection cannot otherwise be resolved by the parties, the Bankruptcy Court may hear such objection at the Sale Hearing or on such other date and time as may be set by the Bankruptcy Court or agreed to by the Debtors and the Prevailing Purchaser.

**PLEASE TAKE FURTHER NOTICE THAT** the determination whether a Contract or Lease is to be assumed and assigned is subject to a subsequent decision by the Prevailing Purchaser(s) to be made prior to the Executory Contract Designation Deadline and to approval by the Bankruptcy Court at the Sale Hearing. Consequently, the listing of a Contract or Lease on <u>**Exhibit I**</u> attached hereto is not an indication of whether the Contract or Lease will be assumed and assigned or rejected. The listing of any Contract or Lease on any Cure Notice does not constitute an admission by the Debtors that such Contract or Lease is an executory contract or unexpired lease or that the Debtors have any liability thereunder.

**PLEASE TAKE FURTHER NOTICE THAT** the listing of a Contract or Lease on <u>**Exhibit I**</u> attached hereto shall <u>**not**</u> be deemed or construed as a limitation or waiver of the Debtors' ability to amend, modify, or supplement this Cure Notice with an updated Cure Amount for a particular specified Contract or Lease, which updated Cure Amount may be lower than the original Cure Amount listed herein for such particular Contract or Lease.

<u>**CONSEQUENCES OF FAILING TO TIMELY FILE AND SERVE AN OBJECTION**</u>

**PLEASE TAKE FURTHER NOTICE THAT**, absent further order of the Bankruptcy Court, any Contract Party that fails to timely object as set forth herein shall be (i) forever barred from objecting to the assumption and assignment of any Assigned Contract identified on <u>**Exhibit I**</u>, including, without limitation, asserting any additional cure payments, and requesting additional adequate assurance of future performance, (ii) deemed to have consented to the applicable Cure Amount, if any, and to the assumption and assignment of the applicable Assigned Contract, (iii) bound to such corresponding Cure Amount, if any, (iv) deemed to have agreed that the Prevailing Purchaser has provided adequate assurance of future performance within the meaning of section 365(b)(1)(c) of the Bankruptcy Code, (v) deemed to have agreed that all defaults under the applicable Assigned Contract arising or continuing prior to the effective date of the assignment have been

3

cured as a result or precondition of the assignment, such that the Prevailing Purchaser or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the applicable Assigned Contract shall remain in full force and effect for the benefit of the Prevailing Purchaser and such entity in accordance with its terms, (vi) deemed to have waived any right to terminate the applicable Assigned Contract or designate an early termination date under the applicable Assigned Contract as a result of any default that occurred and/or was continuing prior to the assignment date, and (vii) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Assigned Contract.

<u>Obtaining Additional Information</u>

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Motion, the Stalking Horse APA, the Sales and Bidding Procedures Order, the Sales and Bidding Procedures, the Supplement (if applicable), and any other related documents are available upon request to the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, at 888-830-4665 (toll free) or 310-751-2648 (international callers), or by visiting the website maintained in these chapter 11 cases at www.kccllc.net/signal.

Dated: [●], 2015                                  YOUNG CONAWAY STARGATT & TAYLOR, LLP
Wilmington, Delaware

M. Blake Cleary (No. 3614)
Jaime Luton Chapman (No. 4936)
Travis G. Buchanan (No. 5595)
Rodney Square
1000 King Street
Wilmington, Delaware 19801
Telephone: (302) 573-7799
Facsimile: (302) 571-1253

*Counsel for the Debtors and Debtors in Possession*

| SUMMARY OF KEY EVENTS AND DEADLINES[2] | DATE |
|---|---|
| Sale Objection Deadline (deadline for Contract Objections and all objections to the Sale to the Stalking Horse Bidder and entry of the Sale Order) | October 13, 2015 at 4:00 p.m. (ET) |
| Bid Deadline | October 13, 2015 at 5:00 p.m. (ET) |
| Auction (if necessary) | October 14, 2015 at 10:00 a.m. (ET) |
| Deadline for Debtors to File Supplement | Within 48 hours of the conclusion of Auction |
| Auction and Adequate Assurance Objection Deadlines (deadline for any objections to the conduct of the Auction, the terms of a Sale to a Prevailing Purchaser other than the Stalking Horse Bidder, and the adequate assurance of future performance obligations by Qualified Bidders other than the Stalking Horse Bidder) | November 3, 2015 at 4:00 p.m. (ET) |
| Sale Hearing | November 24, 2015 at 2:00 p.m. (ET) |

---

[2] All dates, times, and deadlines are subject to change or modification in accordance with the Sales and Bidding Procedures Order. Please see the Sales and Bidding Procedures Order for additional information.

4