**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL INTERNATIONAL, INC., et al.**[1] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |

## NOTICE OF SALE, SALES AND BIDDING PROCEDURES, AUCTION, AND SALE HEARING

**TO ALL CREDITORS AND OTHER PARTIES IN INTEREST:**

  **PLEASE TAKE NOTICE THAT**, on July 12, 2015, Signal International, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

  **PLEASE TAKE FURTHER NOTICE THAT**, on July 13, 2015, the Debtors entered into that certain Asset Purchase Agreement (as may be amended, the "**Stalking Horse APA**") by and among the Debtors and the Teachers' Retirement System of Alabama and the Employees Retirement System of Alabama (or their respective designees, if any) (collectively, the "**Stalking Horse Bidder**").

  **PLEASE TAKE FURTHER NOTICE THAT**, on July 22, 2015, the Debtors filed the *Debtors' Motion for Entry of: (I) an Order (A) Approving Sales and Bidding Procedures in Connection with Sale of Assets of the Debtors, (B) Approving Bid Protections, (C) Approving Form and Manner of Notice, (D) Scheduling the Auction and Sale Hearing, (E) Authorizing Procedures Governing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (F) Granting Related Relief; and (II) an Order (A) Approving Purchase Agreement, (B) Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (C) Granting Related Relief Motion of the Debtors* [D.I. 120] (the "**Motion**") with the Clerk of the Bankruptcy Court seeking, among other things, entry of an order (the "**Sale Order**") authorizing and approving: (i) the sale of substantially all of the Debtors' assets (the "**Acquired Assets**"), except for certain Excluded Assets (as defined in the Stalking Horse APA), free and clear of liens, claims, encumbrances and other interests, with all such liens, claims, encumbrances and other interests attaching with the same validity and priority to the sale proceeds, to the Stalking Horse Bidder or such other Prevailing Purchaser (the "**Sale**"); and (ii) the assumption and assignment of certain executory contracts and unexpired leases. Please note that all capitalized terms used but not defined herein shall have the meanings set forth in the Motion or, if not defined therein, the Stalking Horse APA.

  **PLEASE TAKE FURTHER NOTICE THAT** approval of the Sale of the Acquired Assets to the Stalking Horse Bidder or other Prevailing Purchaser may result in, among other things, the assumption, assignment, and/or transfer by the Debtors of certain executory contracts and unexpired leases. If you are counterparty to an executory contract or unexpired lease with the Debtors, you will receive a separate notice that contains additional relevant dates and other information that may impact you as counterparty to such executory contract or unexpired lease.

  **PLEASE TAKE FURTHER NOTICE THAT**, on September 1, 2015, the Bankruptcy Court entered an order [D.I. 280] (the "**Sales and Bidding Procedures Order**") granting certain of the relief sought in the Motion, including, among other things, approving: (i) the sales and bidding procedures for the Sale of the Acquired Assets (the "**Sales and Bidding Procedures**"); and (ii) procedures for the assumption and assignment of executory contracts and unexpired leases.

  **PLEASE TAKE FURTHER NOTICE THAT** the Debtors are soliciting offers for the purchase of substantially all of their assets consistent with the Sales and Bidding Procedures and the Sales and Bidding Procedures Order. **All interested bidders should carefully read the Sales and Bidding Procedures and the Sales and Bidding Procedures Order**. To the extent that there are any conflicts or inconsistencies between this notice and the Sales and Bidding Procedures or the Sales and Bidding Procedures Order, the Sales and Bidding Procedures or the Sales and Bidding Procedures Order, as applicable, shall govern in all respects.

