IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Signal International, Inc., et al.,**[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11498 (MFW)<br><br>(Jointly Administered) |

Objection Deadline: October 23, 2015 at 4:00 p.m.
Hearing Date: Scheduled only if Necessary

## SECOND APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR REIMBURSEMENT OF EXPENSES INCURRED BY COMMITTEE MEMBERS

The Official Committee of Unsecured Creditors (the "Committee") of the above captioned debtors and debtors in possession (the "Debtors"), by and through its undersigned counsel, submits this application (the "Application") for reimbursement of expenses incurred by Committee member Aby Karickathara Raju (the "Member") on July 21, 2015 and July 22, 2015 (the "Application Period") in connection with the Debtors' chapter 11 cases. In support of the Application, the Committee respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On July 12, 2015 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. On July 22, 2015, the United States Trustee for Region 3 appointed the Committee to represent the interests of all unsecured creditors in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code.

## RELIEF REQUESTED

5. By this Application, the Committee requests reimbursement of the expenses of the Member incurred during the Application Period, as set forth below, as administrative expenses of the Debtors, and directing payment of same.

## COMMITTEE MEMBER EXPENSES

6. The Member requests reimbursement of expenses in the amount of $1,205.34. Such expenses relate to the attendance of the Member at the Committee formation meeting held on July 22, 2015. The Committee expense reimbursement form for the Member, including photocopies of the receipts for the Member's expenses, are annexed hereto as **Exhibit A**.

7. The expenses were incurred by the Member in connection with their duties as a Member of the Committee and are submitted pursuant to that certain *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 207].

8. The expenses incurred by the Member were necessary to permit the effective performance of the Member's duties under section 1103 of the Bankruptcy Code and are reimbursable from the Debtors' estate. *See* 11 U.S.C. § 503(b)(3)(F); *In re First Merchants Acceptance Corp.*, 198 F.3d 394, 397 (3d Cir. 1999); *See also In re Haven Eldercare, LLC*, 382 B.R. 180, 183 (Bankr. D. Conn. 2008) ("The actual and necessary expenses of the lay members of the official unsecured creditors' committee . . . are entitled to treatment as administrative priority claims under Section 503(b)(3)(F)").

9. This is the Committee's second Application for Members' expenses and none of the expenses for which reimbursement is requested are duplicative of any expenses requested or awarded in any prior application.

10. The Committee reserves the right to include additional requests for expense reimbursement, if any, for this Application Period in subsequent applications.

11. Accordingly, the Member's expenses in the amount of $1,205.34 should be paid as an administrative expense of the Debtors' estates under section 503(b)(3)(F) of the Bankruptcy Code by the Debtors.

**WHEREFORE**, the Committee requests that the expenses incurred by the Member as reflected on **Exhibit A** be reimbursed by the Debtors in the total amount of $1,205.34.

Dated: October 2, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Robert J. Feinstein (*Admitted Pro Hac Vice*)
Bradford J. Sandler (Bar No. 4142)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rfeinstein@pszjlaw.com
       bsandler@pszjlaw.com

Proposed Counsel to the
Official Committee of Unsecured Creditors