<u>**EXHIBIT 3**</u>

**Blackline Against Initial Solicitation Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL INTERNATIONAL, INC., et al.**[1] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |
| | \underline{\text{Ref. Docket No. ——337}} |

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT;**
**(B) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION**
**HEARING; (C) APPROVING PROCEDURES FOR THE SOLICITATION AND**
**TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (D)**
**ESTIMATING EACH LITIGATION CLAIM AT $1.00 FOR VOTING PURPOSES;**
**(E) APPROVING NOTICE AND OBJECTION PROCEDURES IN RESPECT**
**THEREOF; AND (F) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for the entry of an order: (i) approving the Disclosure Statement; (ii) establishing the record date for the purpose of determining which creditors are entitled to vote on the Plan; (iii) approving solicitation materials and procedures for distribution thereof, (iv) estimating each Litigation Claim at $1.00 solely for voting purposes; (v) approving ballots and procedures for voting on the Plan and tabulating votes with respect thereto, and (vi) scheduling a hearing and approving notice procedures relating to confirmation of the Plan; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

[2] All capitalized terms used herein shall have the meaning ascribed to them in the Motion.

\frac{01}{} : \frac{\text{:17554711.101}}{7554711.15}

§§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given; and a hearing having been held to consider the relief requested in the Motion (the "**Disclosure Statement Hearing**"); and upon the record of the Disclosure Statement Hearing and all of the proceedings had before this Court and this Court having reviewed the Motion, the papers in support thereof, and the responses thereto, if any; and this Court having found and determined that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein; and the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY FOUND THAT:

A.      This Court has reviewed and approved the Disclosure Statement filed by the Debtors [D.I. _____] and has determined that it contains "adequate information" and otherwise complies with section 1125 of the Bankruptcy Code.

B.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

C.      The form of Non-Voting Creditor Notice annexed hereto as Exhibit 1, to be sent to Holders of Claims in Classes 1, 2, and 2,3, which Classes are deemed to accept the Plan, and Holders of Claims or Equity Interests in Classes 6 and 7, which Classes are deemed to reject the Plan, complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; provides adequate notice to Holders of Claims or Equity Interests in these Classes of their non-voting status; and adequately addresses the particular needs of these chapter 11 cases. No further notice of their non-voting status is necessary.

1

D.     The forms of Ballots annexed hereto as <u>Exhibits 2</u> through <u>4</u> are substantially consistent with Official Form No. 14, adequately address the particular needs of these chapter 11 cases, and provide adequate information and instructions for each Class of Claims entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

E.     Pursuant to the Plan, Allowed Claims in ~~Class 3 (First Lien Loan Agreement Claims),~~ Class 4 (Litigation Claims)~~,~~ and Class 5 (General Unsecured Claims) (together, the "**Voting Parties**") are impaired and entitled to receive distributions under the Plan, and accordingly, Holders of Claims in these Classes are entitled to vote on account of such Claims.

F.     The distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Record Date, Voting Deadline, Confirmation Objection Deadline, Confirmation Hearing, and all related matters.

G.     The period during which the Debtors may solicit acceptances to the Plan, as set forth below, is a reasonable and sufficient period of time for Voting Parties to make an informed decision regarding whether to accept or reject the Plan and timely return Ballots evidencing such decision.

H.     The Confirmation Hearing Notice substantially in the form annexed hereto as <u>Exhibit 5</u>, and the procedures set forth below for providing notice of the time, date, and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and for filing objections or responses to the Plan, provide due, proper, and adequate notice and comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and constitute sufficient notice to all interested parties.

01:~~17554711.10~~1
7554711.15

I.       All notices provided relating to confirmation of the Plan pursuant to the

procedures set forth herein constitute good and sufficient notice to all parties in interest of all

matters pertinent hereto and of all matters pertinent to the Confirmation Hearing, and no other or

further notice need be provided.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.       The Motion is granted as set forth herein.

2.       The Disclosure Statement contains adequate information in accordance

with section 1125 of the Bankruptcy Code and is approved.

3.       All objections or responses to the Disclosure Statement, if any, which have

not been withdrawn or resolved, are overruled.

4.       Kurtzman Carson Consultants LLC (the "**Voting and Balloting Agent**")

is authorized to perform all balloting and solicitation services and any services incidental thereto.

5.       The Record Date shall be set as October 8, 2015.

6.       The record Holders of Claims shall be determined as of the Record Date

based upon the records of the Debtors and the Voting and Balloting Agent.  Accordingly, any

documentation evidencing a transfer of a claim not received and docketed by this Court on or

before the Record Date shall not be recognized for purposes of voting or receipt of the Plan

confirmation materials.

7.       The Solicitation Packages are approved.

8.       The Debtors may include a letter from the Committee in support of the

Plan in the Solicitation Packages.

9.       8. The Solicitation Packages shall be distributed to each of the Voting

Parties by the Solicitation Date and shall contain the following materials: (i) the Confirmation

3

Hearing Notice; (ii) a copy of this Order (without exhibits) and a copy of the Disclosure Statement (together with the Plan and other exhibits annexed thereto); and (iii) the appropriate Ballot along with a postage prepaid, self-addressed, return envelope; and (iv) for Holders of Class 4 Litigation Claims, the Litigation Settlement TDP.

10. 9. The Debtors may distribute (or cause the Voting and Balloting Agent to distribute) the Solicitation Packages at their discretion in either paper or CD-ROM format (other than the Confirmation Hearing Notice and the Ballot, which shall be provided in paper format); provided, however, that, upon the request of any party in interest, the Debtors shall provide a paper copy of this Order and/or the Disclosure Statement, which shall include the Plan as an exhibit, at no cost to the party within five (5) business days of such request.

11. 10. The Non-Voting Creditor Notice shall be distributed to each of the Non-Voting Parties.

12. 11. The Debtors are directed to distribute, or cause to be distributed, by October 13, 2015 (the "**Solicitation Date**"), the Confirmation Hearing Notice on all parties on the creditor matrix maintained by the Voting and Balloting Agent that are not otherwise entitled to receive a Solicitation Package.

13. 12. With respect to any creditor who has filed duplicate Claims (whether against the same or multiple Debtors) or Claims that have been amended or superseded by Claims which are classified under the Plan in the same Class, the Debtors shall provide to such creditor only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether an objection to such duplicate, amended, or superseded Claims has been filed.

4

14. ~~13.~~ The Debtors are not required to distribute Solicitation Packages to creditors who have timely filed proofs of claim if the Claims have already been paid in the full claimed amount; provided, however, if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, such creditor will be sent a Solicitation Package.

15. ~~14.~~ With respect to addresses from which Disclosure Statement Hearing Notices were returned as undeliverable, and without a forwarding address, by the United States Postal Service, the Debtors are excused from distributing a Solicitation Package, Non-Voting Creditor Notice, and/or the Confirmation Hearing Notice to those entities listed at such addresses, and no further notice of the Confirmation Hearing or the Voting Deadline, other than through the Publication Notice, is required to be provided to such entities, unless the Debtors are provided with accurate addresses for such entities at least one (1) business day prior to the Solicitation Date ~~, and failure to distribute these documents to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline, or violation of Bankruptcy Rule 3017(d)~~.

16. ~~15.~~ Within five (5) days after the entry of this Order (or as soon as reasonably practicable thereafter, but no later than twenty-five (25) days prior to the Confirmation Objection Deadline), the Debtors will cause the (i) Confirmation Hearing Notice, as modified for publication (the "**Publication Notice**"), to be published once in the national edition of *The New York Times* or *USA Today*, the Mississippi *SunHerald*, the *Houston Chronicle*, and an English language newspaper of general circulation in India and (ii) the Publication Notice translated in Malayalam to be published once in *Malayala Manorama*.

17.    ~~16.~~ The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, the Confirmation Hearing Notice, any other notice related to the Plan or Disclosure Statement, and all exhibits and appendices to any of the foregoing without further order of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their distribution.

18.    ~~17.~~ The Ballots are approved.

19.    ~~18.~~ The Voting Deadline is set as November 12, 2015, at 4:00 p.m. (ET).

20.    ~~19.~~ Unless otherwise provided herein, all Ballots must be properly executed, completed and the original thereof shall be delivered to the Voting and Balloting Agent so as to be actually received by the Voting and Balloting Agent no later than the Voting Deadline at the following address:

Signal Ballot Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

21.    ~~20.~~ The Debtors are not required to distribute Solicitation Packages, Ballots, copies of the Disclosure Statement or Plan, or any other notices other than the Confirmation Hearing Notice to Holders of Claims that have not been classified in the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code.

22.    ~~21.~~ The Debtors shall send a Ballot substantially in the form annexed hereto as <u>Exhibit 2</u> to the Holders of ~~First Lien Loan Agreement Claims in Class 3.~~ Litigation Claims in Class 4.

~~22.    The Debtors shall send a Ballot substantially in the form annexed hereto as Exhibit 3 to the Holders of Litigation Claims in Class 4.~~

6

23.     The Debtors shall send a Ballot substantially in the form annexed hereto as Exhibit 43 to the Holders of General Unsecured Claims in Class 5.

24.     Each Litigation Claim shall be estimated at a fixed value of $1.00 pursuant to section 502(c) of the Bankruptcy Code, solely for purposes of voting to accept or reject the Plan, and not for any other purpose.   Notwithstanding the foregoing, the Debtors' rights are hereby reserved, upon consultation with the Supporting Litigation Claimants, to seek to estimate any of the Litigation Claims at a value other than $1.00 if they determine that the Holders of Litigation Claims as a class have been prejudiced by the uniform estimation approach.

25.     Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of or distribution on account of a Claim, and without prejudice to the rights of the Debtors in any other context, each Holder of a Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be entitled to vote the amount of such Claim as set forth in the Schedules (as may be amended from time to time) unless such Holder has timely filed a proof of claim, in which event such Holder would be entitled to vote the amount of such Claim as set forth in such proof of claim; subject to the tabulation rules (the "**Tabulation Rules**") below:

> a.      If a Claim is deemed "Allowed" under the Plan or an order of this Court, such Claim is allowed for voting purposes in the deemed "Allowed" amount set forth in the Plan or this Court's order;
>
> b.      If a Holder has timely filed a Claim and subsequently filed an amended or superseded Claim, that Holder shall be entitled to vote only the amount of the Claim as set forth in the amending or superseding Claim;
>
> c.      If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, or disputed, including, without limitation, any applicable Litigation Claim, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the Holder of such Claim shall be marked for voting at $1.00;

01:17554711.101
7554711.15

d.  If a Claim is partially liquidated and partially unliquidated, the Claim is allowed for voting purposes only in the liquidated amount;

e.  If a Claim has been estimated or otherwise allowed for voting purposes by order of this Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by this Court for voting purposes only, and not for purposes of allowance or distribution;

f.  If a Claim is listed in the Schedules as undetermined, contingent, unliquidated, or disputed, or in a zero or unknown amount, and a proof of claim was not (A) filed by the applicable bar date for the filing of proofs of claim established by this Court or (B) deemed timely filed by an order of this Court prior to the Voting Deadline, then, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

g.  If an objection to a Claim has been filed at least ten days before the Voting Deadline, such Claim shall be disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection; and

h.  Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims or holds multiple non-duplicative Claims that are classified under the Plan in the same Class, shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether an objection to such duplicate claims has been filed.

26.  If no Holder of a Claim in a Class of Claims eligible to vote in a particular Class timely submits a Ballot to accept or reject the Plan, then the applicable class will be deemed to have accepted the Plan.

27.  Each creditor that votes to accept or reject the Plan is deemed to have voted the full amount of its Claims thereof.

28.  If any claimant seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, such claimant is directed to file with this Court and serve on counsel for the Debtors and the parties set forth in Paragraph [41] of this

8

Order, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan no later than 4:00 p.m. (ET) on the later of (i) November 3, 2015, or (ii) fourteen (14) days after the date of service of a notice of an objection, if any, to such Claim ("**Rule 3018(a) Motion Deadline**").

29.     Any party filing and serving a Rule 3018(a) Motion on or prior to the Rule 3018(a) Motion Deadline shall be provided a Ballot and be permitted to cast a provisional vote to accept or reject the Plan.

