# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SIGNAL INTERNATIONAL, INC., et al.[1] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 337 |

## ORDER (A) APPROVING THE DISCLOSURE STATEMENT; (B) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING; (C) APPROVING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (D) ESTIMATING EACH LITIGATION CLAIM AT $1.00 FOR VOTING PURPOSES; (E) APPROVING NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF; AND (F) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for the entry of an order: (i) approving the Disclosure Statement; (ii) establishing the record date for the purpose of determining which creditors are entitled to vote on the Plan; (iii) approving solicitation materials and procedures for distribution thereof, (iv) estimating each Litigation Claim at $1.00 solely for voting purposes; (v) approving ballots and procedures for voting on the Plan and tabulating votes with respect thereto, and (vi) scheduling a hearing and approving notice procedures relating to confirmation of the Plan; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Motion and the relief requested therein being a core proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

[2] All capitalized terms used herein shall have the meaning ascribed to them in the Motion.

01:17554711.16

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given; and a hearing having been held to consider the relief requested in the Motion (the "**Disclosure Statement Hearing**"); and upon the record of the Disclosure Statement Hearing and all of the proceedings had before this Court and this Court having reviewed the Motion, the papers in support thereof, and the responses thereto, if any; and this Court having found and determined that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein; and the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND THAT:**

A. This Court has reviewed and approved the Disclosure Statement attached hereto as Exhibit 6 and has determined that it contains "adequate information" and otherwise complies with section 1125 of the Bankruptcy Code.

B. The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

C. The form of Non-Voting Creditor Notice annexed hereto as Exhibit 1, to be sent to Holders of Claims in Classes 1, 2, and 3, which Classes are deemed to accept the Plan, and Holders of Claims or Equity Interests in Classes 6 and 7, which Classes are deemed to reject the Plan, complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; provides adequate notice to Holders of Claims or Equity Interests in these Classes of their non-voting

status; and adequately addresses the particular needs of these chapter 11 cases. No further notice of their non-voting status is necessary.

D. The forms of Ballots annexed hereto as <u>Exhibits 2</u> through <u>4</u> are substantially consistent with Official Form No. 14, adequately address the particular needs of these chapter 11 cases, and provide adequate information and instructions for each Class of Claims entitled to vote to accept or reject the Plan. No further information or instructions are necessary.

E. Pursuant to the Plan, Allowed Claims in Class 4 (Litigation Claims) and Class 5 (General Unsecured Claims) (together, the "**Voting Parties**") are impaired and entitled to receive distributions under the Plan, and accordingly, Holders of Claims in these Classes are entitled to vote on account of such Claims.

F. The distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Record Date, Voting Deadline, Confirmation Objection Deadline, Confirmation Hearing, and all related matters.

G. The period during which the Debtors may solicit acceptances to the Plan, as set forth below, is a reasonable and sufficient period of time for Voting Parties to make an informed decision regarding whether to accept or reject the Plan and timely return Ballots evidencing such decision.

H. The Confirmation Hearing Notice substantially in the form annexed hereto as <u>Exhibit 5</u>, and the procedures set forth below for providing notice of the time, date, and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and for filing objections or responses to the Plan, provide due, proper, and adequate notice and comply with

01:17554711.16

the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and constitute sufficient notice to all interested parties.

I. All notices provided relating to confirmation of the Plan pursuant to the procedures set forth herein constitute good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing, and no other or further notice need be provided.

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is approved.

3. All objections or responses to the Disclosure Statement, if any, which have not been withdrawn or resolved, are overruled.

4. Kurtzman Carson Consultants LLC (the "**Voting and Balloting Agent**") is authorized to perform all balloting and solicitation services and any services incidental thereto.

5. The Record Date shall be set as October 8, 2015.

6. The record Holders of Claims shall be determined as of the Record Date based upon the records of the Debtors and the Voting and Balloting Agent. Accordingly, any documentation evidencing a transfer of a claim not received and docketed by this Court on or before the Record Date shall not be recognized for purposes of voting or receipt of the Plan confirmation materials.

7. The Solicitation Packages are approved.

8. The Debtors may include a letter from the Committee in support of the Plan in the Solicitation Packages.

9. The Solicitation Packages shall be distributed to each of the Voting Parties by the Solicitation Date and shall contain the following materials: (i) the Confirmation Hearing Notice; (ii) a copy of this Order (without exhibits) and a copy of the Disclosure Statement (together with the Plan and other exhibits annexed thereto); and (iii) the appropriate Ballot along with a postage prepaid, self-addressed, return envelope.

