# Exhibit 1

## Non-Voting Creditor Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SIGNAL INTERNATIONAL, INC., et al.[1] | Case No. 15-11498 (MFW) |
| Debtors. | Jointly Administered |

### NOTICE OF NON-VOTING STATUS UNDER THE DEBTORS' JOINT PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE THAT**, on October 8, 2015, the United States Bankruptcy Court for the District of Delaware entered an order (the "**Disclosure Statement Order**") approving the *Disclosure Statement for Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated October ____, 2015 [D.I. ____] (as it may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"). The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated _____, 2015 [D.I. ____] (as it may be amended, modified, or supplemented from time to time, the "**Plan**"),[2] a copy of which is annexed as Exhibit 1 to the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement Order, among other things, (a) established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan, (b) approved the contents of solicitation packages to be distributed to creditors who are entitled to vote to accept or reject the Plan (the "**Solicitation Packages**"), and (c) approved the forms of notice to be sent to certain Holders of Claims or Equity Interests who are not entitled to vote to accept or reject the Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Rule 3017(d) of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**") and the Disclosure Statement Order, the Debtors (a) are required to provide Solicitation Packages to all creditors entitled to vote to accept or reject the Plan and (b) are not required to provide Solicitation Packages to Holders of Claims or Equity Interests in Classes under the Plan that are conclusively presumed to either accept or reject the Plan (collectively, the "**Non-Voting Classes**").

**PLEASE TAKE FURTHER NOTICE THAT** the Non-Voting Classes, and their proposed treatment under the Plan, are set forth below:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

| Class & Description | Estimated Remaining Claims | Treatment | Estimated Recovery to Holders of Allowed Claims |
|---|---|---|---|
| Class 1: Other Priority Claims | $0.00 | *Unimpaired – Deemed to Accept.* On or as soon as practicable after the Effective Date, each Holder of an Allowed Other Priority Claim shall be paid in full in Cash by the Signal Liquidating Trustee solely from the Disputed Claims Reserve, or be treated on such other terms as agreed between the Signal Liquidating Trustee and the Holder thereof, subject to the reasonable consent of the Purchaser. | 100% |
| Class 2: Other Secured Claims | $0.00 | *Unimpaired – Deemed to Accept.* On or as soon as practicable after the Effective Date, each Holder of an Allowed Other Secured Claim shall be paid in full in Cash by the Signal Liquidating Trustee solely from the Disputed Claims Reserve, receive delivery of collateral securing any such Claim and payment of any interest requested under section 506(b) of the Bankruptcy Code, or be treated on such other terms as agreed between the Signal Liquidating Trustee and the Holder thereof, subject to the reasonable consent of the Purchaser. | 100% |
| Class 3: First Lien Loan Agreement Claims | $0.00 | *Unimpaired – Deemed to Accept.* All First Lien Loan Agreement Claims have been satisfied in full and repaid through the borrowings under the DIP Facility. | N/A |
| Class 6: Intercompany Claims | All Intercompany Claims | *Impaired – Deemed to Reject.* Intercompany Claims against the Debtors shall not be entitled to any Distribution under the Plan and such claims shall be cancelled and discharged on the Effective Date. | 0% |
| Class 7: Equity Interests | All issued and outstanding Equity Interests | *Impaired – Deemed to Reject.* Holders of Equity Interests in the Debtors shall neither receive nor retain any property under the Plan. On the Effective Date, all Equity Interests in the Debtors shall be cancelled and of no further force or effect and all Claims filed on account of Equity Interests shall be deemed disallowed by operation of the Plan. | 0% |

**YOU HAVE BEEN IDENTIFIED AS THE HOLDER OF A CLAIM OR EQUITY INTEREST IN A NON-VOTING CLASS UNDER THE PLAN AND THEREFORE ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.** Accordingly, pursuant to the Disclosure Statement Order, you are receiving this Notice in lieu of a Solicitation Package containing, among other things, copies of the Disclosure Statement and the Plan. Should you wish to obtain a copy of the Disclosure Statement, the Plan, or the Plan Supplement, which is to be filed by November 2, 2015, copies of the documents (including any exhibits and appendices thereto) are available at no charge at www.kccllc.net/signal or by contacting Kurtzman Carson Consultants, LLC at 888-830-4665 (toll free) or 310-751-2648 (international callers).

