## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIGNAL INTERNATIONAL, INC., *et al.*[1] | ) | Case No. 15-11498 (MFW) |
| | ) | |
| Debtors. | ) | Re: Docket No. 311 |
| | ) | |

### OBJECTION OF CANAL BARGE COMPANY, INC. TO NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Canal Barge Company, Inc. (hereinafter, "Canal"), by and through undersigned counsel, hereby objects to Debtors' *Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 311] (the "Notice"), and respectfully states as follows:

### Background

1. On July 12, 2015, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On July 22, 2015, the Debtors filed the *Debtors' Motion for Entry of: (I) an Order (A) Approving Sales and Bidding Procedures in Connection With Sale of Assets of the Debtors, (B) Approving Bid Protections, (C) Approving Form and Manner of Notice, (D) Scheduling the Auction and Sale Hearing, (E) Authorizing Procedures Governing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, And (F) Granting Related Relief; and (II)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Signal International, Inc. (4248); Signal Ship Repair, LLC (2642); Signal International, LLC (5074); Signal International Texas GP, LLC (3050); and Signal International Texas, L.P. (5066). The Debtors' principal offices are located at RSA Battle House Tower, 11 North Water Street, Mobile, Alabama 36602.

*an Order (A) Approving Purchase Agreement, (B) Authorizing Sale Free and Clear of all Liens, Claims, Encumbrances, and Other Interests, and (C) Granting Related Relief* [Docket No. 120] (the "Sale Motion").

3. On March 9, 2015, the Court entered the *Order (A) Approving Sales and Bidding Procedures in Connection With Sale of Assets of the Debtors, (B) Approving Bid Protections, (C) Approving Form and Manner of Notice, (D) Scheduling the Auction and Sale Hearing, (E) Authorizing Procedures Governing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, And (F) Granting Related Relief; and (II) an Order (A) Approving Purchase Agreement, (B) Authorizing Sale Free and Clear of all Liens, Claims, Encumbrances, and Other Interests, and (C) Granting Related Relief* [Docket No. 280] (the "Bidding Procedures Order").

4. On September 9, 2015, the Debtors filed the Notice.

5. Canal is party to a Master Barge Bareboat Charter Agreement (the "Agreement") with one of the Debtors for the rental of certain canal barges (the "Barges"). Canal is the lessor of said Barges.

6. On Exhibit "1" to the Notice, Debtors claim that the cure amount for the Agreement is $0.00, which is incorrect.

**Objection**

7. Canal hereby objects to the cure amount listed in the Notice. The amount presently required to cure Debtors' default under the Agreement is $107,876.20

8. Additionally, Canal objects to the assignment of its Agreement to the extent that the proposed purchaser has not provided adequate assurance of future payment.

**Basis for Objection**

9. Pursuant to the terms of the Agreement, the Debtors are responsible for the payment of rental charges related to their rental of the Barges.

10. The Debtors have failed to account for all rental amounts as provided in the summary of invoices attached hereto as Exhibit "A".

11. The Debtors are required to cure all defaults under the Agreement pursuant to section 365 of the Bankruptcy Code. The Debtors are responsible for curing all defaults as of assignment, and the purchaser is responsible for all liabilities arising thereafter; the Debtors cannot absolve themselves or the purchaser from liability arising under the Agreement.

12. Bankruptcy Code § 365(b) requires that a debtor cure all defaults in conjunction with contract assumption. As a result, the Debtors and any proposed assignee must acknowledge, and any order approving cure amounts and assumption and assignment must provide, that the proposed assignee (i) shall be liable for any and all unbilled charges whether those charges cover pre-petition or pre-assumption periods of time, and (ii) shall pay any and all year-end adjustments when due pursuant to the terms of the Agreement.

13. Additionally, Canal objects to the failure to include legal fees and costs associated with the Debtors' breach, which are recoverable under the Agreement and 11 U.S.C. § 365(b)(1)(B). Canal is entitled to such reasonable fees and costs in connection with the Debtors' obligation to cure all monetary defaults under the Agreement. *See In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del., 2001).

14. As a direct result of the Debtors' default under the Agreement and the filing of the Notice, and its need to protect its rights under the Agreement, Canal has been forced to expend attorneys' fees and costs in connection with this matter.

15. Pursuant to the Agreement, Canal is entitled to its reasonable attorneys' fees and costs in connection with this action to protect its rights under the Agreement.

16. Canal further objects to the assumption and assignment of the Agreement as the potential purchaser has not yet provided adequate assurance of future payments of the rental and other obligations under the Agreement. Adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *In re Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986). Canal does not have sufficient information to determine the business experience of the potential purchaser or that the potential purchaser is in good financial health. None of the documents filed by the Debtors mention whether the potential purchaser, one of its affiliates, or some other entity will be the assignee of the Agreement. Canal's concern is that the Agreement will be assigned to a newly created entity without any history, assets, or guarantees of payment from its parent company. The Debtors need to disclose the identity of the assignee of the Agreement and the assignee must provide adequate assurance of future payment.

## Conclusion

17. For the reasons set forth above, Canal respectfully objects to the proposed cure amount to the extent that it: (a) does not accurately portray the amounts owed under the terms of the Agreement in the amount of $107,876.20; and (b) does not include Canal's attorneys' fees and costs.

18. For the reasons set forth above, Canal respectfully objects to the assignment of the Agreement to the potential purchaser without adequate assurance of future performance under the Agreement.

19. Canal reserves all rights to amend the cure amount as set forth in this objection.

WHEREFORE, Canal respectfully requests that its right to assert a cure amount of $107,876.20 plus attorneys' fees and costs, be preserved against Debtors, and for such other and further relief as this Honorable Court deems just and proper.

Dated: October 12, 2015
      Wilmington, Delaware

CROSS & SIMON, LLC

*/s/ Michael J. Joyce*
Michael J. Joyce (No. 4563)
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
(302) 777-4224 (Facsimile)
mjoyce@crosslaw.com
kmann@crosslaw.com

*Counsel to Canal Barge Company, Inc.*