IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SIGNAL INTERNATIONAL, INC., *et al.*, | ) Case No. 15-11498 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Related to Docket No. 311** |

## OBJECTION TO NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

NewStar Equipment Finance I, LLC ("NewStar"), by and through its undersigned attorneys, hereby asserts this objection to the Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases (the "Assumption Notice").

1. Reference is made to the Limited Objection of NewStar Equipment Finance I, LLC to Debtors' Motion for Entry of Order (a) Approving Purchase Agreement; (b) Authorizing Sale Free and Clear of all Liens, Claims, Encumbrances and Other Interests; and (c) Granting Related Relief (the "Limited Objection"), filed contemporaneously herewith, for a description of NewStar's contractual relationship with the Debtors.

2. The Assumption Notice lists two agreements between one or more of the above-referenced debtors (the "Debtors") and NewStar (the "NewStar Agreements") as subject to potential assumption and assignment pursuant to Section 365 of the Bankruptcy Code. The Assumption Notice also states that the cure amount with respect to each of the NewStar Agreements is $0.00.

3. NewStar objects to the Assumption Notice for two reasons.

4. First, in the event the Debtors fail to make one or more payments to NewStar under the terms of the NewStar Agreements prior to closing on the Debtors' contemplated asset sale, such unpaid amount will not be included in the Debtors' proposed cure. In this regard,

645773.1 10/13/2015

paragraph 26 of the Debtors' form of proposed order, filed on September 11, 2015 (Docket No. 317) (the "Proposed Sale Order"), granting the relief sought in the Debtors' Motion for Entry of Order (a) Approving Purchase Agreement; (b) Authorizing Sale Free and Clear of all Liens, Claims, Encumbrances and Other Interests; and (c) Granting Related Relief [Docket No. 120], provides that:

> All defaults or other obligations of the Debtors under the Assigned Contracts arising or accruing prior to the Closing Date . . . shall be cured on the Closing Date or as soon thereafter as reasonably practical, by the payment of the Cure Amounts set forth on Exhibit B hereto. For the avoidance of doubt, if no amount is listed or the Cure Amount is listed as $0.00 for an Assigned Contract, no amount has been paid or is required to be paid by the Buyer or the Debtors on account of such Assigned Contract. Until the Closing Date, the Debtors shall timely perform all obligations under unexpired leases, in accordance with section 365(d)(3) of the Bankruptcy Code.

Proposed Sale Order, at ¶ 26.

5. Because Section 365(d)(3) applies to unexpired real property leases only, and not to leases of personal property, NewStar is at risk that the Debtors will miss one or more payments prior to closing, and that such missed payment would not be includable in the cure amounts due to NewStar. This should not be the case.

6. Second, the Debtors' proposed cure amounts with respect to the NewStar Agreements does not provide for the reimbursement of the costs, expenses and attorneys' fees incurred by NewStar in connection with the Debtors' bankruptcy filings. Such amounts are required to be paid pursuant to the parties' Master Agreement.[1]

---

[1] The parties' Master Agreement, which is described in NewStar's Limited Objection, provides in relevant part that:

> [Signal International, Inc.] hereby agrees to defend, indemnify and hold [NewStar] . . . harmless from and against (a) all claims, allegations, demands, suits, actions, and legal proceedings incurred incident to, arising out of, or in any way connected with this Agreement, any Schedule, . . . including . . . bankruptcy . . . (all of the foregoing are referred to as "Actions"); and (b) any and all penalties, losses, liabilities . . . , damages,

-2-

7.  NewStar accordingly submits this Objection. Paragraph 26 of the Proposed Sale Order should be revised so as to require the Debtors to comply with its obligations under both unexpired real estate leases and leases of personal property in the time period leading up to the Closing Date. In addition, the cure payment due to NewStar with respect to the NewStar Agreements should include NewStar's costs, expenses and attorneys' fees incurred in connection with the Debtors' bankruptcy filing.

Dated:  October 13, 2015

SAUL EWING LLP

By: /s/ Lucian B. Murley

Lucian B. Murley (DE Bar No. 4892)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
Facsimile: (302) 421-5864
lmurley@saul.com

-and-

Adam H. Isenberg, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-8662
Facsimile: (215) 972-1853
aisenberg@saul.com

*Attorneys for NewStar Equipment Finance I, LLC*

---

costs, court costs, harms, judgments and any and all other expenses (including Attorneys' Fees . . . ) incurred incident to, arising out of or in any way connected with Actions . . .

Master Agreement, at § XI (Indemnification).