IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| SIGNAL INTERNATIONAL, INC., *et al.*, | ) Case No. 15-11498 (MFW) <br> ) |
| Debtors. | ) Jointly Administered <br> ) **Related to Docket Nos. 120 and 317** |

## LIMITED OBJECTION OF NEWSTAR EQUIPMENT FINANCE I, LLC TO DEBTORS' MOTION FOR ENTRY OF ORDER (A) APPROVING PURCHASE AGREEMENT; (B) AUTHORIZING SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; AND (C) GRANTING RELATED RELIEF

NewStar Equipment Finance I, LLC ("NewStar"), by and through its undersigned attorneys, hereby asserts this limited objection to the Debtors' Motion for Entry of Order (a) Approving Purchase Agreement; (b) Authorizing Sale Free and Clear of all Liens, Claims, Encumbrances and Other Interests; and (c) Granting Related Relief [Docket No. 120] (the "Sale Motion"), and in opposition thereto respectfully states as follows:

### The Debtors' Bankruptcy Filing & Sale Motion

1. On July 12, 2015, the above-referenced debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since filing for relief, the Debtors have remained in possession of their assets and continued to operate their businesses as debtors-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On or about July 22, 2015, the Debtors filed the Sale Motion, by which they seek authority to sell substantially all their assets, and assign certain executory contracts, to the Teachers Retirement System of Alabama or its designee, and the Employees' Retirement System of Alabama or its designee, or to another higher and better bidder (in either case, the "Prevailing

645770.1 10/13/2015

Purchaser") pursuant to the terms of the Asset Purchase Agreement attached to the Sale Motion (the "APA").

3. The proposed sale is free and clear of all liens, claims, encumbrances and other interests, which the Debtors broadly define as "Liens" in the Sale Motion. Sale Motion, at p. 2.

4. On September 11, 2015, the Debtors filed their proposed form of order (the "Proposed Order") with respect to the Sale Motion. The Proposed Order emphasizes the proposed free and clear nature of the proposed sale, although it clarifies that the proposed sale is subject to "Permitted Encumbrances", which means in relevant part the "Assumed Liabilities", as set forth in Section 2.3 of APA. Proposed Order, at ¶ Q.

## NewStar

5. NewStar, as assignee of Regions Commercial Equipment Finance, LLC, is a party to several agreements with one or more of the above-referenced debtors (collectively, the "Debtors"), including a Master Agreement (the "Master Agreement") dated December 14, 2012, and two schedules executed in connection therewith: (i) Equipment Finance Schedule No. EFA-3, dated February 25, 2013 regarding barge no. TL99, Official Number 1243850 (the "Barge") and (ii) Equipment Finance Schedule No. EFA-2, dated July 10, 2013, regarding a Kranendonk 2013 CCS 1250 Profile Cutting System (the "Cutting System"). These agreements are collectively referred to as the "NewStar Agreements".

## Limited Objection

6. Although NewStar has no overall objection to the Sale Motion, it is concerned about certain aspects of its treatment in the proposed sale. The NewStar Agreements are listed as executory contracts both in the APA, APA, at Schedule 5.12, and in the Debtors' Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases (Docket No. 311) (the "Assumption Notice"). Subject to satisfactory resolution of its objection to the

Assumption Notice being filed contemporaneously herewith, NewStar has no objection to the assumption and assignment of its agreements to the Prevailing Purchaser, provided that all obligations under the NewStar Agreements are Assumed Liabilities, as such term is defined in the APA. As NewStar reads and understands the APA, that appears to be the case. See APA, at § 2.3(c).

7. Nevertheless, the APA appears to give the Prevailing Purchaser the right to assert that any Contract that is assumed may be subject to recharacterization as a secured financing and that, if so recharacterized, the real or personal property subject to such Contract will be an Acquired Asset under the APA. APA, at § 2.1(f).

8. Although NewStar would oppose any such recharacterization, in the event some or all of the NewStar Agreements are recharacterized, NewStar's rights must be protected. NewStar holds a protective first lien on the property subject to the NewStar Agreements.[1] As previously noted, the APA and Proposed Order provide for the sale of the Acquired Assets free and clear of all Liens, with such Liens to attach to the proceeds of the proposed sale. Although the APA and the Proposed Order provide for certain funds ($900,000) to be made available under the proposed sale for the purpose of, among other things, satisfying Liens on Acquired Assets divested by the proposed sale, given the terms of the Debtors' Plan Support Agreement and the Debtors' proposed Joint Plan of Liquidation – which provide for a minimum 15% recovery to holders of allowed unsecured claims – the funds to be set aside would not be sufficient to satisfy NewStar and serve their intended purpose under the Plan Support Agreement. Phrased differently, in the event of a recharacterization, there are no funds to which NewStar's Liens could attach.

---

[1] The background to NewStar's protective liens is set forth in the Proofs of Claim filed by NewStar on or about September 21, 2015 and the documents attached thereto, which include UCC-1 financing statements with respect to the Cutting System and a recorded Ship Mortgage with respect to the Barge.

645770.1 10/13/2015

9. NewStar's concerns regarding this matter are heightened by the fact that – despite listing the NewStar Agreement relating to the Barge as an executory contract in Schedule 5.12 and in the Assumption Notice – the APA provides that all vessels listed on Schedule 2.1(d) to the APA are to be Acquired Assets. One of these vessels is the Barge. APA, at Schedule 2.1(d). The APA thus appears to contemplate conflicting treatments for the Barge – both contract assumption and purchase.

10. NewStar should not be forced to guess regarding its potential treatment under the proposed sale. Similarly, unsecured creditors should not be forced to speculate as to whether the potential treatment of NewStar is consistent with their contemplated treatment under the Debtors' proposed plan and the Plan Support Agreement. The Proposed Order accordingly should be modified to provide that the NewStar Agreements will be assumed pursuant to Section 365 of the Bankruptcy Code, without risk of recharacterization, and that NewStar's protective liens on the Barge and Cutting System will be preserved.

Dated: October 13, 2015

SAUL EWING LLP

By: _____
Lucian B. Murley (DE Bar No. 4892)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
Facsimile: (302) 421-5864
lmurley@saul.com

-and-

Adam H. Isenberg, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-8662
Facsimile: (215) 972-1853
aisenberg@saul.com

*Attorneys for NewStar Equipment Finance I, LLC*