# **EXHIBIT 3**

Guaranty of Lease

This Guaranty is made as of this 14th day of January, 2010 by Signal International, Inc., a Delaware corporation (hereafter whether one or more collectively, "Guarantor") to and in favor of Pinto Island Land Company, Inc., an Alabama corporation (hereafter "Landlord").

**WITNESSETH:**

WHEREAS, by Lease Agreement dated July 1, 1998, Landlord has leased to Bender Shipbuilding & Repair Co., Inc. ("Original Tenant") certain premises located in Mobile County Alabama and more particularly described therein (the "Lease" which term includes the same as it may hereafter be modified, amended, extended or renewed, including without limitation as amended and assumed pursuant to the Amendment described below); and

WHEREAS, by Amendment to Lease Agreement dated of even date herewith (the "Amendment"), the Lease is being amended and Signal Ship Repair, LLC, a Delaware limited liability company ("Tenant") is evidencing its assumption of the obligations of the "Tenant" under the Lease; and

WHEREAS, Landlord has required the Guarantor to execute this Guaranty of Lease ("Guaranty") as a condition to the Landlord entering into the Amendment; and

WHEREAS, Guarantor will receive direct or indirect benefit from the Landlord entering into the Amendment with the Tenant.

NOW, THEREFORE, in order to induce Landlord to enter into the Amendment and for other good and valuable consideration, the undersigned Guarantor hereby agrees as follows:

1. Guarantor hereby absolutely, unconditionally, and irrevocably jointly and severally guarantees to Landlord the full and prompt payment of all base rent and additional rent and any and all other sums and charges payable by Tenant under the Lease (collectively, the "Payment Obligations") and hereby further guarantees the full and timely performance and observance of all of the covenants, terms conditions and agreements therein provided to be performed and observed by Tenant (the "Performance Obligations" and together with the Payment Obligations collectively, the "Obligations"). In the event of a default under the Lease, Guarantor hereby covenants and agrees with Landlord: (i) to make the due and full punctual payment of all Payment Obligations payable by Tenant under the Lease; (ii) to effect prompt and complete performance of all and each of the Performance Obligations, contained in the Lease on the part of Tenant to be kept, observed and performed; and (iii) to indemnify and save harmless Landlord from any loss, costs or damages arising out of any failure by Tenant to pay or perform any Obligation including, without limitation, attorneys' fees and costs of collection. This Guaranty is a continuing guaranty of payment and performance and is not conditional or contingent upon any attempt to collect from Tenant or upon any other condition or contingency.

2. In the event of a default under the Lease, Guarantor waives any right to require Landlord to first: (a) proceed against Tenant or pursue any rights or remedies with respect to the Lease; (ii) proceed against or exhaust any security that Landlord holds from Tenant; or (iii) pursue any other remedy whatsoever. Landlord shall have the right to enforce this Guaranty

regardless of the acceptance of additional security from Tenant and regardless of the release or discharge of Tenant or any guarantor by Landlord or by others, or by operation of law.

3. Guarantor hereby expressly waives: (a) any right of setoff, counterclaim or deduction against amounts due under this Guaranty; (b) notice of the acceptance of this Guaranty and notice of default of Tenant under the Lease; and (c) the right to interpose all substantive and procedural defenses of the law of guaranty, indemnification and suretyship, except the defenses of prior payment or prior performance.

4. Without limiting the generality of the foregoing, the liability of Guarantor under this Guaranty shall not be deemed to have been waived, released, discharged, impaired or affected by (a) reason of any waiver or failure to enforce or delay in enforcing any of the Obligations, or (b) the granting of any indulgence or extension of time to Tenant, or (c) the assignment of the Lease, or the subletting of the Premises by Tenant, with or without Landlord's consent, or (d) the expiration of the term, or (e) if Tenant holds over beyond the term of the Lease, or (f) any merger or reorganization or the release or discharge of Tenant or any other guarantor in any voluntary or involuntary receivership, bankruptcy, winding-up or other creditors' proceedings, or (g) the rejection, disaffirmance or disclaimer of the Lease by any party in any action or proceeding, or (h) the release of any collateral held for the Obligations or release of any Guarantor or any other guarantor, or (i) any defect or invalidity of the Lease [or (j) the transfer by Guarantor of any or all of the capital stock of Tenant,] and shall continue with respect to the periods prior thereto and thereafter. The liability of the Guarantor shall not be affected by any repossession, re-entry or re-letting of the Premises by Landlord. [provided, however, that the net payments received by Landlord after deducting all costs and expenses of repossession and/or reletting the same (including, without limitation, any attorney fees, brokerage fees and any reasonable costs or expenses incurred in redecorating, remodeling, or altering the Premises for reletting), shall be credited from time to time by Landlord to the account of Tenant and Guarantor and Guarantor shall pay any balance owing to Landlord from time to time, immediately upon being given written notice of demand by Landlord in the manner for providing notice set forth in the Lease.]

