# **EXHIBIT 4**

## LANDLORD CONSENT, WAIVER AND ESTOPPEL AGREEMENT

Dated as of February 27, 2014

WHEREAS, PINTO ISLAND LAND COMPANY, INC., an Alabama corporation (hereinafter, "Landlord") has heretofore leased certain lands described on Exhibit A attached hereto (hereinafter the "Premises") to SIGNAL SHIP REPAIR, LLC, a Delaware limited liability company (hereinafter "Tenant"), pursuant to that certain Lease Agreement dated July 1, 1998 (the "Original Lease"), as amended and extended by that certain Amendment to Lease Agreement dated as of January 14, 2010 (the "Amendment", the Original Lease and the Amendment, collectively, the "Lease");

WHEREAS, Signal International, Inc., a Delaware corporation, as the borrower ("Borrower"), and Tenant and certain other subsidiaries of Borrower, as guarantors (collectively, the "Guarantors"), intend to enter into a Credit Agreement among Borrower, the Guarantors, The Teachers' Retirement System of Alabama, a body corporate of the State of Alabama created under §§ 16-25-1 et. seq. Code of Alabama (1975), as amended, as collateral agent (hereinafter "Lender"), and the lenders from time to time party thereto (as the same has and may in the future be amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement), which Credit Agreement provides for certain loans (hereinafter the "Loans") to Borrower;

WHEREAS, Lender is unwilling to make the Loans unless Tenant's obligations under the Credit Agreement are secured by a first leasehold mortgage upon Tenant's interest as tenant under the Lease in the Premises (the "Mortgage"); and

WHEREAS, the parties intend to set forth certain rights and obligations of the parties with respect to the Lease and Mortgage pursuant to the terms and conditions of this Landlord Consent, Waiver and Estoppel Agreement (this "Agreement").

NOW THEREFORE, Landlord hereby certifies to Lender as follows:

1. Landlord acknowledges receipt of a copy of the Mortgage and hereby consents to Tenant's execution and delivery of the Mortgage as required by, and subject to the terms of Section 21 of the Lease. Landlord and its successors and assigns shall be bound to Tenant and its successors and assigns, including the Lender, as permitted by the terms of the Lease (all of such persons hereinafter referred to singularly and collectively as the "Tenant Parties") under all of the provisions of the Lease with the same force and effect as if an original party thereto. So long as there is not a default (as defined in the Lease), the Tenant Parties shall and may peaceably and quietly have, hold and enjoy the Premises for the full term of the Lease in accordance with its terms.

2. Notwithstanding any provision in the Lease to the contrary, Landlord hereby subordinates in Lender's favor any and all liens upon Tenant's moveable trade fixtures, machinery, equipment or personal property that the Landlord may have or in the future may acquire, however these liens may arise, whether through a levy for rent or otherwise. For purposes of this instrument, the term "trade fixtures, machinery, equipment or personal property"

20299987 v4

shall for all purposes be deemed to **exclude** any bulkheads currently existing on the Premises or constructed on the Premises at any time hereafter.

3. Landlord represents to Lender that a true and complete copy of the lease and a copy of the Guaranty of Lease from Signal International, Inc. dated as of the 14th day of January 2010 (the "Guaranty") are attached as Exhibit B and the same are the only agreements between Tenant and Landlord (including any subordination, non-disturbance and attornment agreements) relating to the Premises. Except for the Amendment, the Lease has not been amended, assigned or otherwise modified and except for the Guaranty, there are no guarantees of Tenant's obligations under the Lease. To the knowledge of the Landlord, the Lease is in good standing and in full force and effect on the date hereof; provided, however, that Landlord represents that it has not consented to any subleases or sublicenses of the Premises and, to the extent there are any subtenants or sublicenses on the premises, Landlord reserves the right to call a default under the Lease unless the consent as required under the Lease is obtained.

4. Landlord hereby agrees that the Lease shall not be modified without providing at least thirty (30) days prior written notice to the Lender. Landlord hereby agrees that the Lease shall not be terminated (except for a termination at the end of the stated term of the Lease) or cancelled, nor shall a surrender of the Premises be accepted, as a result of a default or event of default under the Lease, unless Landlord shall have provided notice to Lender of any such default or event of default and Lender shall have been given an equal number of days as provided to the Tenant under the terms of the Lease (after receipt of such notice) to cure such default or event of default.

