IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 11 |
| SIGNAL INTERNATIONAL, INC., Et Al., | § § § § | CASE NO. 15-11498 (MFW) |
| *Debtors.* | § § | Jointly Administered |

**OBJECTION OF HARRIS COUNTY AND ORANGE COUNTY
TO DEBTORS' MOTION FOR ENTRY OF ORDERS AUTHORIZING
SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES, AND OTHER INTERESTS**
(Relates to Docket # 120)

**To the Honorable Mary F. Walrath,
United States Bankruptcy Judge:**

**NOW COME**, Harris County and Orange County (the "Texas Tax Entities"), secured creditors in the above-numbered and styled bankruptcy case, and file this limited objection to *Debtors' Motion for Entry of Orders Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests* (the "Motion") and respectfully represent:

1. The Texas Tax Entities are fully secured *ad valorem* tax creditors of the Debtors, holding prior perfected liens against property of the Estate. The Texas Tax Entities' claims are secured by first priority liens pursuant to the Texas Tax Code § 32.01, *et seq.*

2. Section 32.01 provides:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien

1

> attaches. The lien exists in favor of each taxing unit having power to tax the property.
>
> (b) A tax lien on inventory, furniture, equipment and other personal property is a lien in solido and attaches to inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
>
> (d) The lien under this section is perfected on attachment and…perfection requires no further action by the taxing unit.

TEX TAX CODE ANN § 32.01(a)-(b), (d).

    3.    Further, pursuant to section 32.05 (b) of the Texas Property Tax Code, the Texas Tax Entities' liens are superior to the claims of creditors of the property's owners and to claims of persons holding liens on the property. Section 32.05(b) provides that:

> [A] tax lien provided by this chapter takes priority over the claims of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.

TEX. PROP. TAX CODE § 32.05(b); *See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.,* 894 S.W.2d 841 (Tex. App. – Eastland 1995, no writ) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).

    4.    The Texas Tax Entities have filed original secured proofs of claim in the estimated amount of $628,234.19 for ad valorem taxes owed on the Debtors' real and personal property (the "Assets") for tax years 2011-2015.[1]

---

[1] The amounts included in the claims for 2015 are estimated amounts since the tax rolls for the 2015 tax year are not yet certified. The tax rolls generally are certified in late October/early November.

Objection

5. The Texas Tax Entities object to any proposed sale which would allow the purchaser to take the property free and clear of the tax liens without providing for enough cash to pay the tax claims in full. Pursuant to section 2.5 of the Stalking Horse APA[2], the aggregate consideration for the sale and transfer of the Acquired Assets (the '<u>Purchase Price</u>') shall consist of (a) cash in the amount of the Unsecured Creditor Claim Cash in the sum of $400,000, (b) the assumption of the Assumed Liabilities, and (c) a credit bird against the indebtedness owing under the DIP Loan Documents and the Pre-Petition Loan Documents in an amount equal to the Credit Bid Amount (the '<u>Credit Bid</u>'). Unless and until it is shown that sufficient cash proceeds are received by the Debtors to pay the Texas Tax Entities' claims, they are not adequately protected as required by 11 U.S.C. § 363(e).

6. Further, the Texas Tax Entities object to the sale of the Assets free and clear of their 2015 tax liens**.** Currently, the Motion provides for liens to attach to sale proceeds. Since the 2015 taxes are not due until January 2016, the Texas Tax Entities request that the sale of the Assets be made subject to their 2015 tax liens. Unless the liens for the 2015 taxes are expressly retained, it may prove impossible for the Texas Tax Entities to collect the 2015 taxes if they should become delinquent subsequent to January 31, 2016.

[concluded on the following page]

---

[2] Any capitalized term not defined herein shall have the meaning originally ascribed to it in the Motion.

**WHEREFORE PREMISES CONSIDERED,** Harris County and Orange County respectfully request that this Court deny approval of the Motion and that it grant Harris County and Orange County, such other and further relief, at law or in equity, as is just.

Dated: October 13, 2015

Respectfully submitted,

**LINEBARGER GOGGAN BLAIR & SAMPSON, LLP**

*/s/ John P. Dillman*
**JOHN P. DILLMAN**
Texas State Bar No. 05874400
**TARA L. GRUNDEMEIER**
Texas State Bar No. 24036691
Post Office Box 3064
Houston, Texas 77253-3064
(713) 844-3478 *Telephone*
(713) 844-3503 *Telecopier*

*Counsel for Harris County and Orange County*

**CERTIFICATE OF SERVICE**

   The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the entities listed below by either electronic court filing or by email on October 13, 2015:

**Signal International, Inc.**
RSA Battle House Tower
11 North Water Street
Mobile, AL 36602

**John Douglas Beck. Esq.**
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022

**Travis G. Buchanan, Esq.**
Young Conaway Stargatt & Taylor
Rodney Square, 1000 North King Street
Wilmington, DE 19801

**Hannah Mufson McCollum, Esq.**
Office of the United States Trustee
U. S. Department of Justice
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE 19801

**Shirley S. Cho, Esq.**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
13th Floor
Los Angeles, CA 90067

**Bradford J. Sandler, Esq.**
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801

          */s/ Tara L. Grundemeier*
          **Tara L. Grundemeier**