IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| SIGNAL INTERNATIONAL, INC., *et al.*[1], | ) | Case No. 15-11498 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 120, 311, 317, 397, and 398 |

**JOINDER OF PINTO ISLAND LAND COMPANY, INC.
IN NEWSTAR EQUIPMENT FINANCE I, LLC'S
(1) OBJECTION TO DEBTORS' NOTICE OF PROPOSED ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND
(2) LIMITED OBJECTION TO DEBTORS' MOTION FOR ENTRY OF
ORDER (A) APPROVING PURCHASE AGREEMENT; (B) AUTHORIZING
SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES
AND OTHER INTERESTS; AND (C) GRANTING RELATED RELIEF**

Pinto Island Land Company, Inc. ("Pinto") submits this joinder in Newstar Equipment Finance I, LLC's (1) Objection to Debtors' Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases (D.I. 397); and (2) Objection to Debtors' Motion for Entry of Order (A) Approving Purchase Agreement; (B) Authorizing Sale Free and Clear of all Liens, Claims, Encumbrances and Other Interests; and (C) Granting Related Relief (D.I. 398) (together the "Newstar Objections").

Pinto generally joins in the Newstar Objections to the extent they are applicable to Pinto's circumstances and not otherwise inconsistent with Pinto's own Objection (D.I. 399, the "Pinto Objection").

Without limiting the foregoing, Pinto joins in the Newstar Objections on two points:

First, notwithstanding anything in the sale order or the APA, or any provisions thereof, the Debtors will be required to meet all of their obligations under the Lease[2] through the date on

---

[1] The debtors in these jointly administered Chapter 11 cases are: Signal International, Inc., Signal Ship Repair, LLC, Signal International, LLC, Signal International Texas GP, LLC, and Signal International Texas, L.P.

which the Lease is assumed and assigned to the Stalking Horse.  *See* D.I. 397, ¶¶ 4-5.  While the Lease is a lease of non-residential real property, and is hence protected by 11 U.S.C. § 365(d)(3), this section has been interpreted to apply as of the date that the obligation legally becomes due rather than when the liability accrues.  E.g., In re Montgomery Ward Holding Corp., 268 F.3d 205, 209 (3d Cir. 2001). The point here is that the Debtors must be responsible for all obligations under the Lease through the date of closing whether or not subject to section 365(d)(3).

Second, that notwithstanding the sale order or the APA, or any provisions thereof, if the Lease is assumed and assigned, the assignee will be responsible for all liabilities under the Lease. *See* D.I. 398, ¶ 6.

DATED:  October 28, 2015

        /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:     (302) 654-0248
Facsimile:      (302) 654-0728
Email:            loizides@loizides.com

- and -

Lawrence B. Voit, Esquire
SILVER VOIT & THOMPSON, P.C.
4317-A Midmost Drive
Mobile, AL  36609-5589
Telephone:     (251) 343-0800
Facsimile:      (251) 343-0852
E-mail:           lvoit@silvervoit.com

*Counsel for Pinto Island Land Company, Inc.*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Pinto Objection.