IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| SIGNAL INTERNATIONAL, INC., ET AL. | § | Case No. 15-11498 (MFW) |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

**OBJECTION OF HARRIS COUNTY AND ORANGE COUNTY
TO DEBTORS' FIRST AMENDED JOINT PLAN OF LIQUIDATION
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**
(Relates to Docket #386)

**To the Honorable Mary F. Walrath,
United States Bankruptcy Judge:**

NOW COME Harris County and Orange County (the "Texas Taxing Authorities"), secured creditors in the above-numbered and styled bankruptcy case, and files this objection to *Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan"). In support of their objection, the Texas Taxing Authorities would show the Court as follows:

1. The Texas Taxing Authorities are political subdivisions of the State of Texas.

2. The Texas Taxing Authorities hold pre-petition claims in the estimated amount of $612,307.61 for property taxes for tax years 2011 and 2015 on Debtors' property located in in the respective Texas jurisdictions. The property taxes were duly assessed in accordance with the laws of the State of Texas and constitute valid, liquidated, secured claims against the Debtors' property entitled to priority over other secured claims.

3. The laws of the State of Texas, Property Tax Code, §32.05(b), give the tax liens securing the property taxes superiority over the lien of any other claim or lien against the property. The Texas Taxing Authorities' claims are for *ad valorem* taxes assessed against the Debtors on January 1 of each year pursuant to Texas Property Tax Code §§ 32.01 and 32.07. The taxes are secured by first priority liens on the property of the Debtors pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05. The Texas Taxing Authorities' liens take priority over the claim of any holder of a

1

lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.  See Texas Property Tax Code § 32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).  The tax lien arises on January 1 of each tax year and "floats" to after acquired property.  See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).  The tax lien is a lien *in solido* and is a lien on all property of the Debtor.  See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).  The tax lien is also unavoidable.  See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).   The tax claims are entitled to priority as secured claims, senior to other secured claims, according to the Bankruptcy Code, 11 U.S.C. §506.  Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987).

    4.    The Texas Taxing Authorities object to the treatment under the Plan for the reasons set forth below:

    a.    The Plan fails to provide for the retention of the Texas Taxing Authorities' liens on the collateral.  The Plan should not be confirmed unless and until it specifically provides for the Texas Taxing Authorities' liens to remain on its collateral until the claim is paid in full as required by 11 U.S.C. § 1129.

    b.    The Plan fails to provide for the payment of interest on the Texas Taxing Authorities' claims at the statutory rate of 12% per annum for tax year 2011 and, in the event not paid before January 31, 2016, tax year 2015.  The Plan should not be confirmed unless and until such provision is made for interest on the Texas Taxing Authorities' claims.

**WHEREFORE, PREMISES CONSIDERED**, the Texas Taxing Authorities respectfully pray that this Court sustain their objection to the Plan, that it accordingly deny confirmation of the Plan, and for such other and further relief, at law or in equity, as is just.

Dated: November 12, 2015

    Respectfully submitted,

    **LINEBARGER GOGGAN**
    **BLAIR & SAMPSON, LLP**

    */s/ John P. Dillman*
    **JOHN P. DILLMAN**
    Texas State Bar No. 05874400
    **TARA L. GRUNDEMEIER**
    Texas State Bar No. 24036691
    Post Office Box 3064
    Houston, Texas 77253-3064
    (713) 844-3478 *Telephone*
    (713) 844-3503 *Facsimile*

    *Counsel for the Texas Taxing Authorities*

## **CERTIFICATE OF SERVICE**

  The undersigned does hereby certify that a true and correct copy of the foregoing document was served upon the following entities by either electronic court filing or by United States Mail, first class, postage prepaid on November 12, 2015:

**Signal International, Inc., et al.**
RSA Battle House Tower
11 North Water Street
Mobile, AL 36602

**John Douglas Beck. Esq.**
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022

**Travis G. Buchanan, Esq.**
Young Conaway Stargatt & Taylor
Rodney Square, 1000 North King Street
Wilmington, DE 19801

**Hannah Mufson McCollum, Esq.**
Office of the United States Trustee
U. S. Department of Justice
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE 19801

**Shirley S. Cho, Esq.**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
13th Floor
Los Angeles, CA 90067

**Bradford J. Sandler, Esq.**
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801

            */s/ Tara L. Grundemeier*
            Tara L. Grundemeier