  **PLEASE TAKE FURTHER NOTICE THAT** to participate in the sales and bidding process, and to be deemed a "**Qualified Bidder**," each potential bidder (except the Stalking Horse Bidder) must comply with the requirements of Paragraph 4 of the Sales and Bidding Procedures and deliver a written offer, **so as to be received by no later than October 13, 2015 at 5:00**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

p.m. (prevailing Eastern time) (the "**Bid Deadline**") to the following (collectively, the "**Bid Notice Parties**"): (i) the Debtors' investment bankers: SSG Advisors, LLC, 300 Barr Harbor Drive, West Conshohocken, PA 19428 (Attn: J. Scott Victor and Teresa C. Kohl); (ii) counsel to the Debtors: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: M. Blake Cleary, Esq.) and Hogan Lovells US LLP, 875 Third Avenue, New York, NY 10022 (Attn: Christopher R. Donoho III, Esq.); (iii) Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Tiiara N.A. Patton, Esq.); (iv) counsel to the Stalking Horse Bidder and DIP Lender: Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, AL 35203 (Attn: Derek F. Meek, Esq.) and Morris Nichols Arsht & Tunnell, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899 (Attn: Eric D. Schwartz, Esq. and Gregory W. Werkheiser, Esq.)  and (v) counsel for the Committee: Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Bradford J. Sandler, Esq.).

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Sales and Bidding Procedures Order, in the event that the Debtors timely receive one or more Qualified Bids, other than the bid of the Stalking Horse Bidder, the Debtors will conduct an auction (the "**Auction**") for the Acquired Assets.  The Auction will be held at the offices of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, **at 10:00 a.m. (Prevailing Eastern Time) on October 14, 2015**, or such other place and time as the Debtors timely communicate to all entities entitled to attend the Auction. Only the Debtors, Qualified Bidders, the Committee, the DIP Lender, the Stalking Horse Bidder, the United States Trustee, creditors providing written notice of their intention to attend the Auction to Debtors' counsel at mbcleary@ycst.com and chris.donoho@hoganlovells.com on or before the Bid Deadline, and the respective advisors of any of the foregoing, will be permitted to attend the Auction.  Notwithstanding the foregoing, creditors may observe, but not participate in, the Auction.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to consider approval of the Sale (the "**Sale Hearing**") is presently scheduled to take place on **November 24, 2015 at 2:00 p.m. (Prevailing Eastern Time) (or such later date as determined in accordance with the Sales and Bidding Procedures)** before the Honorable Mary F. Walrath, United States Bankruptcy Court, 824 Market Street N, 5th Floor, Courtroom No. 4, Wilmington, DE 19801.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, must be in writing, conform to the Bankruptcy Rules and Local Rules, set forth the basis for the objection, be filed with the Clerk of the Bankruptcy Court, and served on the Bid Notice Parties so as to be **actually received by no later than the following deadlines**: (i) **4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 13, 2015** (the "**Sale Objection Deadline**") for any objections to the Sale to the Stalking Horse Bidder and entry of the Sale Order and (ii) **4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 3, 2015** for objections to (a) the conduct of the Auction and the terms of a Sale to a Prevailing Purchaser other than the Stalking Horse Bidder (the "**Auction Objection Deadline**") and (b) to adequate assurance of future performance by Qualified Bidders other than the Stalking Horse Bidder (the "**Adequate Assurance Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE THAT**, within 48 hours of the Auction, the Debtors will file with the Bankruptcy Court, and post the same on the case website at www.kccllc.net/signal, a supplement (the "**Supplement**"), which will, among other things, identify (i) the Prevailing Purchaser as the proposed purchaser of the Acquired Assets, (ii) the amount and form of consideration to be paid by the Prevailing Purchaser for the Acquired Assets, and (iii) the Assumed Liabilities to be assumed by the Prevailing Purchaser.

**PLEASE TAKE FURTHER NOTICE THAT any entity that fails to timely file an objection on or before the Sale Objection Deadline and the Auction Objection Deadline, as applicable, shall be barred from asserting any objection to the Sale, including with respect to the transfer of the Acquired Assets free and clear of all liens, claims, encumbrances, and other interests.  If you fail to respond in accordance with this notice, the Bankruptcy Court may grant the relief requested in the Motion without further notice or hearing.  Any creditor that receives notice of the Sale Hearing and fails to timely file an objection to the Sale on or before the Sale Objection Deadline and the Auction Objection Deadline, as applicable, in accordance with the Sales and Bidding Procedures Order shall be deemed to have consented under section 363(f)(2) of the Bankruptcy Code to such Sale free and clear of such creditor's lien or interests, if any.**