30.     To the extent any Rule 3018(a) Motion is unresolved prior to the Voting Deadline, this Court shall determine at the Confirmation Hearing whether such provisional Ballot will be counted as a vote on the Plan.

31.     As to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot shall not be provisionally counted in determining whether the Plan has been accepted or rejected if their Rule 3018(a) Motion is not timely filed and served by the Rule 3018(a) Motion Deadline.

32.     If a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received before the Voting Deadline is deemed to reflect the voter's intent and, thus, to supersede any prior Ballots.

33.     Creditors with multiple Claims within a particular Class must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their votes, and thus neither (a) any Ballot that partially rejects and partially accepts the Plan nor (b) any Ballot filed by a creditor with multiple Claims within a Class who votes inconsistently will be counted.

34.     Without further order of this Court:

a.      Any Ballot that is properly completed, executed, and timely returned to the Voting and Balloting Agent, but does not indicate an acceptance or

rejection of the Plan or indicates both an acceptance and a rejection of the Plan, shall be counted as accepting the Plan;

b.    Any Ballot actually received by the Voting and Balloting Agent after the Voting Deadline shall not be counted, unless the Debtors, in consultation with the TRSA and ERSA and the Supporting Litigation Claimants, granted an extension of the Voting Deadline with respect to such Ballot;

c.    Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant shall be considered defective and shall not be counted;

d.    Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, shall not be counted;

e.    Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan shall be considered defective and shall not be counted;

f.    Any Ballot cast for a Claim identified as unliquidated, contingent, or disputed for which no proof of claim was timely filed shall be considered defective and shall not be counted;

g.    Any unsigned Ballot or non-originally signed Ballot shall be considered defective and shall not be counted;

h.    Any Ballot sent directly to the Debtors, their agents (other than the Voting and Balloting Agent), or their financial or legal advisors, or to any party other than the Voting and Balloting Agent, shall be considered defective and shall not be counted;

i.    Any Ballot cast for a Claim that has been disallowed (for voting purposes or otherwise) or satisfied shall be considered defective and shall not be counted; and

j.    Any Ballot transmitted to the Voting and Balloting Agent by facsimile or other electronic means shall be considered defective and shall not be counted, unless the Debtors, in consultation with the TRSA and ERSA and the Supporting Litigation Claimants, agree in writing to accept such Ballot.

35.    Neither the Debtors, the Voting and Balloting Agent, nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, and neither the Debtors, the Voting and Balloting Agent, nor any other person or entity shall incur any liability for failure to provide such notification.

10

36.     The Debtors will file all exhibits to the Plan with this Court and make them available upon request to the Voting and Balloting Agent at no charge.

37.     Subject to any order of this Court to the contrary, the Debtors, in consultation with the TRSA and ERSA, the Committee, and the Supporting Litigation Claimants, may waive any defect in any Ballot at any time, whether before or after the Voting Deadline, and without notice.

38.     The Confirmation Hearing Notice is approved.

39.     The Confirmation Hearing will commence at 2:00 p.m. (ET) on November 24, 2015; provided, however, that the Confirmation Hearing may be adjourned from time to time by this Court or the Debtors without further notice to parties other than an announcement at the Confirmation Hearing or any adjourned Confirmation Hearing.

40.     Objections to confirmation of the Plan may be filed no later than November 12, 2015 at 4:00 p.m. (ET) (the "**Confirmation Objection Deadline**").

41.     Objections to confirmation of the Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection, and (d) be filed, together with proof of service, with this Court and served so that they are actually received no later than the Confirmation Objection Deadline by the following parties:  (i) counsel for the Debtors: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: M. Blake Cleary, Esq. (mbcleary@ycst.com), and Hogan Lovells US LLP, 875 Third Avenue, New York, NY 10022, Attn:  Christopher R. Donoho III, Esq. (chris.donoho@hoganlovells.com); (ii) counsel for the TRSA and ERSA: Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, AL 35203, Attn:  Derek F. Meek, Esq.

(dmeek@burr.com), and Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899, Attn: Gregory W. Werkheiser, Esq. (gwerkheiser@mnat.com); (iii) counsel for the Committee: Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com); and (iv) U.S. Trustee: 844 King Street, Room 2207, Lockbox #35, Wilmington, DE 19899, Attn: Tiiara N.A. Patton, Esq. (tiiara.patton@usdoj.gov).

42. ~~Objections~~Absent further order of this Court, objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered and shall be overruled.

43. The Voting and Balloting Agent shall file the Ballot Tabulation Certification no later than November 20, 2015 at 12:00 NOON (ET), which shall identify any defective Ballot not counted and identify the applicable defect.

44. The Debtors shall file the Plan Supplement on or before November ~~5~~2, 2015.

45. The Debtors or any other Plan Participant shall file any reply to any objections to the Plan no later than November 20, 2015 at 12:00 NOON (ET).

46. For ease of reference, the confirmation schedule set forth herein is summarized in the table below:

| Summary of Timeline | |
|---|---|
| October 8, 2015 | Voting Record Date |
| October 13, 2015 | Date of service of Solicitation Packages or Non-Voting Creditor Notice, as applicable |
| November 2, 2015 | Deadline for Debtors to file Plan Supplement |
| | Deadline for Debtors to object, for voting purposes only, to a Claim |
| 4:00 p.m. (ET) on the later of: (i) November 3, 2015 and (ii) fourteen (14) days after the date of | Rule 3018(a) Motion Deadline |

01:~~17554711.10~~1
7554711.15

| | |
|---|---|
| service of a notice of a Claim objection for voting purposes | |
| ~~November 12, 2015 at 4:00 p.m. (ET)~~November 12, 2015 at 4:00 p.m. (ET) | Voting Deadline |
| | Confirmation Objection Deadline |
| ~~November 20, 2015 at NOON (ET)~~November 20, 2015 at NOON (ET) | Deadline for filing the Ballot Tabulation |
| | Deadline for Debtors' reply to Plan objections, if any |
| November 24, 2015 at 2:00 p.m. (ET) | Confirmation Hearing |

47.     The Debtors are authorized to take or refrain from taking any action and expending such funds necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of this Court.

48.     This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: ~~_____~~October_____, 2015
        Wilmington, Delaware

        _____
        Mary F. Walrath
        United States Bankruptcy Judge

13

**<u>Exhibit 1</u>**

**Non-Voting Creditor Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL INTERNATIONAL, INC., et al.**[1] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |

### NOTICE OF NON-VOTING STATUS UNDER THE DEBTORS' JOINT PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE THAT**, on October 8, 2015, the United States Bankruptcy Court for the District of Delaware entered an order (the "**Disclosure Statement Order**") approving the *Disclosure Statement for Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated ~~October~~ October , 2015 [D.I. _____] (as it may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"). The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated _____, 2015 [D.I. _____] (as it may be amended, modified, or supplemented from time to time, the "**Plan**"),[2] a copy of which is annexed as Exhibit 1 to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement Order, among other things, (a) established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan, (b) approved the contents of ~~proposed~~ solicitation packages to be distributed to creditors who are entitled to vote to accept or reject the Plan (the "**Solicitation Packages**"), and (c) approved the forms of notice to be sent to certain Holders of Claims or Equity Interests who are not entitled to vote to accept or reject the Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Rule 3017(d) of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**") and the Disclosure Statement Order, the Debtors (a) are required to provide Solicitation Packages to all creditors entitled to vote to accept or reject the Plan and (b) are not required to provide Solicitation Packages to Holders of Claims or Equity Interests in Classes under the Plan that are conclusively presumed to either accept or reject the Plan (collectively, the "**Non-Voting Classes**").

**PLEASE TAKE FURTHER NOTICE THAT** the Non-Voting Classes, and their proposed treatment under the Plan, are set forth ~~immediately~~ below:

~~**CLASS 1: OTHER PRIORITY CLAIMS**~~
~~On or as soon as practicable after the Effective Date, each Holder of an Allowed Other Priority Claim shall be paid in full in Cash by the Signal Liquidating Trustee solely from the Disputed Claims Reserve, or be treated on such other terms as agreed between the Signal Liquidating Trustee and the Holder thereof, subject to the reasonable consent of the Purchaser. Class 1 is Unimpaired and Holders of Other Priority Claims are conclusively presumed to have accepted the Plan.~~

~~**CLASS 2: OTHER SECURED CLAIMS**~~
~~On or as soon as practicable after the Effective Date, each Holder of an Allowed Other Secured Claim shall be paid in full in Cash by the Signal Liquidating Trustee solely from the Disputed Claims Reserve, receive delivery of collateral securing any such Claim and payment of any interest requested under section 506(b) of the Bankruptcy Code, or be treated on such other terms as agreed between the Signal~~

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

~~Liquidating Trustee and the Holder thereof, subject to the reasonable consent of the Purchaser. Class 2 is Unimpaired and Holders of Other Secured Claims are conclusively presumed to have accepted the Plan.~~

~~**CLASS 6: INTERCOMPANY CLAIMS**~~
~~Holders of Allowed Intercompany Claims shall not receive any Distributions on account of such Claims. Class 6 is Impaired and Holders of Intercompany Claims are deemed to reject the Plan.~~

~~**CLASS 7: EQUITY INTERESTS IN THE DEBTORS**~~
~~Holders of Equity Interests in the Debtors shall neither receive nor retain any property under the Plan. On the Effective Date, all Equity Interests in the Debtors shall be cancelled and of no further force or effect and all Claims filed on account of Equity Interests shall be deemed disallowed by operation of the Plan. Class 7 is Impaired and Holders of Equity Interests in the Debtors are deemed to reject the Plan.~~

| Class & Description | Estimated Remaining Claims | Treatment | Estimated Recovery to Holders of Allowed Claims |
|---|---|---|---|
| Class 1: Other Priority Claims | $0.00 | *Unimpaired – Deemed to Accept.* On or as soon as practicable after the Effective Date, each Holder of an Allowed Other Priority Claim shall be paid in full in Cash by the Signal Liquidating Trustee solely from the Disputed Claims Reserve, or be treated on such other terms as agreed between the Signal Liquidating Trustee and the Holder thereof, subject to the reasonable consent of the Purchaser. | 100% |
| Class 2: Other Secured Claims | $0.00 | *Unimpaired – Deemed to Accept.* On or as soon as practicable after the Effective Date, each Holder of an Allowed Other Secured Claim shall be paid in full in Cash by the Signal Liquidating Trustee solely from the Disputed Claims Reserve, receive delivery of collateral securing any such Claim and payment of any interest requested under section 506(b) of the Bankruptcy Code, or be treated on such other terms as agreed between the Signal Liquidating Trustee and the Holder thereof, subject to the reasonable consent of the Purchaser. | 100% |
| Class 3: First Lien Loan Agreement Claims | $0.00 | *Unimpaired – Deemed to Accept.* All First Lien Loan Agreement Claims have been satisfied in full and repaid through the borrowings under the DIP Facility. | N/A |
| Class 6: Intercompany Claims | All Intercompany Claims | *Impaired – Deemed to Reject.* Intercompany Claims against the Debtors shall not be entitled to any Distribution under the Plan and such claims shall be cancelled and discharged on the Effective Date. | 0% |
| Class 7: Equity Interests | All issued and outstanding Equity Interests | *Impaired – Deemed to Reject.* Holders of Equity Interests in the Debtors shall neither receive nor retain any property under the Plan. On the Effective Date, all Equity Interests in the Debtors shall be cancelled and of no further force or effect and all Claims filed on account of Equity Interests shall be deemed disallowed by operation of the Plan. | 0% |

**YOU HAVE BEEN IDENTIFIED AS THE HOLDER OF A CLAIM OR EQUITY INTEREST IN A NON-VOTING CLASS UNDER THE PLAN AND THEREFORE ARE NOT ENTITLED TO VOTE TO**

01:~~17554711.10~~1
7554711.15

**ACCEPT OR REJECT THE PLAN.** Accordingly, pursuant to the Disclosure Statement Order, you are receiving this Notice in lieu of a Solicitation Package containing, among other things, copies of the Disclosure Statement and the Plan. Should you wish to obtain a copy of ~~either~~ the Disclosure Statement, the Plan, or the Plan, Supplement, which is to be filed by November 2, 2015, copies of ~~both~~the documents (including any exhibits and appendices thereto) are available at no charge at www.kccllc.net/signal or by contacting Kurtzman Carson Consultants, LLC at 888-830-4665 (toll free) or 310-751-2648 (international callers).