10. The Debtors may distribute (or cause the Voting and Balloting Agent to distribute) the Solicitation Packages at their discretion in either paper or CD-ROM format (other than the Confirmation Hearing Notice and the Ballot, which shall be provided in paper format); provided, however, that, upon the request of any party in interest, the Debtors shall provide a paper copy of this Order and/or the Disclosure Statement, which shall include the Plan as an exhibit, at no cost to the party within five (5) business days of such request.

11. The Non-Voting Creditor Notice shall be distributed to each of the Non-Voting Parties.

12. The Debtors are directed to distribute, or cause to be distributed, by October 14, 2015 (the "**Solicitation Date**"), the Confirmation Hearing Notice on all parties on the creditor matrix maintained by the Voting and Balloting Agent that are not otherwise entitled to receive a Solicitation Package.

13. With respect to any creditor who has filed duplicate Claims (whether against the same or multiple Debtors) or Claims that have been amended or superseded by Claims which are classified under the Plan in the same Class, the Debtors shall provide to such creditor only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether an objection to such duplicate, amended, or superseded Claims has been filed.

14. The Debtors are not required to distribute Solicitation Packages to creditors who have timely filed proofs of claim if the Claims have already been paid in the full claimed amount; provided, however, if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, such creditor will be sent a Solicitation Package.

15. With respect to addresses from which Disclosure Statement Hearing Notices were returned as undeliverable, and without a forwarding address, by the United States Postal Service, the Debtors are excused from distributing a Solicitation Package, Non-Voting Creditor Notice, and/or the Confirmation Hearing Notice to those entities listed at such addresses, and no further notice of the Confirmation Hearing or the Voting Deadline, other than through the Publication Notice, is required to be provided to such entities, unless the Debtors are provided with accurate addresses for such entities at least one (1) business day prior to the Solicitation Date.

16. Within five (5) days after the entry of this Order (or as soon as reasonably practicable thereafter, but no later than twenty-five (25) days prior to the Confirmation Objection Deadline), the Debtors will cause the (i) Confirmation Hearing Notice, as modified for publication (the "**Publication Notice**"), to be published once in the national edition of *The New York Times* or *USA Today*, the Mississippi *SunHerald*, the *Houston Chronicle*, and an English language newspaper of general circulation in India and (ii) the Publication Notice translated in Malayalam to be published once in *Malayala Manorama*.

17. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, the Confirmation Hearing Notice, any other notice related to the Plan or Disclosure Statement, and all exhibits and appendices to any of the foregoing without

01:17554711.16

further order of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their distribution.

18. The Ballots are approved.

19. The Voting Deadline is set as November 12, 2015, at 4:00 p.m. (ET).

20. Unless otherwise provided herein, all Ballots must be properly executed, completed and the original thereof shall be delivered to the Voting and Balloting Agent so as to be actually received by the Voting and Balloting Agent no later than the Voting Deadline at the following address:

> Signal Ballot Processing Center
> c/o KCC
> 2335 Alaska Avenue
> El Segundo, CA 90245

21. The Debtors are not required to distribute Solicitation Packages, Ballots, copies of the Disclosure Statement or Plan, or any other notices other than the Confirmation Hearing Notice to Holders of Claims that have not been classified in the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code.

22. The Debtors shall send a Ballot substantially in the form annexed hereto as Exhibit 2 to the Holders of Litigation Claims in Class 4.

23. The Debtors shall send a Ballot substantially in the form annexed hereto as Exhibit 3 to the Holders of General Unsecured Claims in Class 5.

24. Each Litigation Claim shall be estimated at a fixed value of $1.00 pursuant to section 502(c) of the Bankruptcy Code, solely for purposes of voting to accept or reject the Plan, and not for any other purpose. Notwithstanding the foregoing, the Debtors' rights are hereby reserved, upon consultation with the Supporting Litigation Claimants, to seek to estimate

any of the Litigation Claims at a value other than $1.00 if they determine that the Holders of Litigation Claims as a class have been prejudiced by the uniform estimation approach.