If you wish to challenge the classification of your Claim, you must file a motion, pursuant to Rule 3018(a) of the Bankruptcy Rules (a "**Rule 3018 Motion**"), for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received by **4:00 p.m. (ET)** on the later of (a) November 3, 2015, or

01:17554711.16

(b) fourteen (14) days after the date of service of a notice of an objection, if any, to your Claim or Interest but in no event later than seven (7) days prior to the Confirmation Hearing. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing. Rule 3018 Motions that are not timely filed and served in the manner as set forth above will not be considered.

A hearing to consider confirmation of the Plan will commence before the Honorable Mary F. Walrath, United States Bankruptcy Judge, in Courtroom No. 4 of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Wilmington, DE 19801 on **November 24, 2015, at 2:00 p.m. (ET)** ("**Confirmation Hearing**"). The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

## RELEASES, EXCULPATIONS AND INJUNCTIONS

**SECTION 6.C AND ARTICLE XI OF THE PLAN CONTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER:**

### Channeling Injunction

**Subject to certain exceptions, Section 6.C of the Plan provides as follows:**

From and after the Effective Date, (i) all Litigation Claims will be subject to the Channeling Injunction pursuant to section 105(a) of the Bankruptcy Code and the provisions of the Plan and the Confirmation Order and (ii) the Plan Participants and Related Parties shall have no obligation to pay any liability of any nature or description arising out of, relating to, or in connection with any Litigation Claims, *provided, however*, that nothing in the Plan shall preclude any action by the Litigation Settlement Trust to enforce the Plan. *To supplement the injunctive effect of the Plan Injunction, and pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, for Litigation Claims, the Confirmation Order shall provide for the following permanent injunction to take effect as of the Effective Date*:

*To preserve and promote the settlements contemplated by and provided for in the Plan and to supplement, where necessary, the injunctive effect of the Plan Injunction and the releases described in Article XI of the Plan, and pursuant to the exercise of the equitable jurisdiction and power of the Bankruptcy Court under section 105(a) of the Bankruptcy Code, all Entities that have held or asserted, or that hold or assert any Litigation Claim shall be permanently stayed, restrained and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery with respect to any such Litigation Claim, other than from the Litigation Settlement Trust in accordance with the Litigation Settlement Trust Agreement and the Litigation Settlement TDP, including, but not limited to:*

    (i) *commencing, conducting or continuing, in any manner, whether directly or indirectly, any suit, action or other proceeding of any kind with respect to any such Litigation Claim, against any of the Plan Participants or their Related Parties, or against the property of any of the Plan Participants or their Related Parties with respect to any such Litigation Claim;*

    (ii) *enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award, decree or other*

*order against any of the Plan Participants or their Related Parties, or against the property of any of the Plan Participants or their Related Parties with respect to any such Litigation Claim;*

(iii) *creating, perfecting or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any of the Plan Participants or their Related Parties or the property of any of the Plan Participants or their Related Parties with respect to any such Litigation Claim;*

(iv) *asserting or accomplishing any setoff, right of subrogation, indemnity, contribution or recoupment of any kind, whether directly or indirectly, against any obligation due any of the Plan Participants or their Related Parties or against the property of any of the Plan Participants or their Related Parties with respect to any such Litigation Claim; and*

(v) *taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to such Litigation Claim.*

### Plan Injunction

Subject to certain exceptions, Section 11.D of the Plan provides as follows:

IN ACCORDANCE WITH SECTION 1141(D)(3) OF THE BANKRUPTCY CODE, THE PLAN DOES NOT DISCHARGE THE DEBTORS. SECTION 1141(C) OF THE BANKRUPTCY CODE NEVERTHELESS PROVIDES, AMONG OTHER THINGS, THAT THE PROPERTY DEALT WITH BY THE PLAN IS FREE AND CLEAR OF ALL CLAIMS AND EQUITY INTERESTS AGAINST THE DEBTORS. AS SUCH, NO ENTITY HOLDING A CLAIM AGAINST THE DEBTORS MAY RECEIVE ANY PAYMENT FROM, OR SEEK RECOURSE AGAINST, ANY ASSETS THAT ARE TO BE DISTRIBUTED AND/OR TRANSFERRED UNDER THIS PLAN OTHER THAN ASSETS REQUIRED TO BE DISTRIBUTED TO THAT ENTITY UNDER THE PLAN. AS OF THE EFFECTIVE DATE, ALL PARTIES ARE PRECLUDED FROM ASSERTING AGAINST ANY PROPERTY TO BE DISTRIBUTED UNDER THIS PLAN ANY CLAIMS, RIGHTS, CAUSES OF ACTION, LIABILITIES, OR EQUITY INTERESTS BASED UPON ANY ACT, OMISSION, TRANSACTION, OR OTHER ACTIVITY THAT OCCURRED BEFORE THE EFFECTIVE DATE EXCEPT AS EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN ARTICLE XI HEREOF, THE RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO ARTICLE XI HEREOF, INCLUDING, BUT NOT LIMITED TO: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH RELEASED CLAIMS OR INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH RELEASED CLAIMS OR

01:17554711.16

INTERESTS; (3) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH RELEASED CLAIMS OR INTERESTS; AND (4) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH RELEASED CLAIMS OR INTERESTS.

### Exculpation

Subject to certain exceptions, Section 11.E of the Plan provides as follows:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR ANY LIABILITY TO ANY ENTITY FOR ANY PREPETITION OR POST-PETITION ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH THE BANKRUPTCY CASES, OR RELATED TO FORMULATING, NEGOTIATING, SOLICITING, PREPARING, DISSEMINATING, CONFIRMING, OR IMPLEMENTING THE PLAN OR CONSUMMATING THE PLAN, THE DISCLOSURE STATEMENT, THE PLAN SUPPORT AGREEMENT, THE ASSET PURCHASE AGREEMENT OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN OR ANY OTHER PREPETITION OR POST-PETITION ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF THE RESTRUCTURING, EXCEPT FOR ARISING OUT OF ACTUAL FRAUD OR ITS OWN GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; *PROVIDED*, THAT EACH EXCULPATED PARTY SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, THE PLAN OR ANY OTHER RELATED DOCUMENT, INSTRUMENT, OR AGREEMENT. WITHOUT LIMITING THE FOREGOING "EXCULPATION" PROVIDED UNDER THIS ARTICLE, THE RIGHTS OF ANY HOLDER OF A CLAIM OR EQUITY INTEREST TO ENFORCE RIGHTS ARISING UNDER THE PLAN SHALL BE PRESERVED, INCLUDING THE RIGHT TO COMPEL PAYMENT OF DISTRIBUTIONS IN ACCORDANCE WITH THE PLAN.

### Debtors' Release

Section 11.F of the Plan provides as follows:

PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN OR THE PLAN SUPPLEMENT, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE SETTLEMENT REACHED WITH THE PLAN PARTICIPANTS AND THE IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES ARE DEEMED RELEASED AND DISCHARGED BY THE DEBTORS AND THE ESTATES FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT THE DEBTORS, THE ESTATES OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN

WHOLE OR IN PART, THE DEBTORS, THE BANKRUPTCY CASES, THE SALE TRANSACTION, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS DURING THE BANKRUPTCY CASES, THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE ASSET PURCHASE AGREEMENT OR RELATED AGREEMENTS, INSTRUMENTS, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION THAT CONSTITUTES THE FAILURE TO PERFORM THE DUTY TO ACT IN GOOD FAITH AND WHERE SUCH FAILURE TO PERFORM CONSTITUTES WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR ACTUAL FRAUD. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASE SET FORTH ABOVE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY RELEASED PARTY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT OR THE ASSET PURCHASE AGREEMENT) EXECUTED TO IMPLEMENT THE PLAN, NOR DOES IT RELEASE ANY RETAINED CLAIMS OR OTHER CAUSE OF ACTION, OBLIGATION OR LIABILITY EXPRESSLY PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT.

<u>Consensual Releases by Non-Debtor Released Parties</u>

Section 11.G of the Plan provides as follows:

AS OF THE EFFECTIVE DATE, AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN OR THE PLAN SUPPLEMENT, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE SETTLEMENT REACHED WITH THE PLAN PARTICIPANTS AND THE IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, THE RELEASED PARTIES AND THEIR RELATED PARTIES ARE DEEMED RELEASED AND DISCHARGED BY THE NON-DEBTOR RELEASED PARTIES AND THEIR RELATED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT THE NON-DEBTOR RELEASED PARTIES OR THEIR RELATED PARTIES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE BANKRUPTCY CASES, THE SALE TRANSACTION, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY OR ITS RELATED PARTIES, THE RESTRUCTURING OF CLAIMS AND INTERESTS DURING THE BANKRUPTCY CASES, THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE ASSET PURCHASE AGREEMENT OR RELATED AGREEMENTS, INSTRUMENTS, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING

PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASE SET FORTH ABOVE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY RELEASED PARTY OR ITS RELATED PARTIES UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT OR THE ASSET PURCHASE AGREEMENT) EXECUTED TO IMPLEMENT THE PLAN, NOR DOES IT RELEASE ANY RETAINED CLAIMS OR OTHER CAUSE OF ACTION, OBLIGATION OR LIABILITY EXPRESSLY PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT.

### Releases by Holders of Claims

> ALL HOLDERS OF CLAIMS IN CLASS 5 ENTITLED TO VOTE ON THE PLAN MAY <u>ELECT TO GRANT AND BE BOUND BY THE RELEASES</u> CONTAINED IN SECTION 11.H OF THE PLAN BY TIMELY AND PROPERLY RETURNING A BALLOT VOTING IN FAVOR OF THE PLAN <u>AND</u> NOT ELECTING TO "OPT-OUT" OF SUCH RELEASES. ANY HOLDER OF A CLAIM IN CLASS 5 THAT EXERCISES ITS RIGHT TO GRANT THE RELEASES <u>WILL RECEIVE</u> A PRO RATA SHARE OF THE GUC PAYMENT AMOUNT AND THE EXCESS SALE OVERPAYMENT, IF ANY, NET OF SIGNAL LIQUIDATING TRUST EXPENSES, AS SET FORTH IN THE PLAN.
>
> ANY HOLDER OF A CLAIM IN CLASS 5 THAT CHOOSES <u>NOT TO ELECT TO GRANT AND BE BOUND BY THE RELEASES</u> <u>WILL NOT RECEIVE</u> A PRO RATA SHARE OF THE GUC PAYMENT AMOUNT BUT <u>WILL RECEIVE ONLY</u> A PRO RATA SHARE OF THE EXCESS SALE OVERPAYMENT, IF ANY, NET OF SIGNAL LIQUIDATING TRUST EXPENSES, AS SET FORTH IN THE PLAN.