5. The liability of Guarantor under this Guaranty shall not be released by any modification or amendment to the Lease (including any extension or renewal of the term of the Lease), and in the case of any such modification, the liability of Guarantor shall be modified in accordance with the term of any such modification of the Lease. Guarantor waives any notice of the modification or amendment of the Lease.

6. Guarantor shall pay Landlord's reasonable attorneys' fees and all costs and other expenses incurred in any collection or attempted collection of this Guaranty or in any negotiations relative to the Obligations guaranteed under this Guaranty whether or not a lawsuit is commenced. All rights and remedies of Landlord under this Guaranty shall be cumulative and may be exercised singly or concurrently.

7. This Guaranty shall remain in full force and effect until the payment or performance of all Obligations and the other amounts payable under this Guaranty (whether or not the Lease shall have been terminated). Until the payment and performance of all Obligations and the amounts payable under this Guaranty, Guarantor:

    (a)    Shall have no right of subrogation against Tenant by reason of any payments or acts of performance by the Guarantor in compliance with the obligations of the Guarantor under this Guaranty;

    (b)    Waives any right to enforce any remedy which Guarantor now or hereafter shall have against Tenant by reason of any one or more payments or acts of performance in compliance with the obligations of Guarantor under this Guaranty; and

    (c)    Subordinates any liability or indebtedness of Tenant now or hereafter held by Guarantor to the obligations of Tenant to the Landlord under the Lease.

    8.    This instrument may not be changed, modified, discharged or terminated orally or in any manner other than by an agreement in writing signed by Guarantor and the Landlord.

    9.    All of the terms, agreements and conditions of this Guaranty shall extend to and be binding upon Guarantor, and the heirs, executors, personal administrators, and/or successors and assigns of Guarantor and shall inure to the benefit of and may be enforced by Landlord, its successors and assigns, and the holder of any mortgage to which the Premises may be subject at any time or from time to time.

    10.    The use of the singular herein shall include the plural and the use of any gender shall include all genders or neuter as the case may be. This Guaranty is entered into in the State of Alabama and shall be governed by and construed in accordance with the laws of the State of Alabama.

    11.    If Guarantor consists of more than one person or entity, the liability of each such person or entity under this Guaranty shall be joint and several.

    12.    The undersigned individual acknowledges that he/she is a duly authorized officer of the Guarantor with full power and authority to execute and deliver this Guaranty. This Guaranty has been executed and delivered by Guarantor and constitutes the valid, binding and legal obligation of the Guarantor. Guarantor agrees that it will, from time to time, within ten (10) days of Landlord's request, executed and deliver a statement certifying that this Guaranty is unmodified and in full force and effect.

    13.    All notices under this Guaranty shall be delivered by nationally recognized overnight express courier, signature required, to the address of the parties first set forth above. All notices shall be effective one day after depositing the same with such courier.

    14.    If any provision of this Guaranty or the application thereof to any person or circumstances shall, for any reason and to any extent, be invalid or unenforceable, the remainder of this Guaranty and the application of that provision to other persons or circumstances shall not be affected but rather shall be enforced to the extent permitted by law. This Guaranty shall be construed without regard to any presumption or other rule requiring construction against the party causing this Guaranty to be drafted.

(i) As a further inducement to Landlord to enter into the Amendment and to accept this Guaranty, Guarantor hereby intentionally, knowingly and voluntarily waives any right to a trial by jury in any lawsuit, proceeding, counterclaim, or any other litigation procedure based upon, or arising out of this Guaranty. In extension of the foregoing, the Guarantor specifically consents to trial before a court respecting any such matter. Guarantor will not seek to consolidate any such action in which a jury trial has been waived with any other action in which a jury trial cannot be or has not been waived.

Signal International, Inc.

By: _____
Name: Chris Cunningham
Title: Secretary

STATE OF ALABAMA )
 ) ss.
COUNTY OF MOBILE )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that Chris Cunningham, whose name as Secretary of **SIGNAL INTERNATIONAL INC.**, a Delaware corporation, is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand this the 22 day of January, 2010.

_____
Notary Public

My Commission Expires: 10/30/2012

CLI-1773139v5                                    4