5. Landlord hereby agrees that should Lender become a successor or assignee under the Lease through the exercise of remedies under the Mortgage or should Lender become owner of the leasehold estate in the Premises created by the Lease, leasehold title to the Premises (subject to all the provisions of the Lease), shall automatically vest in Lender.

6. Landlord confirms that the Premises are not currently subject to any mortgage encumbering the fee estate of the Premises.

7. In the event of any conflict between the provisions of the Lease and this Agreement, the provisions of this Agreement shall control. Notwithstanding the foregoing, nothing herein shall be deemed to be an amendment or modification of the Lease as between the Landlord and the Tenant and the Tenant shall have no rights against the Landlord arising from this instrument, by implication or otherwise.

8. To the best of Landlord's knowledge, there are no offsets, counterclaims, defenses, deductions or credits whatsoever outstanding with respect to the lease, or any amounts owing under any other agreement in connection with the Lease.

9. This Agreement shall be interpreted according to the laws of the State of Alabama. Any covenant, term, or provision of this Agreement that calls for any action or imposes any liability or obligation after the expiration or termination of this Agreement shall survive the expiration or termination of this Agreement. This Agreement constitutes the entire Agreement and understanding of the parties with respect to the subject matter hereof and

supersedes all prior agreements, oral or written, and all other communications between the parties relating to such subject matter. This Agreement shall not be modified or amended except by mutual written agreement. The waiver by any party of a breach or violation of any provisions of this Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach of the same or other provision. In the event any provision of this Agreement is held to be unenforceable or invalid for any reason, this Agreement shall remain in full force and effect and enforceable in accordance with its terms disregarding such enforceable or invalid provision. Any captions or headings in this Agreement are made for convenience and general reference only and should not be construed to describe, define or limit the scope and intent of the provisions of this Agreement. This Agreement may be executed in one or more counterparts, each of which shall be an original and taken together shall constitute the same document. Signature and acknowledgement pages, if any, may be detached from the counterparts and attached to a single copy of this document to form one document. The parties acknowledge that this Agreement was initially prepared by the Lender solely as a convenience and that all parties hereto, and their counsel, have read and fully negotiated all of the language used in this Agreement and that, because all parties and their counsel participated in negotiating and drafting this Agreement, no rule of construction shall apply to this Agreement which construes ambiguous and unclear language in favor of or against any party because such party drafted this Agreement. With respect to all provisions of this Agreement, time is of the essence. The word "including", when following any general statement, term or matter shall not be construed to limit such statement, term or matter to the specific terms or matters as provided immediately following the word "including" or to similar items or matters, whether or not nonlimiting language (such as "without limitation", "but not limited to", or words of similar import) is used with reference to the word "including" or the similar items or matters, but rather shall be deemed to refer to all other items or matters that could reasonably fall within the broadest possible scope of the general statement, term or matter. Whenever the context so permits, the use of the plural shall include the singular, the singular shall include the plural, and any gender shall be deemed to include all genders.

10. Any notice to be given hereunder to the Lender by the Landlord shall be deemed given two business days after being placed by Landlord for delivery by nationally recognized overnight express mail courier to the following addresses (or such other address as provided to Landlord by written notice (in the aforementioned fashion) from Lender):

> The Teachers' Retirement System Of Alabama
> c/o M. Hunter Harrell
> Director of Private Placements
> The Retirement Systems of Alabama
> 201 South Union Street
> Montgomery, AL 36130

*With a copy to:*

> Burr & Forman LLP
> 420 North 20th Street
> Suite 3400
> Birmingham, AL 35203
> Attention: Damon P. Denney, Esq.

IN WITNESS WHEREOF, the undersigned has caused this Agreement to be executed by its duly authorized officers and/or representative, to be effective the day and year first above written.

LANDLORD:

PINTO ISLAND COMPANY, INC., an Alabama corporation

By: [signature]
Name:
Title:

STATE OF Georgia )
COUNTY OF Glynn )

I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that John Selman, whose name as President of Pinto Island Land Company, Inc., an Alabama corporation, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that being informed of the contents of said instrument, he/she, as such representative and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and official seal this 28th day of February, 2014

[signature]
NOTARY PUBLIC
My Commission: [seal: DEBORAH D. TAYLOR, NOTARY PUBLIC, GLYNN COUNTY, GEORGIA, MY COMM. EXPIRES AUG. 14, 2017]

(AFFIX NOTARIAL SEAL)