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors intend to seek Bankruptcy Court approval at the Sale Hearing of the proposed Sale Order, which provides that the Stalking Horse Bidder or other Prevailing Purchaser will have no responsibility for, and the Acquired Assets will be sold free and clear of, all Liens of any kind or nature whatsoever including, without limitation, claims held or asserted by, for or on behalf of former employees and recruits of any Debtor hired and/or recruited through the United States H-2B immigration program, any statutory lien on real and personal property and any and all "liens" as that term is defined and used in the Bankruptcy Code (including section 101(37) thereof), liabilities, interests, rights,

encumbrances, mortgages, restrictions (including, without limitation, any restriction on the use, voting rights, transfer rights, claims for receipt of income or other exercise of any attributes of ownership), hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, equity interests, conditional sale rights or other title retention agreements, pledges, judgments, demands, rights of first refusal, consent rights, offsets, contract rights, rights of setoff, recoupment rights, rights of recovery, reimbursement rights, contribution claims, indemnity rights, exoneration rights, product liability claims, alter-ego claims, environmental rights and claims (including, without limitation, toxic tort claims), labor rights and claims, employment rights and claims, pension rights and claims, tax claims, regulatory violations by any governmental entity, decrees of any court or foreign or domestic governmental entity, charges of any kind or nature, debts arising in any way in connection with any agreements, acts, or failures to act, reclamation claims, obligation claims, demands, guaranties, option rights or claims, rights, contractual or other commitment rights and claims, rights of licensees or sublicensees (if any) under section 365(n) of the Bankruptcy Code or any similar statute, rights of tenants and subtenants (if any) under section 365(h) of the Bankruptcy Code or any similar statute, and all other matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of these chapter 11 cases (but, for the avoidance of doubt, in each case arising from the ownership of the Acquired Assets or the operation of the business prior to the Closing Date), and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under any theory, law or doctrine of successor liability or related theories.  For the avoidance of doubt, the term "claims" includes, without limitation, any and all "claims" as that term is defined and used in the Bankruptcy Code (including section 101(5) thereof), with all such claims to attach to the proceeds of the Sale to be received by the Debtors with the same validity, force, priority and effect, if any, which they now have as against the Acquired Assets, subject to any claims and defenses the Debtors and other parties in interest may possess with respect thereto; *provided*, *however*, that setoff rights will be extinguished to the extent there is no longer mutuality after the consummation of the Sale.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Motion, the Stalking Horse APA, the Sales and Bidding Procedures Order, the Sales and Bidding Procedures, the Supplement (if applicable), and any other related documents are available upon request to the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, at 888-830-4665 (toll free) or 310-751-2648 (international callers), or by visiting the website maintained in these chapter 11 cases at www.kccllc.net/signal.

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> M. Blake Cleary (No. 3614)
> Jaime Luton Chapman (No. 4936)
> Travis G. Buchanan (No. 5595)
> Rodney Square
> 1000 King Street
> Wilmington, Delaware 19801
> Telephone: (302) 573-7799
> Facsimile:  (302) 571-1253
>
> *Counsel for the Debtors and Debtors in Possession*

| SUMMARY OF KEY EVENTS AND DEADLINES[2] | DATE |
|---|---|
| **Sale Objection Deadline** (deadline for all objections to the Sale to the Stalking Horse Bidder and entry of the Sale Order) | **October 13, 2015 at 4:00 p.m. (ET)** |
| **Bid Deadline** | **October 13, 2015 at 5:00 p.m. (ET)** |
| **Auction (if necessary)** | **October 14, 2015 at 10:00 a.m. (ET)** |
| **Deadline for Debtors to File Supplement** | **Within 48 hours of the conclusion of Auction** |
| **Auction and Adequate Assurance Objection Deadlines** (deadline for any objections to the conduct of the Auction, the terms of a Sale to a Prevailing Purchaser other than the Stalking Horse Bidder, and adequate assurance of future performance obligations by Qualified Bidders other than the Stalking Horse Bidder) | **November 3, 2015 at 4:00 p.m. (ET)** |
| **Sale Hearing** | **November 24, 2015 at 2:00 p.m. (ET)** |

---

[2]  All dates, times, and deadlines are subject to change or modification in accordance with the Sales and Bidding Procedures Order.  Please see the Sales and Bidding Procedures Order for additional information.

01:17617511.1