If you wish to challenge the classification of your Claim, you must file a motion, pursuant to Rule 3018(a) of the Bankruptcy Rules (a "**Rule 3018 Motion**"), for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received by **4:00 p.m. (ET)** on the later of (a) November 3, 2015, or (b) fourteen (14) days after the date of service of a notice of an objection, if any, to your Claim or Interest but in no event later than seven (7) days prior to the Confirmation Hearing. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing. Rule 3018 Motions that are not timely filed and served in the manner as set forth above will not be considered.

A hearing to consider confirmation of the Plan will commence before the Honorable Mary F. Walrath, United States Bankruptcy Judge, in Courtroom No. 4 of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Wilmington, DE 19801 on **November 24, 2015, at 2:00 p.m. (ET)** ("**Confirmation Hearing**"). The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

<u>RELEASES, EXCULPATIONS AND INJUNCTIONS</u>

**SECTION 6.C AND ~~SECTIONS 11.D, 11.E, AND 11.F~~ARTICLE XI OF THE PLAN CONTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS~~, AND SECTION 11.G CONTAINS A THIRD-PARTY RELEASE~~. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER:**

<u>**Channeling Injunction**</u>

**Subject to certain exceptions, Section 6.C of the Plan provides as follows:**

From and after the Effective Date, (i) all Litigation Claims will be subject to the Channeling Injunction pursuant to section 105(a) of the Bankruptcy Code and the provisions of the Plan and the Confirmation Order and (ii) the Plan Participants and Related Parties shall have no obligation to pay any liability of any nature or description arising out of, relating to, or in connection with any Litigation Claims, *provided, however*, that nothing in the Plan shall preclude any action by the Litigation Settlement Trust to enforce the Plan. *To supplement the injunctive effect of the Plan Injunction, and pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, for Litigation ~~Settlement Trust~~ Claims, the Confirmation Order shall provide for the following permanent injunction to take effect as of the Effective Date:*

*To preserve and promote the settlements contemplated by and provided for in the Plan and to supplement, where necessary, the injunctive effect of the Plan Injunction and the ~~Releases~~releases described in Article XI of the Plan, and pursuant to the exercise of the equitable jurisdiction and power of the Bankruptcy Court under section 105(a) of the Bankruptcy Code, all Entities that have held or asserted, or that hold or assert any Litigation Claim ~~against the Plan Participants or any of them~~, shall be permanently stayed, restrained and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery ~~from any such Plan Participant or their Related Parties~~ with respect to any such Litigation Claim, other than from the Litigation Settlement Trust in accordance with the Litigation Settlement Trust Agreement and the Litigation Settlement TDP, including, but not limited to:*

(i)      *commencing, conducting or continuing, in any manner, whether directly or indirectly, any suit, action or other proceeding of any kind with respect to any such Litigation Claim, against any of the Plan Participants or their Related Parties, or against the property of any of the Plan Participants or their Related Parties with respect to any such Litigation Claim;*

(ii)      *enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award, decree or other order against any of the Plan Participants or their Related Parties, or against the property of any of the Plan Participants or their Related Parties with respect to any such Litigation Claim;*

(iii)      *creating, perfecting or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any of the Plan Participants or their Related Parties or the property of any of the Plan Participants or their Related Parties with respect to any such Litigation Claim;*

(iv)      *asserting or accomplishing any setoff, right of subrogation, indemnity, contribution or recoupment of any kind, whether directly or indirectly, against any obligation due any of the Plan Participants or their Related Parties or against the property of any of the Plan Participants or their Related Parties with respect to any such Litigation Claim; and*

(v)      *taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to such Litigation Claim.*

<u>**Plan Injunction**</u>

**Subject to certain exceptions, Section 11.D of the Plan provides as follows:**

~~FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.~~ IN ACCORDANCE WITH SECTION 1141(D)(3) OF THE BANKRUPTCY CODE, THE PLAN DOES NOT DISCHARGE THE DEBTORS. SECTION 1141(C) OF THE BANKRUPTCY CODE NEVERTHELESS PROVIDES, AMONG OTHER THINGS, THAT THE PROPERTY DEALT WITH BY THE PLAN IS FREE AND CLEAR OF ALL CLAIMS AND EQUITY INTERESTS AGAINST THE DEBTORS. AS SUCH, NO ENTITY HOLDING A CLAIM AGAINST THE DEBTORS MAY RECEIVE ANY PAYMENT FROM, OR SEEK RECOURSE AGAINST, ANY ASSETS THAT ARE TO BE DISTRIBUTED AND/OR TRANSFERRED UNDER THIS PLAN OTHER THAN ASSETS REQUIRED TO BE DISTRIBUTED TO THAT ENTITY UNDER THE PLAN. AS OF THE EFFECTIVE DATE, ALL PARTIES ARE PRECLUDED FROM ASSERTING AGAINST ANY PROPERTY TO BE DISTRIBUTED UNDER THIS PLAN ANY CLAIMS, RIGHTS, CAUSES OF ACTION, LIABILITIES, OR EQUITY INTERESTS BASED UPON ANY ACT, OMISSION, TRANSACTION, OR OTHER ACTIVITY THAT OCCURRED BEFORE THE EFFECTIVE DATE EXCEPT AS EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN ARTICLE XI ~~OF THE PLAN~~HEREOF, THE RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO ARTICLE XI ~~OF THE PLAN.~~EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT OR RELATED

DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO SECTIONS 11.F OR 11.G OF THE PLAN, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: HEREOF, INCLUDING, BUT NOT LIMITED TO: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH RELEASED CLAIMS OR INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH RELEASED CLAIMS OR INTERESTS; (3) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATE OF SUCH ENTITIES ON ACCOUNT OF OR, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH RELEASED CLAIMS OR INTERESTS; AND (4) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH RELEASED CLAIMS OR INTERESTS RELEASED, SETTLED OR DISCHARGED PURSUANT TO THE PLAN.

THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS THEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTORS OR ANY OF THEIR ASSETS, PROPERTY OR ESTATES. ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE DEBTORS SHALL BE FULLY RELEASED, AND, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, THE INTERESTS SHALL BE CANCELLED.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THE PLAN OR IN OBLIGATIONS ISSUED PURSUANT THERETO FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE DEBTORS SHALL BE FULLY RELEASED, AND, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, ALL INTERESTS SHALL BE CANCELLED, AND THE DEBTORS' LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(g) OF THE BANKRUPTCY CODE. ALL ENTITIES SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTORS, THE DEBTORS' ESTATES, OR THE SIGNAL LIQUIDATING TRUST, THEIR SUCCESSORS AND ASSIGNS, AND THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS OR ANY ACT OR OMISSION, TRANSACTION OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

<u>Exculpation</u>

Subject to certain exceptions, Section 11.E of the Plan provides as follows:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR ANY LIABILITY TO ANY ENTITY FOR ANY PREPETITION OR POST-PETITION ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH THE BANKRUPTCY CASES, OR RELATED TO FORMULATING, NEGOTIATING, SOLICITING, PREPARING, DISSEMINATING, CONFIRMING, OR IMPLEMENTING THE PLAN OR CONSUMMATING THE PLAN, THE DISCLOSURE STATEMENT, THE PLAN SUPPORT AGREEMENT, THE ASSET PURCHASE AGREEMENT OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN OR ANY OTHER PREPETITION OR POST-PETITION ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF

THE RESTRUCTURING, EXCEPT FOR ARISING OUT OF ACTUAL FRAUD OR ITS OWN GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; *PROVIDED*, THAT EACH EXCULPATED PARTY SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, THE PLAN OR ANY OTHER RELATED DOCUMENT, INSTRUMENT, OR AGREEMENT.  WITHOUT LIMITING THE FOREGOING "EXCULPATION" PROVIDED UNDER THIS ARTICLE, THE RIGHTS OF ANY HOLDER OF A CLAIM OR EQUITY INTEREST TO ENFORCE RIGHTS ARISING UNDER THE PLAN SHALL BE PRESERVED, INCLUDING THE RIGHT TO COMPEL PAYMENT OF DISTRIBUTIONS IN ACCORDANCE WITH THE PLAN.

### Debtors' Release

**Section 11.F of the Plan provides as follows:**

PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN OR THE PLAN SUPPLEMENT, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE SETTLEMENT REACHED WITH THE PLAN PARTICIPANTS AND THE IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES ARE DEEMED RELEASED AND DISCHARGED BY THE DEBTORS AND THE ESTATES FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT THE DEBTORS, THE ESTATES OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE BANKRUPTCY CASES, THE SALE TRANSACTION, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS DURING THE BANKRUPTCY CASES, THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE ASSET PURCHASE AGREEMENT OR RELATED AGREEMENTS, INSTRUMENTS, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION THAT CONSTITUTES THE FAILURE TO PERFORM THE DUTY TO ACT IN GOOD FAITH AND WHERE SUCH FAILURE TO PERFORM CONSTITUTES WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR ACTUAL FRAUD.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASE SET FORTH ABOVE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY RELEASED PARTY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT OR THE ASSET PURCHASE AGREEMENT) EXECUTED TO IMPLEMENT THE PLAN, NOR DOES IT RELEASE ANY RETAINED CLAIMS OR OTHER CAUSE OF ACTION, OBLIGATION OR LIABILITY EXPRESSLY PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT.

### Consensual Releases by Non-Debtor Released Parties

**Section 11.G of the Plan provides as follows:**

AS OF THE EFFECTIVE DATE, AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN OR THE PLAN SUPPLEMENT, FOR GOOD AND VALUABLE

CONSIDERATION, INCLUDING THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE SETTLEMENT REACHED WITH THE PLAN PARTICIPANTS AND THE IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, THE RELEASED PARTIES AND THEIR RELATED PARTIES ARE DEEMED RELEASED AND DISCHARGED BY THE NON-DEBTOR RELEASED PARTIES AND THEIR RELATED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT THE NON-DEBTOR RELEASED PARTIES OR THEIR RELATED PARTIES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE BANKRUPTCY CASES, THE SALE TRANSACTION, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY OR ITS RELATED PARTIES, THE RESTRUCTURING OF CLAIMS AND INTERESTS DURING THE BANKRUPTCY CASES, THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE ASSET PURCHASE AGREEMENT OR RELATED AGREEMENTS, INSTRUMENTS, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASE SET FORTH ABOVE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY RELEASED PARTY OR ITS RELATED PARTIES UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT OR THE ASSET PURCHASE AGREEMENT) EXECUTED TO IMPLEMENT THE PLAN, NOR DOES IT RELEASE ANY RETAINED CLAIMS OR OTHER CAUSE OF ACTION, OBLIGATION OR LIABILITY EXPRESSLY PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT.

**Releases by Holders of Claims and Interests**

ALL HOLDERS OF CLAIMS IN CLASS 5 ENTITLED TO VOTE ON THE PLAN THAT DO NOT EXPRESSLY "OPT-OUT" OF THE RELEASES BY RETURNING A BALLOT ELECTING SUCH "OPT-OUT" (INCLUDING ALL HOLDERS WHO VOTE TO REJECT THE PLAN BUT FAIL TO CHECK THE APPROPRIATE BOX TO "OPT-OUT" OF THE RELEASES AND ALL HOLDERS WHO ABSTAIN FROM VOTING ON THE PLAN OR WHO OTHERWISE DO NOT "OPT-OUT" ON A TIMELY FILED BALLOT) SHALLMAY ELECT TO GRANT AND BE BOUND BY THE RELEASES CONTAINED THEREININ SECTION 11.H OF THE PLAN BY TIMELY AND PROPERLY RETURNING A BALLOT VOTING IN FAVOR OF THE PLAN AND NOT ELECTING TO "OPT-OUT" OF SUCH RELEASES. ANY HOLDER OF A CLAIM IN CLASS 5 THAT EXERCISES ITS RIGHT TO NOT GRANT THE RELEASES WILL NOT RECEIVE A DISTRIBUTION UNDER THE PLAN.PRO RATA SHARE OF THE GUC PAYMENT AMOUNT AND THE EXCESS SALE OVERPAYMENT, IF ANY, NET OF SIGNAL LIQUIDATING TRUST EXPENSES, AS SET FORTH IN THE PLAN.