25.   Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of or distribution on account of a Claim, and without prejudice to the rights of the Debtors in any other context, each Holder of a Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be entitled to vote the amount of such Claim as set forth in the Schedules (as may be amended from time to time) unless such Holder has timely filed a proof of claim, in which event such Holder would be entitled to vote the amount of such Claim as set forth in such proof of claim; subject to the tabulation rules (the "**Tabulation Rules**") below:

a.   If a Claim is deemed "Allowed" under the Plan or an order of this Court, such Claim is allowed for voting purposes in the deemed "Allowed" amount set forth in the Plan or this Court's order;

b.   If a Holder has timely filed a Claim and subsequently filed an amended or superseded Claim, that Holder shall be entitled to vote only the amount of the Claim as set forth in the amending or superseding Claim;

c.   If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, or disputed, including, without limitation, any applicable Litigation Claim, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the Holder of such Claim shall be marked for voting at $1.00;

d.   If a Claim is partially liquidated and partially unliquidated, the Claim is allowed for voting purposes only in the liquidated amount;

e.   If a Claim has been estimated or otherwise allowed for voting purposes by order of this Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by this Court for voting purposes only, and not for purposes of allowance or distribution;

  f. If a Claim is listed in the Schedules as undetermined, contingent, unliquidated, or disputed, or in a zero or unknown amount, and a proof of claim was not (A) filed by the applicable bar date for the filing of proofs of claim established by this Court or (B) deemed timely filed by an order of this Court prior to the Voting Deadline, then, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

  g. If an objection to a Claim has been filed at least ten days before the Voting Deadline, such Claim shall be disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection; and

  h. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims or holds multiple non-duplicative Claims that are classified under the Plan in the same Class, shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether an objection to such duplicate claims has been filed.

26. Each creditor that votes to accept or reject the Plan is deemed to have voted the full amount of its Claims thereof.

27. If any claimant seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, such claimant is directed to file with this Court and serve on counsel for the Debtors and the parties set forth in Paragraph 42 of this Order, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan no later than 4:00 p.m. (ET) on the later of (i) November 3, 2015, or (ii) fourteen (14) days after the date of service of a notice of an objection, if any, to such Claim ("**Rule 3018(a) Motion Deadline**").

28. Any party filing and serving a Rule 3018(a) Motion on or prior to the Rule 3018(a) Motion Deadline shall be provided a Ballot and be permitted to cast a provisional vote to accept or reject the Plan.

29. Any Claim that is subject to a Rule 3018(a) Motion shall not be counted for voting purposes, except as ordered by this Court at or prior to the Confirmation Hearing.

30. In the event that a creditor filing a Rule 3018(a) Motion reaches an agreement with the Debtors as to the treatment of its Claim for voting purposes, a stipulation setting forth that agreement may be submitted to this Court for approval under certification of counsel after providing a minimum of two (2) business days' notice to the parties set forth in Paragraph 42.

31. To the extent any Rule 3018(a) Motion is unresolved prior to the Voting Deadline, this Court shall determine at the Confirmation Hearing whether such provisional Ballot will be counted as a vote on the Plan.

32. As to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot shall not be provisionally counted in determining whether the Plan has been accepted or rejected if their Rule 3018(a) Motion is not timely filed and served by the Rule 3018(a) Motion Deadline.

33. If a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received before the Voting Deadline is deemed to reflect the voter's intent and, thus, to supersede any prior Ballots.

34. Creditors with multiple Claims within a particular Class must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their votes, and thus neither (a) any Ballot that partially rejects and partially accepts the Plan nor (b) any Ballot filed by a creditor with multiple Claims within a Class who votes inconsistently will be counted.

35. Without further order of this Court:

a. Any Ballot that is properly completed, executed, and timely returned to the Voting and Balloting Agent, but does not indicate an acceptance or

rejection of the Plan or indicates both an acceptance and a rejection of the Plan, shall be counted as accepting the Plan;

b. Any Ballot actually received by the Voting and Balloting Agent after the Voting Deadline shall not be counted, unless the Debtors, in consultation with the TRSA and ERSA and the Supporting Litigation Claimants, granted an extension of the Voting Deadline with respect to such Ballot;

c. Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant shall be considered defective and shall not be counted;

d. Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, shall not be counted;

e. Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan shall be considered defective and shall not be counted;

f. Any Ballot cast for a Claim identified as unliquidated, contingent, or disputed for which no proof of claim was timely filed shall be considered defective and shall not be counted;

g. Any unsigned Ballot or non-originally signed Ballot shall be considered defective and shall not be counted;

h. Any Ballot sent directly to the Debtors, their agents (other than the Voting and Balloting Agent), or their financial or legal advisors, or to any party other than the Voting and Balloting Agent, shall be considered defective and shall not be counted;

i. Any Ballot cast for a Claim that has been disallowed (for voting purposes or otherwise) or satisfied shall be considered defective and shall not be counted; and

j. Any Ballot transmitted to the Voting and Balloting Agent by facsimile or other electronic means shall be considered defective and shall not be counted, unless the Debtors, in consultation with the TRSA and ERSA and the Supporting Litigation Claimants, agree in writing to accept such Ballot.