Section 11.H of the Plan provides as follows:

AS OF THE EFFECTIVE DATE, AND AS PERMITTED BY APPLICABLE LAW, EACH HOLDER OF A CLAIM SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED ON BEHALF OF A DEBTOR, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE RESTRUCTURING, THE BANKRUPTCY CASES, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS DURING THE BANKRUPTCY CASES, THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE ASSET PURCHASE AGREEMENT OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION THAT CONSTITUTES THE FAILURE TO PERFORM THE DUTY TO ACT IN GOOD FAITH AND WHERE SUCH FAILURE TO PERFORM CONSTITUTES WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR ACTUAL

FRAUD. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASE SET FORTH ABOVE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT OR THE ASSET PURCHASE AGREEMENT) EXECUTED TO IMPLEMENT THE PLAN, NOR DOES IT RELEASE ANY RETAINED CLAIMS OR OTHER CAUSE OF ACTION, OBLIGATION OR LIABILITY EXPRESSLY PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT.

THE RELEASES IN THIS SECTION 11.H SHALL APPLY ONLY TO: (1) ANY HOLDER OF A CLAIM IN CLASS 4; AND (2) ANY HOLDER OF A CLAIM IN CLASS 5 WHO (x) TIMELY AND PROPERLY SUBMITS A BALLOT VOTING IN FAVOR OF THE PLAN AND (y) DOES NOT OPT OUT OF THE RELEASES PROVIDED FOR IN THIS SECTION 11.H.

NOTWITHSTANDING ANY OTHER PROVISION OF THE PLAN, NOTHING IN SECTION 11.F, 11.G, OR 11.H OF THE PLAN DISCHARGES OR RELEASES THE RETAINED CLAIMS.

## Injunction Against Barred Claims

Section 11.J of the Plan provides as follows:

All Entities, other than Plan Participants, against which any Litigation Claim or Retained H-2B Claim has been or may be asserted, whether before or after the Effective Date, in any judicial proceeding, arbitration proceeding, administrative agency proceeding, or other adjudicatory proceeding in the United States or elsewhere (such Entities, "H-2B Actors") are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting against any Released Party, whether in the Bankruptcy Court, any federal, state court, other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, any request, claim, or cause of action for or otherwise seeking contribution, indemnification or other remedy, however denominated, against any Released Party arising out of or relating, directly or indirectly, to any Litigation Claim or Retained H-2B Claim where the injury or damage to such H-2B Actor is based upon: (i) such H-2B Actor's alleged liability to any Litigation Claimant or holder of a Retained H-2B Claim or to another H-2B Actor against whom any Litigation Claimant holder of a Retained H-2B Claim has asserted a Litigation Claim or Retained Claim; (ii) the amounts paid, whether by settlement or otherwise, to any Litigation Claimant or holder of a Retained H-2B Claim or another against which any Litigation Claimant or holder of a Retained H-2B Claim has asserted a Litigation Claim or Retained H-2B Claim; or (iii) the costs (including attorneys' fees) incurred defending against such claims (collectively, the "Barred Claims").

For the avoidance of doubt, nothing in this Section 11.J of the Plan precludes any Plan Participant from commencing, prosecuting, or asserting any Retained Claims.

If a court or tribunal of competent jurisdiction determines that a Barred Claim exists that, if otherwise valid and enforceable, would have given rise to liability of a Released Party to the H-2B Actor holding such Barred Claim but for this Section 11.J of the Plan, the H-2B Actor holding such Barred Claim shall be entitled to the judgment reduction provisions set forth herein. This Section 11.J of the Plan is without prejudice to the position of any Entity as to the existence, validity and enforceability, in the absence of this Section 11.J of the Plan or otherwise, of any Barred Claim.