ANY HOLDER OF A CLAIM IN CLASS 5 THAT CHOOSES NOT TO ELECT TO GRANT AND BE BOUND BY THE RELEASES WILL NOT RECEIVE A PRO RATA SHARE OF THE GUC PAYMENT AMOUNT BUT WILL RECEIVE ONLY A PRO RATA SHARE OF THE EXCESS SALE OVERPAYMENT, IF ANY, NET OF SIGNAL LIQUIDATING TRUST EXPENSES, AS SET FORTH IN THE PLAN.

**Section 11.GH of the Plan provides as follows:**

**AS OF THE EFFECTIVE DATE,** ~~TO THE EXTENT THAT A HOLDER OF A CLAIM RECEIVES A DISTRIBUTION,~~ **AND AS PERMITTED BY APPLICABLE LAW, EACH HOLDER OF A CLAIM,** ~~INCLUDING EACH HOLDER OF A CLAIM DEEMED TO ACCEPT THE PLAN PURSUANT TO SECTION 1126(F) OF THE BANKRUPTCY CODE,~~ **SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED ON BEHALF OF A DEBTOR, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE RESTRUCTURING, THE BANKRUPTCY CASES, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS DURING THE BANKRUPTCY CASES, THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE ASSET PURCHASE AGREEMENT OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION THAT CONSTITUTES THE FAILURE TO PERFORM THE DUTY TO ACT IN GOOD FAITH AND WHERE SUCH FAILURE TO PERFORM CONSTITUTES WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR ACTUAL FRAUD. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASE SET FORTH ABOVE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT OR THE ASSET PURCHASE AGREEMENT) EXECUTED TO IMPLEMENT THE PLAN, NOR DOES IT RELEASE ANY RETAINED CLAIMS OR OTHER CAUSE OF ACTION, OBLIGATION OR LIABILITY EXPRESSLY PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT.**

**THE RELEASES IN THIS SECTION 11.H SHALL APPLY ONLY TO: (1) ANY HOLDER OF A CLAIM IN CLASS 4; AND (2) ANY HOLDER OF A CLAIM IN CLASS 5 WHO (x) TIMELY AND PROPERLY SUBMITS A BALLOT VOTING IN FAVOR OF THE PLAN AND (y) DOES NOT OPT OUT OF THE RELEASES PROVIDED FOR IN THIS SECTION 11.H.**

**NOTWITHSTANDING ANY OTHER PROVISION OF THE PLAN, NOTHING IN SECTION 11.F** ~~OR SECTION,~~ **11.G, OR 11.H OF THE PLAN DISCHARGES OR RELEASES THE RETAINED CLAIMS.**

**Injunction Against Barred Claims**

**Section 11.J of the Plan provides as follows:**

**All Entities, other than Plan Participants, against which any Litigation Claim or Retained H-2B Claim has been or may be asserted, whether before or after the Effective Date, in any judicial proceeding, arbitration proceeding, administrative agency proceeding, or other adjudicatory proceeding in the United States or elsewhere (such Entities, "H-2B Actors") are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting against any Released Party, whether in the Bankruptcy Court, any federal, state court, other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, any request, claim, or cause of action for or otherwise seeking contribution, indemnification or other remedy, however denominated, against any Released Party**

arising out of or relating, directly or indirectly, to any Litigation Claim or Retained H-2B Claim where the injury or damage to such H-2B Actor is based upon: (i) such H-2B Actor's alleged liability to any Litigation Claimant or holder of a Retained H-2B Claim or to another H-2B Actor against whom any Litigation Claimant holder of a Retained H-2B Claim has asserted a Litigation Claim or Retained Claim; (ii) the amounts paid, whether by settlement or otherwise, to any Litigation Claimant or holder of a Retained H-2B Claim or another against which any Litigation Claimant or holder of a Retained H-2B Claim has asserted a Litigation Claim or Retained H-2B Claim; or (iii) the costs (including attorneys' fees) incurred defending against such claims (collectively, the "Barred Claims").

For the avoidance of doubt, nothing in this Section 11.J of the Plan precludes any Plan Participant from commencing, prosecuting, or asserting any Retained Claims.

If a court or tribunal of competent jurisdiction determines that a Barred Claim exists that, if otherwise valid and enforceable, would have given rise to liability of a Released Party to the H-2B Actor holding such Barred Claim but for this Section 11.J of the Plan, the H-2B Actor holding such Barred Claim shall be entitled to the judgment reduction provisions set forth herein. This Section 11.J of the Plan is without prejudice to the position of any Entity as to the existence, validity and enforceability, in the absence of this Section 11.J of the Plan or otherwise, of any Barred Claim.

To the extent that a holder of a Barred Claim believes that it is entitled to judgment reduction in any lawsuit (a "Released Party Action") commenced by a Released Party or a Litigation Claimant, such holder of a Barred Claim shall provide notice of this Section 11.J of the Plan to the court or tribunal hearing the Released Party Action. Such court or tribunal shall determine whether the Released Party Action gives rise to Barred Claims on which a Released Party would have been liable to the holder of such Barred Claim in the absence of this Section 11.J of the Plan. If the court or tribunal so determines, then, solely to the extent that the holder of a Barred Claim is entitled under applicable non-bankruptcy law to a valid defense for judgment reduction, it shall reduce any judgment against the holder of such Barred Claim in an amount required by the non-bankruptcy law applicable to the Released Party Action. Nothing herein shall prejudice or operate to preclude the right of any H-2B Actor in such Released Party Action to (i) provide notice of this Section 11.J of the Plan to the court or tribunal hearing the Released Party Action at any point, or (ii) raise any issues, claims or defenses regarding judgment reduction or proportionate share of fault in the court or tribunal hearing the Released Party Action at any point in accordance with this Section 11.J of the Plan. Additionally, nothing herein shall prejudice or operate to preclude the right of any Litigation Claimant or holder of a Retained H-2B Claim to oppose any such request for a judgment reduction on any basis, including, but not limited to, that no such right exists and with reference to section 502(e) of the Bankruptcy Code. Nothing in this Section 11.J of the Plan shall impair any Retained H-2B Claim or create any defense to or right to setoff or reduction of any Retained H-2B Claim that would not exist pursuant to applicable non-bankruptcy law but for this Section 11.J of the Plan.

## DEADLINE FOR OBJECTIONS TO PLAN CONFIRMATION

Objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules, (c) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (d) state with particularity the basis and nature of any objection or response; and (e) be filed electronically, together with proof of service, with the Bankruptcy Court at the address set forth in the preceding paragraph and served on the following parties by no later than **4:00 p.m. (ET) on November 12, 2015**: (i) counsel for the Debtors: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: M. Blake Cleary, Esq. (mbcleary@ycst.com), and Hogan Lovells US LLP, 875 Third Avenue, New York, NY 10022, Attn: Christopher R. Donoho III, Esq. (chris.donoho@hoganlovells.com); (ii) counsel for the TRSA and ERSA: Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, AL 35203, Attn: Derek F. Meek, Esq. (dmeek@burr.com), and Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899, Attn: Gregory W. Werkheiser, Esq. (gwerkheiser@mnat.com); (iii) counsel for the Committee: Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, DE 19801,

Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com); and (iv) the Office of the United States Trustee: 844 King Street, Room 2207, Lockbox #35, Wilmington, DE 19899, Attn: Tiiara N.A. Patton, Esq. (tiiara.patton@usdoj.gov).

**The Debtors reserve the right to dispute, or to assert offsets or defenses to, any Claim reflected in the Schedules or to object to any Claim or Proof of Claim filed in the chapter 11 cases, as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent, or unliquidated on the Schedules or otherwise. Nothing contained in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed or unfiled, on any grounds.**

| Summary of Timeline | |
|---|---|
| October 8, 2015 | Voting Record Date |
| October 13, 2015 | Date of service of Solicitation Packages or Non-Voting Creditor Notice, as applicable |
| November 2, 2015 | Deadline for Debtors to file Plan Supplement |
| | Deadline for Debtors to object, for voting purposes only, to a Claim |
| 4:00 p.m. (ET) on the later of: (iii) November 3, 2015 and (iv) fourteen (14) days after the date of service of a notice of a Claim objection for voting purposes | Rule 3018(a) Motion Deadline |
| November 12, 2015 at 4:00 p.m. (ET) | Voting Deadline |
| | Confirmation Objection Deadline |
| November 20, 2015 at NOON (ET) | Deadline for filing the Ballot Tabulation |
| | Deadline for Debtors' reply to Plan objections, if any |
| November 24, 2015 at 2:00 p.m. (ET) | Confirmation Hearing |

Dated: _____ 2015          YOUNG CONAWAY STARGATT & TAYLOR, LLP
          Wilmington, Delaware

_____
M. Blake Cleary (No. 3614)
Kenneth J. Enos (No. 4544)
Jaime Luton Chapman (No. 4936)
Travis G. Buchanan (No. 5595)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 573-7799
Facsimile: (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*

**Exhibit 2**

~~Ballot for Class 3 (First Lien Loan Agreement Claims)~~

**Ballot for Class 4 (Litigation Claims)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL INTERNATIONAL, INC., et al.**[1] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |

### ~~BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE CLASS 3: FIRST LIEN LOAN AGREEMENT CLAIMS~~

> ### ~~YOU MUST SUBMIT THIS COMPLETED BALLOT BEFORE 4:00 P.M. (ET) ON NOVEMBER 12, 2015~~

~~Signal International, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), are soliciting votes with respect to the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated _____, 2015 [D.I. _____] (as it may be amended, modified, or supplemented from time to time, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors. All capitalized terms used but not defined herein or in the enclosed voting instructions shall have the meanings ascribed to them in the Disclosure Statement Order (defined below) or the Plan, as applicable. If you have any questions on how to complete this Ballot, please contact Kurtzman Carson Consultants, LLC (the "**Voting Agent**") at 888-830-4665 (toll free) or 310-751-2648 (international callers) or visit the Debtors' website at www.kccllc.net/signal.~~

~~**THIS BALLOT IS TO BE USED FOR VOTING BY HOLDERS OF FIRST LIEN LOAN AGREEMENT CLAIMS AGAINST THE DEBTORS.** If you are, as of October 8, 2015, the Holder of a First Lien Loan Agreement Claim, please use this Ballot to cast your vote to accept or reject the Plan. The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has entered an order (the "**Disclosure Statement Order**") [D.I. ___] approving the *Disclosure Statement for the Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated as of _____, 2015 [D.I. _____] (as it may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**"), which provides information to assist you in deciding how to vote on the Plan. The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan.~~

~~The Disclosure Statement and the Plan may be examined by accessing the Debtors' website at www.kccllc.net/signal. In addition, you may obtain a copy of the Disclosure Statement and the~~

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

Plan by contacting the Voting Agent. Please be advised that the Voting Agent is not authorized to, and will not, provide legal advice.

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.

**VOTING DEADLINE: NOVEMBER 12, 2015, AT 4:00 P.M. (ET)**

In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Voting Agent so that is actually received by the Voting Agent, Kurtzman Carson Consultants, LLC, by no later than **4:00 p.m. (ET) on November 12, 2015** (the "**Voting Deadline**"), at the following address:

Signal Ballot Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

**BALLOTS WILL NOT BE ACCEPTED BY FACSIMILE TRANSMISSION, EMAIL, OR ANY OTHER ELECTRONIC METHOD.**

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, your vote will not count as either an acceptance or rejection of the Plan. Even if you intend to vote to reject the Plan, you must still read, complete, and execute this entire Ballot.

Your receipt of this Ballot does not signify that your Claim(s) has been or will be Allowed. The Debtors reserve all rights to dispute such Claim(s).