36. Neither the Debtors, the Voting and Balloting Agent, nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, and neither the Debtors, the Voting and Balloting Agent, nor any other person or entity shall incur any liability for failure to provide such notification.

37. The Debtors will file all exhibits to the Plan with this Court and make them available upon request to the Voting and Balloting Agent at no charge.

38. Subject to any order of this Court to the contrary, the Debtors, in consultation with the TRSA and ERSA, the Committee, and the Supporting Litigation Claimants, may waive any defect in any Ballot at any time, whether before or after the Voting Deadline, and without notice.

39. The Confirmation Hearing Notice is approved.

40. The Confirmation Hearing will commence at 2:00 p.m. (ET) on November 24, 2015; provided, however, that the Confirmation Hearing may be adjourned from time to time by this Court or the Debtors without further notice to parties other than an announcement at the Confirmation Hearing or any adjourned Confirmation Hearing.

41. Objections to confirmation of the Plan may be filed no later than November 12, 2015 at 4:00 p.m. (ET) (the "**Confirmation Objection Deadline**").

42. Objections to confirmation of the Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection, and (d) be filed, together with proof of service, with this Court and served so that they are actually received no later than the Confirmation Objection Deadline by the following parties: (i) counsel for the Debtors: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: M. Blake Cleary, Esq. (mbcleary@ycst.com), and Hogan Lovells US LLP, 875 Third Avenue, New York, NY 10022, Attn: Christopher R. Donoho III, Esq. (chris.donoho@hoganlovells.com); (ii) counsel for the TRSA and ERSA: Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, AL 35203, Attn: Derek F. Meek, Esq.

(dmeek@burr.com), and Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899, Attn: Gregory W. Werkheiser, Esq. (gwerkheiser@mnat.com); (iii) counsel for the Committee: Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com); and (iv) U.S. Trustee: 844 King Street, Room 2207, Lockbox #35, Wilmington, DE 19899, Attn: Tiiara N.A. Patton, Esq. (tiiara.patton@usdoj.gov).

43. Absent further order of this Court, objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered and shall be overruled.

44. The Voting and Balloting Agent shall file the Ballot Tabulation Certification no later than November 20, 2015 at 12:00 NOON (ET), which shall identify any defective Ballot not counted and identify the applicable defect.

45. The Debtors shall file the Plan Supplement on or before November 2, 2015.

46. The Debtors or any other Plan Participant shall file any reply to any objections to the Plan no later than November 20, 2015 at 12:00 NOON (ET).

47. For ease of reference, the confirmation schedule set forth herein is summarized in the table below:

| Summary of Timeline | |
|---|---|
| October 8, 2015 | Voting Record Date |
| October 14, 2015 | Date of service of Solicitation Packages or Non-Voting Creditor Notice, as applicable |
| November 2, 2015 | Deadline for Debtors to file Plan Supplement |
| | Deadline for Debtors to object, for voting purposes only, to a Claim |
| 4:00 p.m. (ET) on the later of:<br>(i) November 3, 2015 and<br>(ii) fourteen (14) days after the date of service of a notice of a Claim objection for voting purposes | Rule 3018(a) Motion Deadline |
| November 12, 2015 at 4:00 p.m. (ET) | Voting Deadline |
| | Confirmation Objection Deadline |
| November 20, 2015 at NOON (ET) | Deadline for filing the Ballot Tabulation |
| | Deadline for Debtors' reply to Plan objections, if any |
| November 24, 2015 at 2:00 p.m. (ET) | Confirmation Hearing |

48. The Debtors are authorized to take or refrain from taking any action and expending such funds necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of this Court.

49. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: October 8, 2015
Wilmington, Delaware

*[signature]*
Mary F. Walrath
United States Bankruptcy Judge

01:17554711.16