To the extent that a holder of a Barred Claim believes that it is entitled to judgment reduction in any lawsuit (a "Released Party Action") commenced by a Released Party or a Litigation

01:17554711.16

Claimant, such holder of a Barred Claim shall provide notice of this Section 11.J of the Plan to the court or tribunal hearing the Released Party Action. Such court or tribunal shall determine whether the Released Party Action gives rise to Barred Claims on which a Released Party would have been liable to the holder of such Barred Claim in the absence of this Section 11.J of the Plan. If the court or tribunal so determines, then, solely to the extent that the holder of a Barred Claim is entitled under applicable non-bankruptcy law to a valid defense for judgment reduction, it shall reduce any judgment against the holder of such Barred Claim in an amount required by the non-bankruptcy law applicable to the Released Party Action. Nothing herein shall prejudice or operate to preclude the right of any H-2B Actor in such Released Party Action to (i) provide notice of this Section 11.J of the Plan to the court or tribunal hearing the Released Party Action at any point, or (ii) raise any issues, claims or defenses regarding judgment reduction or proportionate share of fault in the court or tribunal hearing the Released Party Action at any point in accordance with this Section 11.J of the Plan. Additionally, nothing herein shall prejudice or operate to preclude the right of any Litigation Claimant or holder of a Retained H-2B Claim to oppose any such request for a judgment reduction on any basis, including, but not limited to, that no such right exists and with reference to section 502(e) of the Bankruptcy Code. Nothing in this Section 11.J of the Plan shall impair any Retained H-2B Claim or create any defense to or right to setoff or reduction of any Retained H-2B Claim that would not exist pursuant to applicable non-bankruptcy law but for this Section 11.J of the Plan.

## DEADLINE FOR OBJECTIONS TO PLAN CONFIRMATION

Objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules, (c) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (d) state with particularity the basis and nature of any objection or response; and (e) be filed electronically, together with proof of service, with the Bankruptcy Court at the address set forth in the preceding paragraph and served on the following parties by no later than **4:00 p.m. (ET) on November 12, 2015**: (i) counsel for the Debtors: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: M. Blake Cleary, Esq. (mbcleary@ycst.com), and Hogan Lovells US LLP, 875 Third Avenue, New York, NY 10022, Attn: Christopher R. Donoho III, Esq. (chris.donoho@hoganlovells.com); (ii) counsel for the TRSA and ERSA: Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, AL 35203, Attn: Derek F. Meek, Esq. (dmeek@burr.com), and Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899, Attn: Gregory W. Werkheiser, Esq. (gwerkheiser@mnat.com); (iii) counsel for the Committee: Pachulski Stang Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com); and (iv) the Office of the United States Trustee: 844 King Street, Room 2207, Lockbox #35, Wilmington, DE 19899, Attn: Tiiara N.A. Patton, Esq. (tiiara.patton@usdoj.gov).

The Debtors reserve the right to dispute, or to assert offsets or defenses to, any Claim reflected in the Schedules or to object to any Claim or Proof of Claim filed in the chapter 11 cases, as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent, or unliquidated on the Schedules or otherwise. Nothing contained in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed or unfiled, on any grounds.

| Summary of Timeline | |
|---|---|
| October 8, 2015 | Voting Record Date |
| October 14, 2015 | Date of service of Solicitation Packages or Non-Voting Creditor Notice, as applicable |

01:17554711.16

9

| | |
|---|---|
| November 2, 2015 | Deadline for Debtors to file Plan Supplement |
| | Deadline for Debtors to object, for voting purposes only, to a Claim |
| 4:00 p.m. (ET) on the later of:<br>(iii) November 3, 2015 and<br>(iv) fourteen (14) days after the date of service of a notice of a Claim objection for voting purposes | Rule 3018(a) Motion Deadline |
| November 12, 2015 at 4:00 p.m. (ET) | Voting Deadline |
| | Confirmation Objection Deadline |
| November 20, 2015 at NOON (ET) | Deadline for filing the Ballot Tabulation |
| | Deadline for Debtors' reply to Plan objections, if any |
| November 24, 2015 at 2:00 p.m. (ET) | Confirmation Hearing |

Dated: _____ 2015
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
M. Blake Cleary (No. 3614)
Kenneth J. Enos (No. 4544)
Jaime Luton Chapman (No. 4936)
Travis G. Buchanan (No. 5595)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 573-7799
Facsimile: (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*

01:17554711.16