The proposed Plan will be accepted by a Class if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in such Class voting on the Proposed Plan. **Alternatively, if no Holder in Class 3 submits a Ballot to accept or reject the Plan, then Class 3 will be deemed to accept the Plan pursuant to paragraph [26] of the Disclosure Statement Order.** If the proposed Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan, and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

If you hold more than one First Lien Loan Agreement Claim in Class 3, you should receive a Ballot for each of such Claims. Each Ballot you receive is for voting only the Claim described in the Ballot. Please complete and return each Ballot you receive in accordance with the instructions provided on such Ballot. You must vote all of your Claims within a single Class under the Plan to either accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the

2

same manner, those Ballots will not be counted. Any Ballot that (i) does not indicate either an acceptance or rejection of the Plan or (ii) indicates both an acceptance and rejection of the Plan will be deemed to reflect the voter's intent to accept the Plan.

In the event you are a Holder of Claim, your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules (the "**Tabulation Rules**") approved by the Bankruptcy Court. These Tabulation Rules are set forth in paragraph [25] of the Disclosure Statement Order. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (e.g., the right to contest the validity or amount of any Claim for purposes of allowance under the Plan). If you wish to obtain the temporary allowance of your Claim for Plan voting purposes in a different amount or Class than the amount provided in the Tabulation Rules, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan. All such Rule 3018(a) Motions must be filed on or before the later of (i) November 3, 2015, and (ii) the fourteenth (14th) day after the service of an objection, if any, to such Claim, but in no event later than seven (7) days prior to the Confirmation Hearing.

This Ballot does not constitute, and will not be deemed, a Proof of Claim or an assertion of a Claim or Equity Interest.

If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any and all prior Ballots.

**SECTION 6.C OF THE PLAN PROPOSES THAT THE CHANNELING INJUNCTION, WHICH IS AN INJUNCTION UNDER SECTION 105(A) OF THE BANKRUPTCY CODE, APPLICABLE TO ALL PERSONS AND ENTITIES, THAT RESULTS IN THE PERMANENT CHANNELING OF ALL LITIGATION CLAIMS AGAINST THE PLAN PARTICIPANTS TO THE LITIGATION SETTLEMENT TRUST FOR RESOLUTION AND PAYMENT. SIMILARLY, ARTICLE 11 OF THE PLAN CONTAINS CERTAIN INJUNCTIONS AND RELEASES OF THE PLAN PARTICIPANTS. PLEASE REVIEW THESE PROVISIONS OF THE PLAN CAREFULLY BEFORE SUBMITTING YOUR BALLOT AS THESE PROVISIONS MAY AFFECT YOUR RIGHTS.**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT AT KURTZMAN CARSON CONSULTANTS, LLC AT 888-830-4665 (TOLL FREE) OR 310-751-2648 (INTERNATIONAL CALLERS).

**PLEASE READ THE FOLLOWING**

3

## INSTRUCTIONS BEFORE COMPLETING THE BALLOT.

To properly complete this Ballot and cast your vote you must:

1. Make sure that the information in Item 1 is correct;
2. Cast a vote to accept or reject the Plan by checking the appropriate box in Item 2;
3. Review Item 3;
4. Sign, date, and provide the remaining information requested; and
5. Return the Ballot (containing the original signature) to the Voting Agent in the provided return envelope by first-class mail (postage prepaid) to

**Signal Ballot Processing Center**
**c/o KCC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

so as to be **received** by the Voting Agent on or before **4:00 p.m. (ET) on November 12, 2015.** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience. **Ballots submitted by facsimile, email, or other electronic transmission will not be counted.**

**PLEASE COMPLETE ALL ITEMS BELOW. RETURN YOUR BALLOT BY THE VOTING DEADLINE OR IT WILL NOT BE COUNTED.**

**Item 1. Amount of Claim Voted.** The undersigned certifies that as of October 8, 2015, the undersigned held a First Lien Loan Agreement Claim against the Debtors in the amount set forth below:

> Voting Amount $_____

**Item 2. Class 3 Vote.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (**check one box only**):

☐ **ACCEPT** the Plan.                    ☐ **REJECT** the Plan.

**Item 3. Certification and Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed and executed and timely returned Ballot that does not indicate either an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, will be deemed to reflect the voter's intent to accept the Plan.

Name of Claimant:_____

Signature:_____

If by Authorized Agent, Name and Title:_____

Title:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Email:_____

Date Completed:_____

**Exhibit 3**

5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL INTERNATIONAL, INC., et al.**[‡] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF**
**LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**
**CLASS 4: LITIGATION CLAIMS**

**YOU MUST SUBMIT THIS COMPLETED BALLOT BEFORE**
**4:00 P.M. (ET) ON NOVEMBER 12, 2015**

Signal International, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), are soliciting votes with respect to the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated _____, 2015 [D.I. _____] (as it may be amended, modified, or supplemented from time to time, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions shall have the meanings ascribed to them in the Disclosure Statement Order (defined below) or the Plan, as applicable.  If you have any questions on how to complete this Ballot, please contact Kurtzman Carson Consultants, LLC (the "**Voting Agent**") at 888-830-4665 (toll free) or 310-751-2648 (international callers) or visit the Debtors' website at www.kccllc.net/signal.

**THIS BALLOT IS TO BE USED FOR VOTING BY HOLDERS OF LITIGATION CLAIMS AGAINST THE DEBTORS.**  If you are, as of October 8, 2015, the Holder of a Litigation Claim, please use this Ballot to cast your vote to accept or reject the Plan.  The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has entered an order (the "**Disclosure Statement Order**") [D.I. ___] approving the *Disclosure Statement for the Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated as of _____, 2015 [D.I. _____] (as it may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**"), which provides information to assist you in deciding how to vote on the Plan.  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan.

---

[‡]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066).  The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

The Disclosure Statement and the Plan may be examined by accessing the Debtors' website at www.kccllc.net/signal. In addition, you may obtain a copy of the Disclosure Statement and the Plan by contacting the Voting Agent. Please be advised that the Voting Agent is not authorized to, and will not, provide legal advice.

## **IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.

**VOTING DEADLINE: NOVEMBER 12, 2015, AT 4:00 P.M. (ET)**

In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Voting Agent so that is actually received by the Voting Agent, Kurtzman Carson Consultants, LLC, by no later than **4:00 p.m. (prevailing U.S. Eastern Time) on November 12, 2015** (the "**Voting Deadline**"), at the following address:

Signal Ballot Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

**BALLOTS WILL NOT BE ACCEPTED BY FACSIMILE TRANSMISSION, EMAIL, OR ANY OTHER ELECTRONIC METHOD.**

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, your vote will not count as either an acceptance or rejection of the Plan. Even if you intend to vote to reject the Plan, you must still read, complete, and execute this entire Ballot.

Your receipt of this Ballot does not signify that your Claim(s) has been or will be Allowed. The Debtors reserve all rights to dispute such Claim(s).

The proposed Plan will be accepted by a Class if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in such Class voting on the Proposed Plan. **Alternatively, if no Holder in Class 4 submits a Ballot to accept or reject the Plan, then Class 4 will be deemed to accept the Plan pursuant to paragraph [26] of the Disclosure Statement Order.** If the proposed Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan, and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

If you hold more than one Litigation Claim in Class 4, you should receive a Ballot for each of such Claims. Each Ballot you receive is for voting only the Claim described in the Ballot. Please complete and return each Ballot you receive in accordance with the instructions provided on such Ballot. You must vote all of your Claims within a single Class under the Plan to either


01:17554711.101
7554711.15

accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. Any Ballot that (i) does not indicate either an acceptance or rejection of the Plan or (ii) indicates both an acceptance and rejection of the Plan will be deemed to reflect the voter's intent to accept the Plan.

In the event you are a Holder of Claim, your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules (the "**Tabulation Rules**") approved by the Bankruptcy Court. These Tabulation Rules are set forth in paragraph [25] of the Disclosure Statement Order. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (e.g., the right to contest the validity or amount of any Claim for purposes of allowance under the Plan). If you wish to obtain the temporary allowance of your Claim for Plan voting purposes in a different amount or Class than the amount provided in the Tabulation Rules, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan. All such Rule 3018(a) Motions must be filed on or before the later of (i) November 3, 2015, and (ii) the fourteenth (14th) day after the service of an objection, if any, to such Claim, but in no event later than seven (7) days prior to the Confirmation Hearing.

This Ballot does not constitute, and will not be deemed, a Proof of Claim or an assertion of a Claim or Equity Interest.

If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any and all prior Ballots.

> **SECTION 6.C OF THE PLAN ~~PROPOSES THAT THE~~PROVIDES FOR A CHANNELING INJUNCTION, WHICH IS AN INJUNCTION UNDER SECTION 105(A) OF THE BANKRUPTCY CODE, APPLICABLE TO ALL PERSONS AND ENTITIES, THAT RESULTS IN THE PERMANENT CHANNELING OF ALL LITIGATION CLAIMS ~~AGAINST THE PLAN PARTICIPANTS~~ TO THE LITIGATION SETTLEMENT TRUST FOR RESOLUTION AND PAYMENT. ~~SIMILARLY, ARTICLE 11~~AS SET FORTH IN ARTICLE VI, FROM AND AFTER THE EFFECTIVE DATE, (1) THE SOLE RECOURSE OF ANY LITIGATION CLAIMANT ON ACCOUNT OF A LITIGATION CLAIM SHALL BE TO THE LITIGATION SETTLEMENT TRUST IN ACCORDANCE WITH THE LITIGATION SETTLEMENT TRUST AGREEMENT AND THE LITIGATION SETTLEMENT TDP, AND (2) THE RELEASED PARTIES SHALL BE RELEASED FROM ALL OBLIGATIONS AND LIABILITIES WITH RESPECT TO THE LITIGATION CLAIMS AND ANY LITIGATION CLAIMANT SHALL HAVE NO RIGHT WHATSOEVER AT ANY TIME TO ASSERT ITS LITIGATION CLAIM AGAINST ANY OF THE RELEASED PARTIES OR ANY OF THEIR RESPECTIVE PROPERTY OR INTERESTS IN PROPERTY. SIMILARLY, ARTICLE XI OF THE PLAN CONTAINS CERTAIN INJUNCTIONS AND RELEASES OF THE ~~PLAN PARTICIPANTS~~RELEASED PARTIES. PLEASE REVIEW THESE PROVISIONS OF THE PLAN CAREFULLY BEFORE SUBMITTING YOUR BALLOT**

> **AS THESE PROVISIONS MAY AFFECT YOUR RIGHTS.**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT AT KURTZMAN CARSON CONSULTANTS, LLC AT 888-830-4665 (TOLL FREE) OR 310-751-2648 (INTERNATIONAL CALLERS).

<u>**PLEASE READ THE FOLLOWING**</u>
<u>**INSTRUCTIONS BEFORE COMPLETING THE BALLOT.**</u>

---

To properly complete this Ballot and cast your vote you must:

1.  **For Item 1, the $1.00 assignment of value to each Litigation Claim will be solely for voting purposes (not for distribution purposes) and will not be binding upon the Holder, the Debtors or the Litigation Settlement Trust for any purpose other than for voting on the Plan;**
2.  Cast a vote to accept or reject the Plan by checking the appropriate box in Item 2;
3.  Review Item 3;
4.  Sign, date and provide the remaining information requested; and
5.  Return the Ballot (containing the original signature) to the Voting Agent in the provided return envelope by first-class mail (postage prepaid) to

**Signal Ballot Processing Center**
**c/o KCC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

so as to be **received** by the Voting Agent on or before **4:00 p.m. (ET) on November 12, 2015**. If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience. **Ballots submitted by facsimile, email, or other electronic transmission will not be counted.**

**IF YOU ARE AN INDIVIDUAL AND INTEND FOR YOUR COUNSEL TO VOTE YOUR CLAIM ON YOUR BEHALF, THEN PLEASE ARRANGE WITH YOUR COUNSEL TO VOTE ON YOUR BEHALF WELL IN ADVANCE OF THE VOTING DEADLINE SO THAT YOUR BALLOT IS RECEIVED BEFORE THE VOTING DEADLINE.**

---


01:17554711.101
7554711.15

**PLEASE COMPLETE ALL ITEMS BELOW. RETURN YOUR BALLOT BY THE VOTING DEADLINE OR IT WILL NOT BE COUNTED**.

**Item 1. Amount of Claim Voted.** FOR PURPOSES OF VOTING TO ACCEPT OR REJECT THE PLAN, EACH HOLDER OF A LITIGATION CLAIM WILL HAVE A SINGLE VOTE IN AN AMOUNT EQUAL TO **$1.00,** REGARDLESS OF WHETHER THE DEBTORS HAVE SCHEDULED YOUR LITIGATION CLAIM IN A DIFFERENT AMOUNT AND AS NONCONTINGENT, UNDISPUTED, OR LIQUIDATED. **THE $1.00 ASSIGNMENT OF VALUE TO EACH LITIGATION CLAIM WILL BE SOLELY FOR VOTING PURPOSES (NOT FOR DISTRIBUTION PURPOSES) AND WILL NOT BE BINDING UPON THE HOLDER, THE DEBTORS, OR THE LITIGATION SETTLEMENT TRUST FOR ANY PURPOSE OTHER THAN FOR VOTING ON THE PLAN.**

**Item 2. Class 4 Vote.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (**check one box only**):

        ☐ **ACCEPT** the Plan.        ☐ **REJECT** the Plan.

**Item 3. Certification and Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed and executed and timely returned Ballot that does not indicate either an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, will be deemed to reflect the voter's intent to accept the Plan.

Name of Claimant:_____

Signature:_____

If by Authorized Agent, Name and Title:_____

Title:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Email:_____

Date Completed:_____


01:17554711.101
7554711.15

11

01 17554711.101

7554711.15

**Exhibit 4**

**Ballot for Class 5 (General Unsecured Claims)**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL INTERNATIONAL, INC., et al.**[1] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |

## BALLOT FOR ACCEPTING OR REJECTING DEBTORS' JOINT PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE
### CLASS 5: GENERAL UNSECURED CLAIMS

> **YOU MUST SUBMIT THIS COMPLETED BALLOT BEFORE 4:00 P.M. (ET) ON NOVEMBER 12, 2015**

Signal International, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), are soliciting votes with respect to the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated _____, 2015 [D.I. _____] (as it may be amended, modified, or supplemented from time to time, the "**Plan**") from the Holders of certain Impaired Claims against the Debtors. All capitalized terms used but not defined herein or in the enclosed voting instructions shall have the meanings ascribed to them in the Disclosure Statement Order (defined below) or the Plan, as applicable. If you have any questions on how to complete this Ballot, please contact Kurtzman Carson Consultants, LLC (the "**Voting Agent**") at 888-830-4665 (toll free) or 310-751-2648 (international callers) or visit the Debtors' website at www.kccllc.net/signal.

**THIS BALLOT IS TO BE USED FOR VOTING BY HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE DEBTORS.** If you are, as of October 8, 2015, the Holder of a General Unsecured Claim, please use this Ballot to cast your vote to accept or reject the Plan. The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has entered an order (the "**Disclosure Statement Order**") [D.I. __] approving the *Disclosure Statement for the Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated as of _____, 2015 [D.I. _____] (as it may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**"), which provides information to assist you in deciding how to vote on the Plan. The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan.

The Disclosure Statement and the Plan may be examined by accessing the Debtors' website at www.kccllc.net/signal. In addition, you may obtain a copy of the Disclosure Statement and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.



Plan by contacting the Voting Agent. Please be advised that the Voting Agent is not authorized to, and will not, provide legal advice.

## **IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim(s) under the Plan.

**VOTING DEADLINE: NOVEMBER 12, 2015, AT 4:00 P.M. (ET)**

In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Voting Agent so that is actually received by the Voting Agent, Kurtzman Carson Consultants, LLC, by no later than **4:00 p.m. (ET) on November 12, 2015** (the "**Voting Deadline**"), at the following address:

Signal Ballot Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

**BALLOTS WILL NOT BE ACCEPTED BY FACSIMILE TRANSMISSION, EMAIL, OR ANY OTHER ELECTRONIC METHOD.**

If your Ballot is not received by the Voting Agent on or before the Voting Deadline, your vote will not count as either an acceptance or rejection of the Plan. Even if you intend to vote to reject the Plan, you must still read, complete, and execute this entire Ballot.

Your receipt of this Ballot does not signify that your Claim(s) has been or will be Allowed. The Debtors reserve all rights to dispute such Claim(s).

The proposed Plan will be accepted by a Class if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in such Class voting on the Proposed Plan. **Alternatively, if no Holder in Class 5 submits a Ballot to accept or reject the Plan, then Class 5 will be deemed to accept the Plan pursuant to paragraph [26] of the Disclosure Statement Order.** If the proposed Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan, and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

If you hold more than one General Unsecured Claim in Class 5, you should receive a Ballot for each of such Claims. Each Ballot you receive is for voting only the Claim described in the Ballot. Please complete and return each Ballot you receive in accordance with the instructions provided on such Ballot. You must vote all of your Claims within a single Class under the Plan to either accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same

2



manner, those Ballots will not be counted. Any Ballot that (i) does not indicate either an acceptance or rejection of the Plan or (ii) indicates both an acceptance and rejection of the Plan will be deemed to reflect the voter's intent to accept the Plan.

In the event you are a Holder of Claim, your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules (the "**Tabulation Rules**") approved by the Bankruptcy Court. These Tabulation Rules are set forth in paragraph [25] of the Disclosure Statement Order. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (e.g., the right to contest the validity or amount of any Claim for purposes of allowance under the Plan). If you wish to obtain the temporary allowance of your Claim for Plan voting purposes in a different amount or Class than the amount provided in the Tabulation Rules, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan. All such Rule 3018(a) Motions must be filed on or before the later of (i) November 3, 2015, and (ii) the fourteenth (14th) day after the service of an objection, if any, to such Claim, but in no event later than seven (7) days prior to the Confirmation Hearing.

This Ballot does not constitute, and will not be deemed, a Proof of Claim or an assertion of a Claim or Equity Interest.

If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any and all prior Ballots.

> ~~SECTION 6.C OF THE PLAN PROPOSES THAT THE CHANNELING INJUNCTION, WHICH IS AN INJUNCTION UNDER SECTION 105(A) OF THE BANKRUPTCY CODE, APPLICABLE TO ALL PERSONS AND ENTITIES, THAT RESULTS IN THE PERMANENT CHANNELING OF ALL LITIGATION CLAIMS AGAINST THE PLAN PARTICIPANTS TO THE LITIGATION SETTLEMENT TRUST FOR RESOLUTION AND PAYMENT. SIMILARLY, ARTICLE 11~~ARTICLE XI OF THE PLAN CONTAINS CERTAIN INJUNCTIONS AND RELEASES OF THE ~~PLAN PARTICIPANTS~~RELEASED PARTIES. PLEASE REVIEW THESE PROVISIONS OF THE PLAN CAREFULLY BEFORE SUBMITTING YOUR BALLOT AS THESE PROVISIONS MAY AFFECT YOUR RIGHTS.

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT AT KURTZMAN CARSON CONSULTANTS, LLC AT 888-830-4665 (TOLL FREE) OR 310-751-2648 (INTERNATIONAL CALLERS).

**<u>PLEASE READ THE FOLLOWING</u>**
**<u>INSTRUCTIONS BEFORE COMPLETING THE BALLOT.</u>**

To properly complete this Ballot and cast your vote you must:

1. Make sure that the information in Item 1 is correct;
2. Cast a vote to accept or reject the Plan by checking the appropriate box in Item 2;
3. Check the box in Item 3 if you elect <u>not</u> to grant the Releases contained in Section XI.G of the Plan. Election to withhold consent is at your option. If you submit your Ballot without this box checked, you will be deemed to consent to the Releases contained in Section XI.G of the Plan;
4. Review Item 4;
5. Sign, date, and provide the remaining information requested; and
6. Return the Ballot (containing the original signature) to the Voting Agent in the provided return envelope by first-class mail (postage prepaid) to

**Signal Ballot Processing Center**
**c/o KCC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

so as to be **received** by the Voting Agent on or before **4:00 p.m. (ET) on November 12, 2015**. If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience. **Ballots submitted by facsimile, email, or other electronic transmission will not be counted.**

**PLEASE COMPLETE ALL ITEMS BELOW. RETURN YOUR BALLOT BY THE VOTING DEADLINE OR IT WILL NOT BE COUNTED**.

> **ALL HOLDERS OF CLAIMS IN CLASS 5 ENTITLED TO VOTE ON THE PLAN MAY ELECT TO GRANT AND BE BOUND BY THE RELEASES CONTAINED IN SECTION 11.H OF THE PLAN BY TIMELY AND PROPERLY RETURNING A BALLOT VOTING IN FAVOR OF THE PLAN AND NOT ELECTING TO "OPT-OUT" OF SUCH RELEASES. ANY HOLDER OF A CLAIM IN CLASS 5 THAT EXERCISES ITS RIGHT TO GRANT THE RELEASES WILL RECEIVE A PRO RATA SHARE OF THE GUC PAYMENT AMOUNT AND THE EXCESS SALE OVERPAYMENT, IF ANY, NET OF SIGNAL LIQUIDATING TRUST EXPENSES, AS SET FORTH IN THE PLAN.**
>
> **ANY HOLDER OF A CLAIM IN CLASS 5 THAT CHOOSES NOT TO ELECT TO GRANT AND BE BOUND BY THE RELEASES WILL NOT RECEIVE A PRO RATA SHARE OF THE GUC PAYMENT AMOUNT BUT WILL RECEIVE ONLY A PRO RATA SHARE OF THE EXCESS SALE OVERPAYMENT, IF ANY, NET OF SIGNAL LIQUIDATING TRUST EXPENSES, AS SET FORTH IN THE PLAN.**

**Item 1. Amount of Claim Voted.** The undersigned certifies that as of October 8, 2015, the undersigned held a General Unsecured Claim against the Debtors in the amount set forth below:

Voting Amount $ _____

**Item 2. Class 5 Vote.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (**check one box only**):

☐ **ACCEPT** the Plan.           ☐ **REJECT** the Plan.

**Item 3. Optional Release Election.** Check this box if you elect not to grant the ~~Releases~~releases contained in Section ~~XI.G~~11.H of the Plan and elect not to consent to the related injunction. Election to withhold consent is at your option. If you submit your Ballot without this box checked, you will be deemed to consent to the ~~Releases~~releases contained in Section ~~XI.G~~11.H of the Plan and the related injunction to the fullest extent permitted by applicable law. **If you exercise your right to not grant the Releases you <u>will not</u> receive any Distribution under the Plan other than your Pro Rata share of the Excess Sale Overpayment, if any.**

☐      **The undersigned elects NOT TO GRANT the releases contained in Section ~~XI.G~~11.H of the Plan and elects not to consent to the related injunction.**

**Item 4. Certification and Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. **THE UNDERSIGNED FURTHER**

**ACKNOWLEDGES THAT IN THE EVENT THE UNDERSIGNED DOES NOT ELECT TO OPT-OUT OF PROVIDING THE RELEASES CONTAINED IN SECTION ~~XI.G~~11.H OF THE PLAN, THE UNDERSIGNED IS DEEMED TO HAVE ACCEPTED AND CONSENTED TO THE RELEASE PROVISIONS CONTAINED IN SECTION ~~XI.G~~11.H OF THE PLAN.** The undersigned understands that an otherwise properly completed and executed and timely returned Ballot that does not indicate either an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, will be deemed to reflect the voter's intent to accept the Plan.

Name of Claimant:_____

Signature:_____

If by Authorized Agent, Name and Title:_____

Title:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Email:_____

Date Completed:_____

01:~~17554711.10~~1
7554711.15

## **Exhibit 5**

## **Confirmation Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL INTERNATIONAL, INC., et al.**[1] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |

**NOTICE OF ORDER (A) APPROVING THE DISCLOSURE STATEMENT; (B) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING; (C) APPROVING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (D) ESTIMATING EACH LITIGATION CLAIM AT $1.00 FOR VOTING PURPOSES; (E) APPROVING NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF; AND (F) GRANTING RELATED RELIEF**

**TO ALL PARTIES IN INTEREST IN THE ABOVE-REFERENCED CHAPTER 11 CASES OF SIGNAL INTERNATIONAL, INC. AND ITS AFFILIATED DEBTORS (COLLECTIVELY, THE "DEBTORS"), PLEASE TAKE NOTICE THAT:**

1. **Approval of Disclosure Statement**. By order dated [————October_____], 2015 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the District of Delaware approved the *Disclosure Statement for the Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated ————October_____, 2015 [D.I. _____] (as it may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") filed by the Debtors. The Disclosure Statement Order, among other things, approves solicitation procedures for the solicitation and tabulation of votes (the "**Solicitation Procedures**") to accept or reject the *Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated ————October_____, 2015 [D.I. _____] (as it may be amended, modified, or supplemented from time to time, the "**Plan**").[2]

2. **Solicitation Procedures**. The Solicitation Procedures (i) contain balloting instructions, and, solely for the purposes of voting to accept or reject the Plan and not for any other purpose, tabulation procedures, and (ii) estimate each Litigation Claim at a fixed value of $1.00, regardless of whether such Claim has been scheduled by the Debtors as undisputed, noncontingent, or liquidated. CREDITORS SHOULD REVIEW THE SOLICITATION PROCEDURES CAREFULLY.

3. **Confirmation Hearing**. A hearing will commence before the Honorable Mary F. Walrath, United States Bankruptcy Judge, 824 N. Market Street, 5th Floor, Courtroom No. 4, Wilmington, Delaware 19801 on November 24, 2015 at 2:00 p.m. (ET), or as soon thereafter as counsel may be heard (the "**Confirmation Hearing**") to consider the entry of an order confirming the Plan. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing, and the Plan may be modified, if necessary, pursuant to 11 U.S.C. § 1127 prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

4. **Record Date and Voting Deadline**. The Disclosure Statement Order establishes (a) October 8, 2015, as the record date for determining the Holders of Claims in Class 3 (First Lien Loan Agreement Claims), Class 4 (Litigation Claims), and Class 5 (General Unsecured Claims) (collectively, the "**Voting Classes**") entitled to vote on the Plan, and (b) November 12, 2015 at 4:00 p.m. (ET) as the deadline for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

submission of ballots (the "**Ballots**") to accept or reject the Plan. Holders of Claims in the Voting Classes will receive Ballots for casting such votes. Failure to follow the instructions set forth in the Disclosure Statement Order and the Ballot may disqualify that Ballot and the vote represented thereby.

5.     **Parties in Interest Not Entitled to Vote**. Holders of Claims or Equity Interests in Classes 1 (Other Priority Claims), 2 (Other Secured Claims), 3 (First Lien Loan Agreement Claims), 6 (Intercompany Claims), and 7 (Equity Interests in the Debtors) are not entitled to vote and will not receive a Ballot. If you hold such a Claim or Equity Interest, you will receive a notice of your non-voting status. If you are not entitled to vote on the Plan, but believe you should be entitled to vote on the Plan, then you must serve on the parties identified in paragraph 6 below, and file with the Bankruptcy Court, a motion for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (a "**Rule 3018(a) Motion**"), temporarily allowing such claim in a stated amount for purposes of voting to accept or reject the Plan. All such Rule 3018(a) Motions must be filed on or before the later of (i) November 3, 2015, and (ii) the fourteenth (14th) day after the service of an objection, if any, to such Claim, but in no event later than seven (7) days prior to the Confirmation Hearing. In accordance with Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing, prior to or at the Confirmation Hearing. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above may not be considered.

6.     **Objections to Confirmation of the Proposed Plan**. Objections, if any, to the Plan must (a) be in writing, (b) state the name and address of the objecting party and the amount or nature of the Claim or Equity Interest of such party, (c) state with particularity the basis and nature of any objections to the Plan, and (d) be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, together with proof of service, and served upon: (i) counsel for the Debtors: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: M. Blake Cleary, Esq. (mbcleary@ycst.com), and Hogan Lovells US LLP, 875 Third Avenue, New York, NY 10022, Attn: Christopher R. Donoho III, Esq. (chris.donoho@hoganlovells.com); (ii) counsel for the TRSA and ERSA: Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, AL 35203, Attn: Derek F. Meek, Esq. (dmeek@burr.com), and Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899, Attn: Gregory W. Werkheiser, Esq. (gwerkheiser@mnat.com); (iii) counsel for the Committee: Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com); and (iv) the Office of the United States Trustee: 844 King Street, Room 2207, Lockbox #35, Wilmington, DE 19899, Attn: Tiiara N.A. Patton, Esq. (tiiara.patton@usdoj.gov), in each case so as to be actually received on or before **NOVEMBER 12, 2015, at 4:00 P.M. (ET). UNLESS AN OBJECTION IS TIMELY FILED AND SERVED AS PROVIDED HEREIN, IT MAY NOT BE CONSIDERED AT THE CONFIRMATION HEARING.**

7.     **SECTION 6.C AND ~~SECTIONS 11.D, 11.E, AND 11.F~~ARTICLE XI OF THE PLAN CONTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS~~, AND SECTION 11.G CONTAINS A THIRD-PARTY RELEASE~~. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER:**

**Channeling Injunction**

**Subject to certain exceptions, Section 6.C of the Plan provides as follows:**

From and after the Effective Date, (i) all Litigation Claims will be subject to the Channeling Injunction pursuant to section 105(a) of the Bankruptcy Code and the provisions of the Plan and the Confirmation Order and (ii) the Plan Participants and Related Parties shall have no obligation to pay any liability of any nature or description arising out of, relating to, or in connection with any Litigation Claims, *provided, however,* that nothing in the Plan shall preclude any action by the Litigation Settlement Trust to enforce the Plan. *To supplement the injunctive effect of the Plan Injunction, and pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, for Litigation Settlement Trust Claims, the Confirmation Order shall provide for the following permanent injunction to take effect as of the Effective Date*:

*To preserve and promote the settlements contemplated by and provided for in the Plan and to supplement, where necessary, the injunctive effect of the Plan Injunction and the Releasesreleases described in Article XI of the Plan, and pursuant to the exercise of the equitable jurisdiction and power of the Bankruptcy Court, all Entities that have held or asserted, or that hold or assert any Litigation Claim against the Plan Participants or any of them, shall be permanently stayed, restrained and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any such Plan Participant or their Related Parties with respect to any such Litigation Claim, other than from the Litigation Settlement Trust in accordance with the Litigation Settlement Trust Agreement and the Litigation Settlement TDP, including, but not limited to:*

(i) *commencing, conducting or continuing, in any manner, whether directly or indirectly, any suit, action or other proceeding of any kind with respect to any such Litigation Claim, against any of the Plan Participants or their Related Parties, or against the property of any of the Plan Participants or their Related Parties with respect to any such Litigation Claim;*

(ii) *enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award, decree or other order against any of the Plan Participants or their Related Parties, or against the property of any of the Plan Participants or their Related Parties with respect to any such Litigation Claim;*

(iii) *creating, perfecting or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any of the Plan Participants or their Related Parties or the property of any of the Plan Participants or their Related Parties with respect to any such Litigation Claim;*

(iv) *asserting or accomplishing any setoff, right of subrogation, indemnity, contribution or recoupment of any kind, whether directly or indirectly, against any obligation due any of the Plan Participants or their Related Parties or against the property of any of the Plan Participants or their Related Parties with respect to any such Litigation Claim; and*

(v) *taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to such Litigation Claim.*

**Plan Injunction**

**Subject to certain exceptions, Section 11.D of the Plan provides as follows:**

FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER. IN ACCORDANCE WITH SECTION 1141(D)(3) OF THE BANKRUPTCY CODE, THE PLAN DOES NOT DISCHARGE THE DEBTORS. SECTION 1141(C) OF THE BANKRUPTCY CODE NEVERTHELESS PROVIDES, AMONG OTHER THINGS, THAT THE PROPERTY DEALT WITH BY THE PLAN IS FREE AND CLEAR OF ALL CLAIMS AND EQUITY INTERESTS AGAINST THE DEBTORS. AS SUCH, NO ENTITY HOLDING A CLAIM AGAINST THE DEBTORS MAY RECEIVE ANY PAYMENT FROM, OR SEEK RECOURSE AGAINST, ANY ASSETS THAT ARE TO BE DISTRIBUTED AND/OR TRANSFERRED UNDER THIS PLAN OTHER THAN ASSETS REQUIRED TO BE DISTRIBUTED TO THAT ENTITY UNDER THE PLAN. AS OF THE EFFECTIVE DATE, ALL PARTIES ARE PRECLUDED FROM ASSERTING AGAINST ANY PROPERTY TO BE DISTRIBUTED UNDER THIS PLAN ANY CLAIMS, RIGHTS, CAUSES OF ACTION, LIABILITIES, OR EQUITY INTERESTS BASED UPON ANY ACT, OMISSION, TRANSACTION, OR OTHER ACTIVITY THAT OCCURRED BEFORE THE EFFECTIVE DATE EXCEPT AS EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN ARTICLE XI OF THE PLANHEREOF, THE RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO ARTICLE XI OF THE PLAN.EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO SECTIONS 11.F OR 11.G OF THE PLAN, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: HEREOF, INCLUDING, BUT NOT LIMITED TO: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH RELEASED CLAIMS OR INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH RELEASED CLAIMS OR INTERESTS; (3) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATE OF SUCH ENTITIES ON ACCOUNT OF OR, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH RELEASED CLAIMS OR INTERESTS; AND (4) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH RELEASED CLAIMS OR INTERESTS RELEASED, SETTLED OR DISCHARGED PURSUANT TO THE PLAN.

THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS THEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER,

4

INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTORS OR ANY OF THEIR ASSETS, PROPERTY OR ESTATES. ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE DEBTORS SHALL BE FULLY RELEASED, AND, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, THE INTERESTS SHALL BE CANCELLED.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THE PLAN OR IN OBLIGATIONS ISSUED PURSUANT THERETO FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE DEBTORS SHALL BE FULLY RELEASED, AND, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, ALL INTERESTS SHALL BE CANCELLED, AND THE DEBTORS' LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(g) OF THE BANKRUPTCY CODE.ALL ENTITIES SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTORS, THE DEBTORS' ESTATES, OR THE SIGNAL LIQUIDATING TRUST, THEIR SUCCESSORS AND ASSIGNS, AND THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS OR ANY ACT OR OMISSION, TRANSACTION OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

### Exculpation

**Subject to certain exceptions, Section 11.E of the Plan provides as follows:**

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR ANY LIABILITY TO ANY ENTITY FOR ANY PREPETITION OR POST-PETITION ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH THE BANKRUPTCY CASES, OR RELATED TO FORMULATING, NEGOTIATING, SOLICITING, PREPARING, DISSEMINATING, CONFIRMING, OR IMPLEMENTING THE PLAN OR CONSUMMATING THE PLAN, THE DISCLOSURE STATEMENT, THE PLAN SUPPORT AGREEMENT, THE ASSET PURCHASE AGREEMENT OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN OR ANY OTHER PREPETITION OR POST-PETITION ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF THE RESTRUCTURING, EXCEPT FOR ARISING OUT OF ACTUAL FRAUD OR ITS OWN GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; *PROVIDED*, THAT EACH EXCULPATED PARTY SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, THE PLAN OR ANY OTHER RELATED DOCUMENT, INSTRUMENT, OR AGREEMENT. WITHOUT LIMITING THE FOREGOING "EXCULPATION" PROVIDED UNDER THIS ARTICLE, THE RIGHTS OF ANY HOLDER OF A CLAIM OR EQUITY INTEREST TO ENFORCE RIGHTS ARISING UNDER THE PLAN SHALL BE PRESERVED, INCLUDING THE RIGHT TO COMPEL PAYMENT OF DISTRIBUTIONS IN ACCORDANCE WITH THE PLAN.

### Debtors' Release

**Section 11.F of the Plan provides as follows:**

PURSUANT TO SECTION 1123(bB) OF THE BANKRUPTCY CODE, AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN OR THE PLAN SUPPLEMENT, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE SETTLEMENT REACHED WITH THE PLAN PARTICIPANTS

01:17554711.101
7554711.15

**AND THE IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES ARE DEEMED RELEASED AND DISCHARGED BY THE DEBTORS AND THE ESTATES FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT THE DEBTORS, THE ESTATES OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE BANKRUPTCY CASES, THE SALE TRANSACTION, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS DURING THE BANKRUPTCY CASES, THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE ASSET PURCHASE AGREEMENT OR RELATED AGREEMENTS, INSTRUMENTS, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION THAT CONSTITUTES THE FAILURE TO PERFORM THE DUTY TO ACT IN GOOD FAITH AND WHERE SUCH FAILURE TO PERFORM CONSTITUTES WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR <u>ACTUAL</u> FRAUD. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASE SET FORTH ABOVE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY RELEASED PARTY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT OR THE ASSET PURCHASE AGREEMENT) EXECUTED TO IMPLEMENT THE PLAN, NOR DOES IT RELEASE ANY RETAINED CLAIMS OR OTHER CAUSE OF ACTION, OBLIGATION OR LIABILITY EXPRESSLY PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT.**

<u>**Consensual Releases by Non-Debtor Released Parties**</u>

**<u>Section 11.G of the Plan provides as follows:</u>**

**AS OF THE EFFECTIVE DATE, AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN OR THE PLAN SUPPLEMENT, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE SETTLEMENT REACHED WITH THE PLAN PARTICIPANTS AND THE IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, THE RELEASED PARTIES AND THEIR RELATED PARTIES ARE DEEMED RELEASED AND DISCHARGED BY THE NON-DEBTOR RELEASED PARTIES AND THEIR RELATED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT THE NON-DEBTOR RELEASED PARTIES OR THEIR RELATED PARTIES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN**

PART, THE DEBTORS, THE BANKRUPTCY CASES, THE SALE TRANSACTION, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS DURING THE BANKRUPTCY CASES, THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE ASSET PURCHASE AGREEMENT OR RELATED AGREEMENTS, INSTRUMENTS, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASE SET FORTH ABOVE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY RELEASED PARTY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT OR THE ASSET PURCHASE AGREEMENT) EXECUTED TO IMPLEMENT THE PLAN, NOR DOES IT RELEASE ANY RETAINED CLAIMS OR OTHER CAUSE OF ACTION, OBLIGATION OR LIABILITY EXPRESSLY PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT.

### Releases by Holders of Claims ~~and Interests~~

ALL HOLDERS OF CLAIMS IN CLASS 5 ENTITLED TO VOTE ON THE PLAN ~~THAT DO NOT EXPRESSLY "OPT-OUT" OF THE RELEASES BY RETURNING A BALLOT ELECTING SUCH "OPT-OUT" (INCLUDING ALL HOLDERS WHO VOTE TO REJECT THE PLAN BUT FAIL TO CHECK THE APPROPRIATE BOX TO "OPT-OUT" OF THE RELEASES AND ALL HOLDERS WHO ABSTAIN FROM VOTING ON THE PLAN OR WHO OTHERWISE DO NOT "OPT-OUT" ON A TIMELY FILED BALLOT) SHALL~~MAY ELECT TO GRANT AND BE BOUND BY THE RELEASES CONTAINED ~~THEREIN~~IN SECTION 11.H OF THE PLAN BY TIMELY AND PROPERLY RETURNING A BALLOT VOTING IN FAVOR OF THE PLAN AND NOT ELECTING TO "OPT-OUT" OF SUCH RELEASES. ANY HOLDER OF A CLAIM IN CLASS 5 THAT EXERCISES ITS RIGHT TO ~~NOT~~ GRANT THE RELEASES WILL ~~NOT~~ RECEIVE A ~~DISTRIBUTION UNDER THE PLAN.~~PRO RATA SHARE OF THE GUC PAYMENT AMOUNT AND THE EXCESS SALE OVERPAYMENT, IF ANY, NET OF SIGNAL LIQUIDATING TRUST EXPENSES, AS SET FORTH IN THE PLAN.

ANY HOLDER OF A CLAIM IN CLASS 5 THAT CHOOSES NOT TO ELECT TO GRANT AND BE BOUND BY THE RELEASES WILL NOT RECEIVE A PRO RATA SHARE OF THE GUC PAYMENT AMOUNT BUT WILL RECEIVE ONLY A PRO RATA SHARE OF THE EXCESS SALE OVERPAYMENT, IF ANY, NET OF SIGNAL LIQUIDATING TRUST EXPENSES, AS SET FORTH IN THE PLAN.

Section 11.~~G~~H of the Plan provides as follows:

AS OF THE EFFECTIVE DATE, ~~TO THE EXTENT THAT A HOLDER OF A CLAIM RECEIVES A DISTRIBUTION,~~ AND AS PERMITTED BY APPLICABLE LAW, EACH HOLDER OF A CLAIM, ~~INCLUDING EACH HOLDER OF A CLAIM DEEMED TO ACCEPT THE PLAN PURSUANT TO SECTION 1126(F) OF THE BANKRUPTCY CODE,~~ SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED ON BEHALF OF A DEBTOR, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE,

01:~~17554711.101~~
7554711.15

**THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE RESTRUCTURING, THE BANKRUPTCY CASES, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS DURING THE BANKRUPTCY CASES, THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE ASSET PURCHASE AGREEMENT OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION THAT CONSTITUTES THE FAILURE TO PERFORM THE DUTY TO ACT IN GOOD FAITH AND WHERE SUCH FAILURE TO PERFORM CONSTITUTES WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR ACTUAL FRAUD. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASE SET FORTH ABOVE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT OR THE ASSET PURCHASE AGREEMENT) EXECUTED TO IMPLEMENT THE PLAN, NOR DOES IT RELEASE ANY RETAINED CLAIMS OR OTHER CAUSE OF ACTION, OBLIGATION OR LIABILITY EXPRESSLY PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT.**

**THE RELEASES IN THIS SECTION 11.H SHALL APPLY ONLY TO: (1) ANY HOLDER OF A CLAIM IN CLASS 4 (OTHER THAN A RELEASED PARTY); AND (2) ANY HOLDER OF A CLAIM IN CLASS 5 WHO (x) TIMELY AND PROPERLY SUBMITS A BALLOT VOTING IN FAVOR OF THE PLAN AND (y) DOES NOT OPT OUT OF THE RELEASES PROVIDED FOR IN THIS SECTION 11.H.**

**NOTWITHSTANDING ANY OTHER PROVISION OF THE PLAN, NOTHING IN SECTION 11.F ~~OR THIS SECTION,~~ 11.G, OR 11.H OF THE PLAN DISCHARGES OR RELEASES THE RETAINED CLAIMS.**

### Injunction Against Barred Claims

Section 11.J of the Plan provides as follows:

All Entities, other than Plan Participants, against which any Litigation Claim or Retained H-2B Claim has been or may be asserted, whether before or after the Effective Date, in any judicial proceeding, arbitration proceeding, administrative agency proceeding, or other adjudicatory proceeding in the United States or elsewhere (such Entities, "H-2B Actors") are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting against any Released Party, whether in the Bankruptcy Court, any federal, state court, other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, any request, claim, or cause of action for or otherwise seeking contribution, indemnification or other remedy, however denominated, against any Released Party arising out of or relating, directly or indirectly, to any Litigation Claim or Retained H-2B Claim where the injury or damage to such H-2B Actor is based upon: (i) such H-2B Actor's alleged liability to any Litigation Claimant or holder of a Retained H-2B Claim or to another H-2B Actor against whom any Litigation Claimant holder of a Retained H-2B Claim has asserted a Litigation Claim or Retained Claim; (ii) the amounts paid, whether by settlement

8

or otherwise, to any Litigation Claimant or holder of a Retained H-2B Claim or another  against which any Litigation Claimant or holder of a Retained H-2B Claim has asserted a Litigation Claim or Retained H-2B Claim; or (iii) the costs (including attorneys' fees) incurred defending against such claims (collectively, the "Barred Claims").

For the avoidance of doubt, nothing in this Section 11.J of the Plan precludes any Plan Participant from commencing, prosecuting, or asserting any Retained Claims.

If a court or tribunal of competent jurisdiction determines that a Barred Claim exists that, if otherwise valid and enforceable, would have given rise to liability of a Released Party to the H-2B Actor holding such Barred Claim but for this Section 11.J of the Plan, the H-2B Actor holding such Barred Claim shall be entitled to the judgment reduction provisions set forth herein.  This Section 11.J of the Plan is without prejudice to the position of any Entity as to the existence, validity and enforceability, in the absence of this Section 11.J of the Plan or otherwise, of any Barred Claim.

To the extent that a holder of a Barred Claim believes that it is entitled to judgment reduction in any lawsuit (a "Released Party Action") commenced by a Released Party or a Litigation Claimant, such holder of a Barred Claim shall provide notice of this Section 11.J of the Plan to the court or tribunal hearing the Released Party Action.  Such court or tribunal shall determine whether the Released Party Action gives rise to Barred Claims on which a Released Party would have been liable to the holder of such Barred Claim in the absence of this Section 11.J of the Plan.  If the court or tribunal so determines, then, solely to the extent that the holder of a Barred Claim is entitled under applicable non-bankruptcy law to a valid defense for judgment reduction, it shall reduce any judgment against the holder of such Barred Claim in an amount required by the non-bankruptcy law applicable to the Released Party Action.  Nothing herein shall prejudice or operate to preclude the right of any H-2B Actor in such Released Party Action to (i) provide notice of this Section 11.J of the Plan to the court or tribunal hearing the Released Party Action at any point, or (ii) raise any issues, claims or defenses regarding judgment reduction or proportionate share of fault in the court or tribunal hearing the Released Party Action at any point in accordance with this Section 11.J of the Plan.  Additionally, nothing herein shall prejudice or operate to preclude the right of any Litigation Claimant or holder of a Retained H-2B Claim to oppose any such request for a judgment reduction on any basis, including, but not limited to, that no such right exists and with reference to section 502(e) of the Bankruptcy Code.  Nothing in this Section 11.J of the Plan shall impair any Retained H-2B Claim or create any defense to or right to setoff or reduction of any Retained H-2B Claim that would not exist pursuant to applicable non-bankruptcy law but for this Section 11.J of the Plan.

**8.     Additional Information**.  For information about the solicitation procedures, or to obtain a copy of the Disclosure Statement Order, the Disclosure Statement, the Plan, the Plan Supplement, which is to be filed by November 2, 2015, or any related documents, at no charge, please contact the Voting and Balloting Agent, Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, California 90245, at 888-830-4665 (toll free) or 310-751-2648 (international callers) or visit the Debtors' website at www.kccllc.net/signal.  Please note that the Voting and Balloting Agent is not permitted to give legal advice.  In addition, any documents that are filed with the Bankruptcy Court also are available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 3rd Floor, 824 N. Market Street, Wilmington, Delaware 19801, or may be viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

**9.     Reservation of Rights**.  **The Debtors reserve the right to dispute, or to assert offsets or defenses to, any Claim reflected in the Schedules or to object to any Claim or Proof of Claim filed in the chapter 11 cases, as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent, or unliquidated on the Schedules or otherwise.  Nothing contained**

**in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed or unfiled, on any grounds.**

| Summary of Timeline | |
|---|---|
| October 8, 2015 | Voting Record Date |
| October 13, 2015 | Date of service of Solicitation Packages or Non-Voting Creditor Notice, as applicable |
| November 2, 2015 | Deadline for Debtors to file Plan Supplement |
| | Deadline for Debtors to object, for voting purposes only, to a Claim |
| 4:00 p.m. (ET) on the later of: (i) November 3, 2015 and (ii) 14 days after the date of service of notice of a Claim objection for voting purposes. | Rule 3018(a) Motion Deadline |
| November 12, 2015 at 4:00 p.m. (ET) | Voting Deadline |
| | Confirmation Objection Deadline |
| November 20, 2015 at NOON (ET) | Deadline for filing the Ballot Tabulation |
| | Deadline for Debtors' reply to Plan objections, if any |
| November 24, 2015 at 2:00 p.m. (ET) | Confirmation Hearing |

Dated: _____, 2015          YOUNG CONAWAY STARGATT & TAYLOR, LLP
       Wilmington, Delaware

                                          _____

                                       M. Blake Cleary (No. 3614)
                                       Kenneth J. Enos (No. 4544)
                                       Jaime Luton Chapman (No. 4936)
                                       Travis G. Buchanan (No. 5595)
                                       Rodney Square
                                       1000 North King Street
                                       Wilmington, Delaware 19801
                                       Telephone: (302) 573-7799
                                       Facsimile: (302) 571-1253

                                       *Counsel to the Debtors and Debtors in Possession*

01:~~17554711.10~~
7554711.15